**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| VERINATA HEALTH, INC. and THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY,<br><br>        Plaintiffs and<br>        Counterclaim<br>        Defendants,<br><br>    v.<br><br>ARIOSA DIAGNOSTICS, INC. and LABORATORY CORPORATION OF AMERICA HOLDINGS,<br><br>        Defendants and<br>        Counterclaim<br>        Plaintiffs. | Case No. 3:12-cv-05501-SI<br><br>**DOCUMENT PRODUCTION ORDER**<br><br>Judge:    Hon. Susan Illston |

Plaintiffs and Counterclaim Defendants Verinata Health, Inc. ("Verinata"), and The Board of Trustees of The Leland Stanford Junior University ("Stanford"), and Defendants and Counterclaim Plaintiffs Ariosa Diagnostics, Inc. ("Ariosa") and Laboratory Corporation of America Holdings ("LabCorp") (collectively, the "Parties") agree that this proposed Document Production Order ("Production Order") shall govern the Parties in the above-captioned case (the "Litigation").

## I.    GENERAL PROVISIONS

    **A.**    The Parties will make reasonable efforts to prepare responsive and non-privileged data for production in accordance with the agreed-upon specifications set forth below.  These specifications apply to hard copy documents or electronically stored information ("ESI") which are to be produced in this Litigation.

1    **B.      SECURITY.**  The Parties will make reasonable efforts to ensure that any productions

2    made are free from viruses and may be provided on encrypted media.

3    **C.      CONFIDENTIALITY DESIGNATION.**  Responsive documents in TIFF format

4    will be stamped with the appropriate confidentiality designations in accordance with the Stipulated

5    Protective Order in this matter.  Each responsive document produced in native format will have its

6    confidentiality designation identified in the filename of the native file.

7    **D.      PRODUCTION MEDIA.**  Documents shall be produced on readily accessible

8    external hard drives, DVD, or CD disks ("Production Media").  When reasonably feasible, each

9    piece of Production Media shall be labeled with (1) the producing Party's name; (2) the production

10   date; and (3) the Bates Number range of the materials contained on the Production Media.

11   **II.      DATA PROCESSING**

12   **A.      DEDUPLICATION.**  To the extent feasible, the Parties will de-duplicate responsive

13   ESI across Custodians.  For each de-duplicated document, to the extent feasible, the names of all

14   custodians that possessed the document shall be produced.  De-duplication may be done

15   automatically via standard techniques such as those based on MD5 or SHA-1 hash values.

16   **III.     GENERAL PRODUCTION SPECIFICATIONS**

17   **A.      FORMAT.**  To the extent feasible, documents (whether originating in electronic or

18   hard copy format) shall be produced as single page TIFF files, preserving original color and font.  To

19   the extent feasible, documents originating in hard copy format shall be converted to TIFF images by

20   scanning with at least 300 dots per inch (dpi).  Each TIFF or PDF image shall be named according to

21   the corresponding Bates number associated with the document.  Each image shall be branded

22   according to the Bates number and given a confidentiality designation, if applicable.  TIFFs shall

23   show all text and images that would be visible to a user of the hard copy documents.

24   **B.      TEXT TO BE PROVIDED WITH IMAGE FILES.**  For each document, extracted

25   or optical character recognition ("OCR") text shall be provided.  To the extent possible, the text of

26   native files should be extracted directly from the native file.  If a document has been redacted, OCR

27   of the redacted document will suffice in lieu of extracted text.  Extracted or OCR text may be

28   included in the database load files or in separate files, so long as it is provided in such a manner that

2

1   it can be loaded into commercially acceptable production software  (*e.g.*, Concordance, Summation,

2   Ipro).

3           **C.      DATABASE LOAD FILES/CROSS-REFERENCE FILES.**  Production shall

4   include a data load file and an image load file in a reasonable format specified by the requesting

5   party, or, if no request is made in a format that can be loaded into commercially acceptable

6   production software (*e.g.*, Concordance, Summation, Ipro).

7           **D.      BATES NUMBERING**.  All images must be assigned a unique Bates number that is

8   sequential within a given document and across the production sets.

9           **E.      REDACTION OF INFORMATION.**  If documents are produced containing

10  redacted information, the producing Party shall supply a list of the documents for any such claim(s)

11  of redaction, indicating the grounds for the redaction and the nature of the redacted material.  During

12  the course of the Litigation, an electronic copy of the original, unredacted data shall be securely

13  preserved in such a manner so as to preserve without modification, alteration, or addition the content

14  of such data including any metadata therewith.  This Document Production Order, the Stipulated

15  Protective Order, and rules of the Court in this case set forth the basis for the redaction of

16  information.

17          **F.      UNITIZING OF DOCUMENTS.**  Distinct documents should not be merged into a

18  single record, and single documents should not be split into multiple records (*i.e.*, documents should

19  be unitized as kept in the ordinary course of business).  The Parties will use reasonable efforts to

20  unitize documents correctly.

21  **IV.     PRODUCTION OF ELECTRONICALLY STORED INFORMATION**

22          **A.      METADATA FIELDS AND PROCESSING.**  E-discovery production requests

23  under Federal Rules of Civil Procedure 34 and 45 shall not require metadata, other than as specified

24  on Exhibit A attached, absent a showing of good cause.  Any Metadata that is produced shall be

25  formatted into a basic .txt, .dat or .csv file with delimiters appropriate for use with commercially

26  acceptable review software (*i.e.*, a load file).  Parties may request other native files be produced as

27  described in Section IV.D. below.

28          **B.      SPREADSHEETS.**  Spreadsheets must be produced in native format.

3

C.      **PROPRIETARY FILES.**  To the extent a response to discovery requires production of ESI accessible only through proprietary software, the Parties should continue to preserve each version of such information.  The Parties shall meet and confer to finalize the appropriate production format.

D.      **REQUEST(S) FOR ADDITIONAL NATIVE FILES.**  If good cause exists to request production of specified files, other than those specifically set forth above, in native format, the Party shall request such production and provide an explanation of the need for native file review. The Parties shall work together to provide documents in reasonable useful format.

**V.      PROCESSING OF THIRD-PARTY DOCUMENTS**

A.      A Party that issues a subpoena requesting the production of documents ("Issuing Party") shall include a copy of this Document Production Order with the subpoena and state that the Parties to the Litigation have requested that third-parties produce documents in accordance with the specifications set forth herein.

B.      The Issuing Party shall ensure that any documents it obtains pursuant to a subpoena are produced to all Parties.

C.      If the non-party production is not Bates-stamped, the Issuing Party will endorse the non-party production with unique prefixes and Bates numbers prior to producing them to other Parties.

D.      Nothing in this stipulation is intended to or should be interpreted as narrowing, expanding, or otherwise affecting the rights of the Parties or third parties to object to a subpoena.

**VI.      SEARCHING AND SCOPE OF PRODUCTION**

A.      **SOURCES.**  In responding to general requests under Federal Rules of Civil Procedure 34 and 45 that call for the production of ESI, the Parties will search central repositories, such as shared network drives,  document databases, and shared documents and files held by individuals who are designated as being responsible for the maintenance and safekeeping of such

DOCUMENT PRODUCTION ORDER                                           Case No. 3:12-cv-05501-SI

1    documents on behalf of the company.  In general, the Parties shall not be required to search email or

2    other forms of electronic correspondence or custodial ESI in responding to such requests.[1]

3         **B.**    **SOURCES THAT NEED NOT BE SEARCHED.**  The following locations will not

4    be searched under any circumstances, and as such need not be preserved, absent a Court order upon

5    showing of good cause: personal digital assistants, mobile phones, voicemail systems, instant

6    messaging logs, and automated disaster recovery backup systems and/or disaster recovery backup

7    tapes.  In addition, the parties agree that with respect to documents that automatically "autosave,"

8    only the most recent version of such documents need be searched.

9         **C.**    **EMAIL AND CUSTODIAL ESI REQUESTS.**

10        To obtain email or custodial ESI beyond that stated in section VI(A) above, a Party must

11   propound specific requests for the production of email or custodial ESI pursuant to Federal Rules of

12   Civil Procedure 34 and 45.  Such requests shall be propounded for specific issues (rather than

13   general discovery of a product or business) and shall identify the requested custodian, search

14   terms/phrases, and time frame.  The Parties shall cooperate to identify the proper custodians subject

15   to these requests and proper search terms/phrases.

16        Email and custodial ESI production shall be limited to a total of no more than eight

17   custodians per side.  For custodians Stephen Quake and Christina Fan, from whom email and

18   custodial ESI were collected and produced in Related Case No. 12-00865, and which email and

19   custodian productions in Related Case No. 12-00865 have been re-produced in their entirety in the

20   instant case, the email and custodial ESI production shall be limited to a total of no more than five

21   search terms/phrases per custodian (in addition to the terms/phrases in Related Case No. 12-00865).

22   For custodians Quake and Fan, Verinata and Stanford have provided Ariosa and LabCorp with the

23   search terms that were used in Related Case No. 12-00865 to process the email and custodial ESI of

24   each custodian.  For all other custodians, the email and custodial ESI production from such

25   custodians shall be limited to a total of no more than ten search terms/phrases per custodian.  The

26   Parties may jointly agree to modify these limits without the Court's leave.  The search terms/phrases

27

28        [1] As used herein, "custodial ESI" refers to ESI that is in the possession of an individual
     custodian, rather than in central repositories.

5

1   shall be narrowly tailored to the particular issues addressed by the Rule 34 or 45 requests for

2   production of email or custodial ESI.  Indiscriminate terms/phrases, such as the producing

3   company's name or its product name, are inappropriate unless combined with narrowing search

4   criteria that sufficiently reduce the risk of overproduction.  Search terms/phrases unrelated to a

5   propounded Rule 34 or 45 request for production are prohibited.  A conjunctive combination of

6   multiple words or phrases narrows the search and shall count as a single search term/phrase.  A

7   disjunctive combination of multiple words or phrases broadens the search, and thus each word or

8   phrase shall count as a separate search term unless they are variants of the same word.  Use of

9   narrowing search criteria (*e.g.*, "and," "but not," "w/x") is encouraged to limit the production and

10  shall be considered when determining whether to shift costs for disproportionate discovery.

11       **D.     COLLECTION METHODS.**  The producing party need not employ forensic data

12  collection or tracking methods and technologies, but instead may make electronic copies for

13  collection and processing purposes using widely-accepted methods or methods described in

14  manufacturers' and/or programmers' instructions, help menus, websites, and the like (e.g., .pst's,

15  .zip's, etc.), except when and to the extent there is good cause to believe specific, material concerns

16  about authenticity exist with respect to specific documents and materials.  If the receiving party

17  believes that there is such good cause, then the producing party and the receiving party shall meet

18  and confer in good faith to determine the extent to which forensic and other data associated with the

19  specific documents and materials should be produced.

20  **VII.    MISCELLANEOUS PROVISIONS**

21       **A.     Objections Preserved.**  Nothing in this Document Production Order shall be

22  interpreted to require disclosure information protected by the attorney-client privilege, work-product

23  doctrine, or any other applicable privilege or immunity.  The Parties do not waive any objections as

24  to the production, discoverability, admissibility, or confidentiality of documents and ESI.

25       **B.**     Except as expressly stated, nothing in this order affects the Parties' discovery

26  obligations under the Federal or local rules.

27

28

1

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

2

Dated: May 1, 2013                                    WEIL, GOTSHAL & MANGES LLP

3

4

By: _____ */s/ Edward R. Reines* _____

5

Edward R. Reines
Attorneys for Plaintiffs

6

Verinata Health, Inc., and The Board
of Trustees of the Leland Stanford

7

Junior University

8

Dated: May 1, 2013                                    IRELL & MANELLA LLP

9

10

By: _____ */s/ David I. Gindler* _____

11

David I. Gindler
Attorneys for Defendants Ariosa

12

Diagnostics, Inc., and Laboratory
Corporation of America Holdings

13

14

**IT IS SO ORDERED.**

15

Dated: _____ 5/7/13 _____                          _____

16

17

United States District Judge
Susan Illston

18

19

20

21

22

23

24

25

26

27

28

DOCUMENT PRODUCTION ORDER                                          Case No. 3:12-cv-05501-SI

1

**Exhibit A**

2

3

| Field | Applicable Record Types | Notes |
|---|---|---|
| BEGBATES | All | |
| ENDBATES | All | |
| BEGATTACH | All | Describes range of related documents from email/attachment family or reflects logical document boundaries from scanned docs. |
| ENDATTACH | All | |
| CUSTODIAN | All | To the extent feasible, multiple values to account for deduplication. |
| SENT DATE | Email | |
| SENT TIME | Email | |
| TITLE | E-Docs | |
| SUBJECT | Email | |
| AUTHOR | Email and, to the extent available, E-Docs | |
| RECIPIENT | Email | |
| CC | Email | |
| BCC | Email | |
| FULLTEXT | All | Printed or extracted text for e-mail and e-docs, OCR for scanned docs. |

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DOCUMENT PRODUCTION ORDER                                Case No. 3:12-cv-05501-SI