United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VERINATA HEALTH, INC., et al.,

    Plaintiffs,

  v.

ARIOSA DIAGNOSTICS, INC., et al.,

    Defendants.

No. C 12-05501 SI

**ORDER RE: DISCOVERY DISPUTE**

Now pending before the Court is the parties' discovery letter regarding the production of source code. In the joint letter, plaintiffs Verinata Health, Inc. and The Board of Trustees of the Leland Stanford Junior University (collectively "Verinata") request an order compelling defendant Ariosa Diagnostics, Inc. ("Ariosa") to produce its source code in the San Francisco Bay Area. For the reasons set forth below, the Court denies Verinata's request.

**BACKGROUND**

This is a patent infringement action. Plaintiff Verinata accuses defendants Ariosa and Laboratory Corporation of America Holdings's Harmony™ Prenatal Test of infringing U.S. Patent Nos. 8,296,076 and 8,318,430. Docket No. 40, Third Amended Complaint. In response to a discovery request from Verinata, Ariosa has agreed to produce the source code for the Harmony™ Prenatal Test at its counsel's office in Los Angeles. Docket No. 88 at 3. In the joint discovery letter, Verinata requests that Ariosa be ordered to produce its source code in the San Francisco Bay Area. *Id.* at 1. In

response, Ariosa argues that under the Northern District of California's Interim Model Protective Order, it may produce the source code at its counsel's office, which is located in Los Angeles. *Id.* at 3-5.

**DISCUSSION**

The current protective order in this action does not address the production of source code. *See* Docket Nos. 52, 66. Under Patent Local Rule 2-2, the Northern District of California's Interim Model Protective Order governs discovery in an action for patent infringement, unless the Court enters a different protective order. N.D. Cal. Pat. L.R. 2-2; *MasterObjects, Inc. v. Yahoo! Inc.*, 2012 U.S. Dist. LEXIS 93867, at *5 (N.D. Cal. Jul. 6, 2012). Courts in this district treat "the model protective order as setting forth presumptively reasonable conditions regarding the treatment of highly confidential information." *Kelora Sys., LLC v. Target Corp.*, 2011 U.S. Dist. LEXIS 96724, at *7 (N.D. Cal. Aug. 29, 2011). Therefore, absent a protective order already in place governing the parties' dispute, the party requesting to deviate from the Interim Model Protective Order bears burden of showing the specific harm and prejudice that will result if its request is not granted. *See Dynetix Design Solutions, Inc. v. Synopsys, Inc.*, 2012 U.S. Dist. LEXIS 51724, at *6 (N.D. Cal. Apr. 12, 2012).

Section 9(c) of the Interim Model Protective Order provides: "Any source code produced in discovery shall be made available for inspection . . . at an office of the Producing Party's counsel or another mutually agreed upon location." Ariosa's counsel only has offices in Los Angles and Newport Beach. Docket No. 88 at 3. Ariosa further explains that if it were required to produce its source code in the Bay Area, it would either have to retain additional counsel, lease office space and have its current counsel travel to the Bay Area, or produce the source code at its facility, which houses all of Ariosa's most confidential business and scientific work. *Id.* at 4. Therefore, Ariosa's offer to have the source code produced in its counsel's Los Angeles office is reasonable and in accordance with the Interim Model Protective Order. Verinata argues that Ariosa should be required to deviate from the Interim Model Protective Order, but the only potential harm and prejudice it points to is the cost of traveling to Los Angeles to review the source code. Docket No. 88 at 2. The Court concludes that this is an insufficient showing to warrant deviating from the Interim Model Protective Order.

2

Accordingly, the Court DENIES Verinata's request to require Ariosa to produce its source code in the San Francisco Bay Area. This Order resolves Docket No. 88.

**IT IS SO ORDERED.**

Dated: October 17, 2013

SUSAN ILLSTON
United States District Judge