United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VERINATA HEALTH, INC., et al.,

    Plaintiffs,

v.

ARIOSA DIAGNOSTICS, INC., et al.,

    Defendants.

No. C 12-05501 SI

**ORDER DENYING DEFENDANTS' SECOND MOTION TO STAY**

    A motion to stay the action pending inter partes review by defendants Ariosa Diagnostics, Inc. and Laboratory of America Holdings (collectively "Ariosa") is currently scheduled for January 17, 2014. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument and VACATES the hearing. For the reasons set forth below, the Court DENIES Ariosa's motion to stay.

**BACKGROUND**

    This is a patent infringement action. Plaintiffs Verinata Health, Inc. and the Board of Trustees of the Leland Stanford Junior University (collectively "Verinata") accuse Ariosa's Harmony™ Prenatal Test of infringing claims 1-7 and 9-12 of U.S. Patent No. 8,296,076 ("the '076 patent") and claims 1-16 and 18-30 of U.S. Patent No. 8,318,430 ("the '430 patent").[1] Docket No. 40, Third Amended Complaint; Docket No. 103-1, Gindler Decl. Ex. 3.

---

[1] The present action is related to three other patent infringement actions before the Court: *Ariosa v. Sequenom*, 11-cv-6391; *Sequenom v. Natera*, 12-cv-132; and *Sequenom v. Verinata*, 12-cv-865. Case Nos. 11-cv-6391 and 12-cv-132 are currently on appeal before the Federal Circuit.

In May 2013, Ariosa filed petitions for inter partes review, requesting that the Patent Trial and Appeal Board ("PTAB") review claims 1-30 of the '430 patent and claims 1-13 of the '076 patent. Docket No. 103-1, Gindler Decl. Exs. 10-12. On May 10, 2013, Ariosa filed a motion to stay the action pending inter partes review. Docket No. 61. Motions to stay were also filed in the related cases. On June 11, 2013, the Court denied Ariosa's motion to stay and the other motions to stay filed in the related cases. Docket No. 65. On October 16, 2013, the Court issued a claim construction order in this action and the related cases, construing the disputed terms of the '076 patent and the '430 patent. Docket No. 89.

On October 25, 2013, PTAB instituted inter partes review of claims 1-30 of the '430 patent on obviousness grounds. Docket No. 103-1, Gindler Decl. Exs. 21-22. On November 20, 2013, PTAB instituted inter partes review of claims 1-13 of the '076 patent on anticipation and obviousness grounds. *Id.* Ex. 23. By the present motion, Ariosa again moves for a stay of the action pending resolution of the inter partes review of the patents-in-suit. Docket No. 103, Def's Mot.

**LEGAL STANDARD**

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citations omitted); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). In determining whether to grant a stay pending PTO review, courts consider: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. *Telemac Corp. v. Teledigital, Inc.*, 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006); *accord Pi-Net Int'l, Inc. v. Focus Bus. Bank*, 2013 U.S. Dist. LEXIS 118723, at *11 (N.D. Cal. Aug. 16, 2013).

"There is no per se rule that patent cases should be stayed pending reexaminations, because such a rule 'would invite parties to unilaterally derail' litigation." *ESCO Corp. v. Berkeley Forge & Tool, Inc.*, 2009 U.S. Dist. LEXIS 94017, at *5 (N.D. Cal. Sept. 28, 2009). "A court is under no obligation

to delay its own proceedings by yielding to ongoing PTO patent reexaminations, regardless of their relevancy to infringement claims which the court must analyze." *Id.*; *see also Viskase Corp. v. Am. Nat'l Can Co.*, 261 F.3d 1316, 1328 (Fed. Cir. 2001) ("The court is not required to stay judicial resolution in view of the reexaminations.").

## DISCUSSION

### I. Stage of the Litigation

The first issue to be considered in determining whether to grant a stay pending inter partes review is whether discovery is complete and whether a trial date has been set. In the present case, a trial date has been set for February 23, 2015, the Court has construed the disputed terms of the patents-in-suit, and discovery is well underway with the parties having exchanged initial disclosures, infringement and invalidity contentions, and some document productions. Ariosa argues that although some work in this case has been done, there is much more work ahead of the parties, including the completion of fact and expert discovery, the filing of dispositive motions, and trial. Def.'s Mot. at 14-16. "Nevertheless, this case is not in an 'early stage' of proceedings." *Telemac*, 450 F. Supp. 2d at 1111. Accordingly, this factor weighs against a stay. *See Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1031 (C.D. Cal. 2013) (denying stay and noting that although little discovery had occurred, a trial date had been set and "the Court spent substantial effort construing the claims"); *Interwoven, Inc. v. Vertical Computer Sys.*, 2012 U.S. Dist. LEXIS 30946, at *4 (N.D. Cal. Mar. 8, 2012) (denying stay and noting that discovery was well underway and "[m]ore importantly, the parties have fully briefed the issue of claim construction, attended a Markman hearing, and received a claim construction order").

### II. Simplification of the Case

The second factor to be considered is whether the stay would simplify matters at issue before the Court. "[W]aiting for the outcome of the reexamination could eliminate the need for trial if the claims are cancelled or, if the claims survive, facilitate trial by providing the court with expert opinion of the PTO and clarifying the scope of the claims." *Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*,

1995 U.S. Dist. LEXIS 22517, at *4-5 (N.D. Cal. Jan. 13, 1995); *accord Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983); *see also Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013) ("[W]hen a claim is cancelled, the patentee loses any cause of action based on that claim, and any pending litigation in which the claims are asserted becomes moot."). This is particularly true when a party has obtained PTO review of each of the asserted claims in the patents-in-suit. *Universal Elecs.*, 943 F. Supp. 2d at 1032; *see also Yodlee, Inc. v. Ablaise Ltd.*, 2009 U.S. Dist. LEXIS 5429, at *12 (N.D. Cal. Jan. 16, 2009) ("To truly simplify the issues . . . the outcome of the reexamination must 'finally resolve all issues in the litigation.'"). Here, PTAB has instituted review over all of the asserted claims of the patents-in-suit. Docket No. 103-1, Gindler Decl. Exs. 21-23. Therefore, there is a chance that the review could simplify the case by rendering all of Verinata's claims for infringement moot. *See Fresenius*, 721 F.3d at 1340. Moreover, even if all of the asserted claims survive inter partes review, the case could still be simplified because the defendants would be bound by the estoppel provisions for inter partes review and thus could not raise before this court any arguments that they raised or reasonably could have raised at the PTO. *See* 35 U.S.C. § 315(e)(2); *Software Rights Archive, LLC v. Facebook, Inc.*, 2013 U.S. Dist. LEXIS 133707, at *15 (N.D. Cal. Sept. 17, 2013). Accordingly, this factor weighs in favor of a stay. *See Software Rights Archive*, 2013 U.S. Dist. LEXIS 133707, at *16 ("Although there is no guarantee that an IPR will eliminate all the claims at issue, the higher standard to initiate an IPR ('reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition' as opposed to 'substantial new question of patentability') gives at least some promise that certain challenged claims will be struck down or amended if the PTO grants the petitions.").

However, the Court notes that Ariosa overstates the importance of the estoppel rules under inter partes review. Although under the regulations, estoppel applies once PTAB issues its final decision, *see* 35 U.S.C. § 315(e)(2), that decision is still subject to appeal to the Federal Circuit. *See id.* §§ 141-44, 319. Therefore, even under the new procedures, it may still be years before the inter partes review is truly final.[2] In addition, the Court notes that "complaints involving multiple patents are less

---

[2] Indeed, in its reply, Ariosa notes the Federal Circuit would not likely rule on an appeal of the two inter partes reviews until at least September 2015. Def.'s Reply at 8.

4

likely to be resolved by a PTO decision." *Kilopass Tech., Inc. v. Sidense Corp.*, 2011 U.S. Dist. LEXIS 157267, at *8 (N.D. Cal. Feb. 8, 2011); *see also Network Appliance Inc v. Sun Microsystems Inc.*, 2008 U.S. Dist. LEXIS 76717, at *9-10 (N.D. Cal. May 23, 2008) ("Staying the case as to the three patents in reexamination is not nearly as likely to significantly simplify . . . litigation as much as [do] stays issued in . . . single patent cases.").

## III.     Undue Prejudice

The last factor to be considered is whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party. Here, the parties are direct competitors in the non-invasive pre-natal testing market.[3] As the Court previously noted in its order denying a stay, the field of non-invasive prenatal testing has rapidly developed into a multi-billion dollar industry. "Courts are generally reluctant to stay proceedings where the parties are direct competitors." *Boston Sci. Corp. v. Cordis Corp.*, 777 F. Supp. 2d 783, 789 (D. Del. 2011). "[I]nfringement among competitors can cause harm in the marketplace that is not compensable by readily calculable money damages. Staying a case while such harm is ongoing usually prejudices the patentee that seeks timely enforcement of its right to exclude." *Avago Techs. Fiber IP (Sing.) Pte Ltd. v. Iptronics Inc.*, 2011 U.S. Dist. LEXIS 82665, at *16 (N.D. Cal. Jul. 28, 2011).

Ariosa argues that a finding of undue prejudice is undercut by Verinata's failure to file for a preliminary injunction. However, several courts have rejected this argument, noting that "[a] party may decide to forego seeking a preliminary injunction for a variety of reasons having nothing to do with its view of the merits." *TPK Touch Solutions, Inc. v. Wintek Electro-Optics Corp.*, 2013 U.S. Dist. LEXIS 132955, at * 14 (N.D. Cal. Sept. 17, 2013); *see also e.g.*, *Avago*, 2011 U.S. Dist. LEXIS 82665, at *17;

---

[3] In its reply, Ariosa argues that the parties are not direct competitors because Verinata does not practice the patents-in-suit. Docket No. 107, Def.'s Reply at 13-14. In making this argument, Ariosa relies on *Evolutionary Intelligence LLC v. Yelp Inc.*, 2013 U.S. Dist. LEXIS 178547 (N.D. Cal. Dec. 18, 2013) and *Software Rights Archive, LLC v. Facebook, Inc.*, 2013 U.S. Dist. LEXIS 133707 (N.D. Cal. Sept. 17, 2013). Those two decision cite to the Federal Circuit's decision in *ActiveVideo Networks, Inc. v. Verizon Communs., Inc.*, 694 F.3d 1312 (Fed. Cir. 2012). In *ActiveVideo*, the Federal Circuit stated that the parties were not direct competitors because they did not share a customer base. *See id.* at 1337-39 ("ActiveVideo does not share a customer base with Verizon. Verizon competes for customers with Cablevision, not ActiveVideo."). In its reply, Ariosa concedes that the parties compete for some of the same customers. Def.'s Reply at 15. Therefore, the parties are direct competitors.

*Universal Elecs.*, 943 F. Supp. 2d at 1034. The Court agrees with those decisions. Ariosa also argues that a finding of undue prejudice is undercut by the fact that there are multiple market participants. Def.'s Reply. at 14. However, simply stating that there are other market participants is insufficient to show that Verinata will not be prejudiced. *See TPK Touch Solutions*, 2013 U.S. Dist. LEXIS 132955, at *13 ("[E]ven assuming that some dilution of risk occurs, [defendant] does not offer . . . any way to measure the extent of that dilution. Certainly, the Court cannot assume on the record before it that the risk of prejudice is eliminated."). Moreover, Ariosa only notes two other market participants, one of whom Verinata has already sued in this litigation. *Cf. Davol, Inc. v. Atrium Med. Corp.*, 2013 U.S. Dist. LEXIS 84533, at *9-10 (D. Del. Jun. 17, 2013) (rejecting defendant's dilution argument where it could point to only one additional competitor). Finally, the Court rejects Ariosa's argument that a finding of undue prejudice is undercut by Verinata's alleged discovery delays. Accordingly, this factor weighs heavily against a stay. *See Boston Sci.*, 777 F. Supp. 2d at 789.

## CONCLUSION

Although the second factor favors a stay, after balancing that factor against the other two factors, in particular the third factor, the Court concludes that a stay would be inappropriate in this action. Accordingly, for the foregoing reasons and for good cause shown, the Court hereby DENIES defendant's motion to stay pending inter partes review. Docket No. 103.

**IT IS SO ORDERED.**

Dated: January 13, 2014

SUSAN ILLSTON
United States District Judge