United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERINATA HEALTH, INC., et al.,<br><br>    Plaintiffs,<br><br>   v.<br><br>ARIOSA DIAGNOSTICS, INC., et al.,<br><br>    Defendants.<br>                                 / | No. C 12-05501 SI<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION TO SEAL** |

On December 13, 2013, defendants Ariosa Diagnostics, Inc. and Laboratory Corporation of America Holdings (collectively "Ariosa") filed a second motion to stay the action pending inter partes review. Docket No. 103. On December 27, 2013, plaintiffs Verinata Health, Inc. and the Board of Trustees of the Leland Stanford Junior University (collectively "Verinata") filed an opposition. Docket No. 105. By the present motion, Verinata moves to file under seal an exhibit filed in support of its opposition to Ariosa's motion to stay. Docket No. 104. Ariosa has filed a declaration in support of sealing the exhibit. Docket No. 106, Naini Decl.

With the exception of a narrow range of documents that are "traditionally kept secret," courts begin their sealing analysis with "a strong presumption in favor of access." *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1135 (9th Cir. 2003). When applying to file documents under seal in connection with a dispositive motion, the submitting party bears the burden of "articulating compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process."

*Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotations and citations omitted). However, when a party seeks to seal documents attached to a non-dispositive motion, a showing of "good cause" under Federal Rule of Civil Procedure 26(c) is sufficient. *Id.* at 1179-80; *see also* Fed. R. Civ. P. 26(c). In addition, all requests to file under seal must be "narrowly tailored," such that only sealable information is sought to be redacted from public access. Civil Local Rule 79-5(b). Because Ariosa's motion to stay is a non-dispositive motion, the "good cause" standard applies. *See SEC v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1260 (9th Cir. 2013) (stating that a motion to stay a civil proceeding where the effect is not the denial of relief is a non-dispositive motion).

Ariosa argues that Exhibit 9 to the Declaration of Derek Walter in support of Verinata's opposition should be filed under seal.[1] Docket No. 106, Naini Decl. ¶ 2. To make the lower showing of good cause, the moving party must make a "particularized showing" that "'specific prejudice or harm'" will result if the information is disclosed. *Kamakana*, 447 F.3d at 1180, 1186; *accord Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" are insufficient to establish good cause. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

In its supporting declaration, Ariosa states that the document contains confidential technical information regarding the accused product and confidential corporate information related to the awareness of certain patents by Ariosa officers, which could harm Ariosa if publicly disclosed. Ariosa's broad allegations of harm are insufficient to establish good cause. *See Beckman*, 966 F.2d at 476.

Ariosa also states that the document cites a number of technical documents related to the accused product that were designated as highly confidential pursuant to the terms of the protective order in this case. Docket No. 106, Naini Decl. ¶ 1. But, good cause "cannot be established simply by showing that the document is subject to a protective order or by stating in general terms that the material is considered to be confidential." *Bain v. AstraZeneca LP*, 2011 U.S. Dist. LEXIS 15965, at *2 (N.D. Cal. Feb. 7, 2011); *see* Civil L.R. 79-5(d)(1)(A). Moreover, Ariosa fails to explain how the mere citation to a

---

[1] Exhibit 9 is Ariosa's First Supplemental Objections and Responses to Verinata's First Set of Interrogatories. Docket No. 104-3.

2

1 document that is confidential would need to be filed under seal. Accordingly, Ariosa has failed to
2 provide good cause for filing the exhibit under seal.

3 In addition, it does not appear that Ariosa's request to seal the exhibit is narrowly tailored. Even
4 assuming that the exhibit contains some sealable confidential information, that would only be good
5 cause to seal certain portions of the exhibit, not the entire document.

6 Accordingly, the Court DENIES Verinata's motion to seal. Docket No. 133. This denial is
7 without prejudice to Ariosa refiling its declaration, no later than **January 20, 2014**, in a format which
8 is narrowly tailored and demonstrates "good cause" for sealing the exhibit.

10 **IT IS SO ORDERED.**

Dated: January 13, 2014

SUSAN ILLSTON
United States District Judge

3