IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERINATA HEALTH, INC., et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>ARIOSA DIAGNOSTICS, INC., et al.,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　／ | No. C 12-05501 SI<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO SEAL** |

　　On December 13, 2013, defendants Ariosa Diagnostics, Inc. and Laboratory Corporation of America Holdings (collectively "Ariosa") filed a second motion to stay the action pending inter partes review. Docket No. 103. On December 27, 2013, plaintiffs Verinata Health, Inc. and the Board of Trustees of the Leland Stanford Junior University (collectively "Verinata") filed an opposition. Docket No. 105. On December 27, 2013, Verinata also filed a motion to file under seal an exhibit filed in support of its opposition. Docket No. 104. On January 13, 2014, the Court denied Verinata's motion to file under seal without prejudice to Ariosa refiling its declaration in support of sealing the exhibit. Docket No. 109. Now before the Court is Ariosa's supplemental declaration in support of sealing portions of Exhibit 9 to Verinata's Opposition. Docket No. 110, Naini Decl.

　　With the exception of a narrow range of documents that are "traditionally kept secret," courts begin their sealing analysis with "a strong presumption in favor of access." *Foltz v. State Farm Mut.*

1 *Auto. Ins.*, 331 F.3d 1122, 1135 (9th Cir. 2003). When applying to file documents under seal in connection with a dispositive motion, the submitting party bears the burden of "articulating compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotations and citations omitted). However, when a party seeks to seal documents attached to a non-dispositive motion, a showing of "good cause" under Federal Rule of Civil Procedure 26(c) is sufficient. *Id.* at 1179-80; *see also* Fed. R. Civ. P. 26(c). In addition, all requests to file under seal must be "narrowly tailored," such that only sealable information is sought to be redacted from public access. Civil Local Rule 79-5(b). Because Ariosa's motion to stay is a non-dispositive motion, the "good cause" standard applies. *See SEC v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1260 (9th Cir. 2013) (stating that a motion to stay a civil proceeding where the effect is not the denial of relief is a non-dispositive motion).

Ariosa argues that Exhibit 9 to the Declaration of Derek Walter in support of Verinata's opposition should be filed under seal.[1] Docket No. 110, Naini Decl. ¶ 3. To make the lower showing of good cause, the moving party must make a "particularized showing" that "'specific prejudice or harm'" will result if the information is disclosed. *Kamakana*, 447 F.3d at 1180, 1186; *accord Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" are insufficient to establish good cause. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Specifically, Ariosa seeks to file under seal two portions of Exhibit 9. As to the first portion, Ariosa argues that it should be filed under seal because it contains corporate information relating to the awareness of certain patents by certain Ariosa officers. Docket No. 110, Naini Decl. ¶ 3. Ariosa explains that the disclosure of this information would cause it harm because it provides insight into the manner in which Ariosa and its officers obtain information regarding third party intellectual property. *Id.* As to the second portion, Ariosa argues that it should be filed under seal because it contains highly sensitive technical information regarding the accused product. *Id.* Ariosa explains that disclosure of

---

[1] Exhibit 9 is Ariosa's First Supplemental Objections and Responses to Verinata's First Set of Interrogatories. Docket No. 104-3.

2

this information would cause it harm because it could reveal to its competitors how the accused product operates and how it does not operate. *Id.* After reviewing the supplemental declaration, the Court concludes that Ariosa has shown good cause for sealing these portions of the exhibit.

In addition, Ariosa's request is narrowly tailored because seeks to redact only the sealable information from the exhibit. Accordingly, the Court GRANTS Verinata's motion to seal. Docket No. 104. The Court ORDERS Verinata to publicly file Exhibit 9 redacting only page 6, line 26 through page 7, line 1 and page 10, line 24 through page 12, line 27 within seven (7) days from the date this order is filed.

**IT IS SO ORDERED.**

Dated: January 29, 2014

SUSAN ILLSTON
United States District Judge