United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERINATA HEALTH, INC., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ARIOSA DIAGNOSTICS, INC.,<br><br>    Defendant. | No. C 12-05501 SI<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO SEAL** |

On March 18, 2014, defendant Ariosa Diagnostics, Inc. ("Ariosa") filed a motion for leave to amend its invalidity contentions. Docket No. 117. On April 1, 2014, plaintiffs Verinata Health, Inc. and the Board of Trustees of the Leland Stanford Junior University (collectively "Verinata") filed an opposition. Docket No. 121. On April 1, 2014, Verinata also filed a motion to file under seal certain exhibits filed in support of its opposition. Docket No. 120. On April 7, 2014, Ariosa filed the declaration of Lauren N. Drake in support of sealing portions of Exhibits 1, 3, and 4 to Verinata's Opposition. Docket No. 124, Drake Decl.

With the exception of a narrow range of documents that are "traditionally kept secret," courts begin their sealing analysis with "a strong presumption in favor of access." *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1135 (9th Cir. 2003). When applying to file documents under seal in connection with a dispositive motion, the submitting party bears the burden of "articulating compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process."

*Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotations and citations omitted). However, when a party seeks to seal documents attached to a non-dispositive motion, a showing of "good cause" under Federal Rule of Civil Procedure 26(c) is sufficient. *Id.* at 1179-80; *see also* Fed. R. Civ. P. 26(c). In addition, all requests to file under seal must be "narrowly tailored," such that only sealable information is sought to be redacted from public access. Civil Local Rule 79-5(b). Because a motion to amend infringement or invalidity contentions is a non-dispositive motion, the "good cause" standard applies. *See, e.g.*, *EON Corp IP Holding LLC v. Sprint Spectrum, L.P.*, No. C-12-01011 JST (EDL), 2014 U.S. Dist. LEXIS 33658, at *23 (N.D. Cal. Mar. 13, 2014); *Asus Computer Int'l v. Round Rock Research, LLC*, No. 12-cv-02099 JST (NC), 2014 U.S. Dist. LEXIS 13901, at *4-5 (N.D. Cal. Feb. 3, 2014).

Ariosa argues that Exhibits 1, 3, and 4 to the Declaration of Derek Walter in support of Verinata's opposition should be filed under seal. Docket No. 124, Drake Decl. ¶¶ 2, 4, 6. To make the lower showing of good cause, the moving party must make a "particularized showing" that "'specific prejudice or harm'" will result if the information is disclosed. *Kamakana*, 447 F.3d at 1180, 1186; *accord Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" are insufficient to establish good cause. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Specifically, Ariosa makes two separate arguments for why portions of Exhibits 1, 3, and 4 should be filed under seal. As to the first contention, Ariosa argues that the portions of the exhibits should be filed under seal because they contain corporate information relating to the awareness of certain patents by certain Ariosa officers. Docket No. 124, Drake Decl. ¶¶ 2-7. Ariosa explains that the disclosure of this information would cause it harm because it provides insight into the manner in which Ariosa and its officers obtain information regarding third party intellectual property. *Id.* As to the second contention, Ariosa argues that the portions of the exhibits should be filed under seal because they contain highly sensitive technical information regarding the accused product. *Id*. ¶¶ 4-7. Ariosa explains that disclosure of this information would cause it harm because it could reveal to its competitors how the accused product operates and how it does not operate. *Id.* After reviewing the

2

declaration, the Court concludes that Ariosa has shown good cause for sealing these portions of the exhibits.

In addition, Ariosa's request is narrowly tailored because it seeks to redact only the sealable information from the exhibits. Accordingly, the Court GRANTS Verinata's motion to seal. Docket No. 120.

**IT IS SO ORDERED.**

Dated: April 17, 2014

SUSAN ILLSTON
United States District Judge