IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VERINATA HEALTH, INC., et al.,

    Plaintiffs,

v.

ARIOSA DIAGNOSTICS, INC.,

    Defendant.

No. C 12-05501 SI

**ORDER RE: DISCOVERY DISPUTE**

Now pending before the Court is the parties' joint discovery letter. Docket No. 126. In the joint letter, defendant Ariosa Diagnostics, Inc. ("Ariosa") moves for an order compelling plaintiffs Verinata Health, Inc. and The Board of Trustees of the Leland Stanford Junior University (collectively "Verinata") to produce witnesses in response to Ariosa's first deposition notices pursuant to Federal Rule of Civil Procedure 30(b)(6). For the reasons set forth below, the Court GRANTS Ariosa's motion to compel.

**DISCUSSION**

Ariosa's deposition notices request one or more corporate designees to testify on subjects related to plaintiffs' preservation, organization, and collection of documents relevant to this dispute. Docket No. 126 at 1. Ariosa argues that plaintiffs' non-custodial document production to date has been "anemic" and that these depositions are necessary to test plaintiffs' assertion that they have provided a substantially complete non-custodial document production. *Id.* at 2.

Federal Rule of Civil Procedure 26(b)(1) provides: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Under the Federal Rules, discovery is relevant "if [it] appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Federal Rule of Civil Procedure 30(b)(6) allows a party to name as the deponent an artificial entity, and the "named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf."

The requested depositions are expressly allowed under Rules 26(b)(1) and 30(b)(6). In opposing the motion to compel, plaintiffs note that the Court has recently adopted discovery guidelines that encourage parties to engage in informal discussions, rather than depositions, to determine the relevant scope of custodial discovery. Docket No. 126 at 4. Although the Court encourages parties to resolve issues related to the scope of custodial discovery through informal discussions, the requested discovery is still permissible under the Federal Rules. In addition, the Court does not find that the burden or expense of the requested discovery would outweigh its likely benefit when considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues. Moreover, the Court rejects plaintiffs' contention that Ariosa has not been diligent in seeking the requested discovery. Accordingly, the Court GRANTS Ariosa's motion to compel plaintiffs' to produce witnesses in response to Ariosa's first deposition notices pursuant to Federal Rule of Civil Procedure 30(b)(6). This order resolves Docket No. 126.

**IT IS SO ORDERED.**

Dated: April 21, 2014

SUSAN ILLSTON
United States District Judge