IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERINATA HEALTH, INC., et al.,<br><br>    Plaintiffs,<br>  v.<br><br>ARIOSA DIAGNOSTICS, INC.,<br><br>    Defendant.<br>_____/ | No. C 12-05501 SI<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO AMEND ITS INVALIDITY CONTENTIONS** |

      A motion by defendant Ariosa Diagnostics, Inc. ("Ariosa") for leave to amend its invalidity contentions is currently scheduled for hearing on April 25, 2014. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument and VACATES the hearing. For the reasons set forth below, the Court GRANTS Ariosa's motion for leave to amend its invalidity contentions.

**BACKGROUND**

      This is a patent infringement action. Plaintiffs Verinata Health, Inc. and the Board of Trustees of the Leland Stanford Junior University (collectively "Verinata") accuse Ariosa's Harmony™ Prenatal Test of infringing claims 1-7 and 9-12 of U.S. Patent No. 8,296,076 ("the '076 patent") and claims 1-16 and 18-30 of U.S. Patent No. 8,318,430 ("the '430 patent").[1] Docket No. 40, Third Amended Complaint; Docket No. 103-1, Gindler Decl. Ex. 3.

      The present action was filed on October 25, 2012. Docket No. 1. On January 2, 2013, Verinata served its infringement contentions. Docket No. 117-1, Gindler Decl. Ex. 4. These contentions alleged

---

[1] The present action is related to three other patent infringement actions before the Court: *Ariosa v. Sequenom*, 11-cv-6391; *Sequenom v. Natera*, 12-cv-132; and *Sequenom v. Verinata*, 12-cv-865. Case Nos. 11-cv-6391 and 12-cv-132 are currently on appeal before the Federal Circuit.
  Laboratory Corporation of America Holdings was originally named as a co-defendant in this action. On March 4, 2014, the Court granted the parties' stipulation to dismiss Laboratory Corporation of America Holdings without prejudice. Docket No. 116.

only literal infringement and did not contain any allegations of infringement under the doctrine of equivalents. *See id.* On March 22, 2013, Ariosa served its invalidity contentions.

On February 12, 2014, Verinata filed an unopposed motion to amend its infringement contentions. Docket No. 112. In the motion, Verinata argued that good cause for amendment existed in light of newly discovered nonpublic information that was contained in Ariosa's January 6, 2014 supplemental interrogatory responses. *Id.* On February 25, 2014, the Court granted Verinata's motion to amend its infringement contentions. Docket No. 114. On March 10, 2014, Verinata served the amended infringement contentions, which contained three added allegations of infringement under the doctrine of equivalents. Docket No. 117-1, Gindler Decl. Exs. 5-7.

By the present motion, Ariosa moves for leave to amend its invalidity contentions to add new contentions related to the enablement and written description requirements in 35 U.S.C. § 112 in response to Verinata's new doctrine of equivalents infringement allegations.[2] Docket No. 117.

## **LEGAL STANDARD**

Patent Local Rule 3-3 requires a party opposing a claim of patent infringement to serve on all parties its "Invalidity Contentions" within 45 days after being served with the patentee's "Disclosure of Asserted Claims and Infringement Contentions." Patent Local Rule 3-6 provides that amendment of the invalidity contentions "may be made only by order of the Court upon a timely showing of good cause." "The local patent rules in the Northern District of California . . . requir[e] both the plaintiff and the defendant in patent cases to provide early notice of their infringement and invalidity contentions, and to proceed with diligence in amending those contentions when new information comes to light in the course of discovery. The rules thus seek to balance the right to develop new information in discovery with the need for certainty as to the legal theories." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365-66 (Fed. Cir. 2006); *see also Atmel Corp. v. Information Storage*

---

[2] Originally, Ariosa also sought to amend its invalidity contentions to add new indefiniteness arguments and an additional enablement/written description argument. Verinata opposed these additional amendments on the grounds that they were unrelated to its newly added doctrine of equivalents allegations. Docket No. 121 at 5-6, 11. In its reply brief, Ariosa states that it withdraws these portions of its proposed amendments. Docket No. 125 at 1 n.1 (withdrawing page 4, lines 21-28 and page 7, line 26 through page 8, line 4 from its proposed amended contentions).

*Devices*, 1998 U.S. Dist. LEXIS 17564, at *7 (N.D. Cal. Nov. 4, 1998) ("Unlike the liberal policy for amending pleadings, the philosophy behind amending claim charts is decidedly conservative, and designed to prevent the 'shifting sands' approach to claim construction.").

To make a satisfactory showing of good cause, a party seeking to amend its invalidity contentions must show that it "acted with diligence in promptly moving to amend when new evidence is revealed in discovery." *O2 Micro*, 467 F.3d at 1363. "The party seeking to amend its contentions bears the burden of establishing diligence." *CBS Interactive, Inc. v. Etilize, Inc.*, 257 F.R.D. 195, 201 (N.D. Cal. 2009) (citing *O2 Micro*, 467 F.3d at 1366-67). If the moving party is able to establish diligence, the Court should then consider prejudice to the non-moving party in determining whether to grant leave to amend. *See O2 Micro*, 467 F.3d at 1368; *CBS Interactive*, 257 F.R.D. at 201.

Patent Local Rule 3-6 provides

> Non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause include:
>
> (a) A claim construction by the Court different from that proposed by the party seeking amendment;
>
> (b) Recent discovery of material, prior art despite earlier diligent search; and
>
> (c) Recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions.

N.D. Cal. Pat. L.R. 3-6.

**DISCUSSION**

Ariosa has shown good cause to amend its invalidity contentions. It is generally permissible for a party to amend its invalidity contentions in response to the patentee amending its infringement contentions. *See, e.g.*, *DCG Sys. v. Checkpoint Techs., LLC*, 2012 U.S. Dist. LEXIS 117370, at *4 (N.D. Cal. Aug. 20, 2012). Verinata argues that amendment of Ariosa's invalidity contentions is unnecessary because written description and enablement defenses turn on the four corners of the specification, not the accused product. Docket No. 121 at 7. The test for determining whether the written description requirement has been satisfied "is whether the disclosure of the application relied upon reasonably conveys to those skilled in the art that the inventor had possession of the claimed subject matter as of

3

the filing date." *Ariad Pharms., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010) (en banc). Further, "'[t]o be enabling, the specification of the patent must teach those skilled in the art how to make and use the full scope of the claimed invention without undue experimentation.'" *Durel Corp. v. Osram Sylvania, Inc.*, 256 F.3d 1298, 1306 (Fed. Cir. 2001). It is true that these two tests require an inquiry into the specification, but it is also true that they require an inquiry into the scope of the invention. By amending its infringement contentions to include new doctrine of equivalent allegations, Verinata has expanded the scope of what it asserts is claimed by the patents. Therefore, amendment of Ariosa's invalidity contentions to address this newly asserted scope is proper. *Cf. Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 736 (2002) (holding that the doctrine of equivalents may be limited where the patentee makes a narrowing amendment to satisfy the requirements of 35 U.S.C. § 112, including the enablement and written description requirements). Verinata also argues that amendment of the invalidity contentions is unnecessary because its doctrine of equivalents positions rely on the exact same features of Ariosa's products as its initial literal infringement positions. Docket No. 121 at 4, 8-11. However, it is irrelevant that the contentions rely of the same features in the accused products. Even if the contentions relate to the same features, the scope of the contentions related to those features has changed. Therefore, good cause exists for Ariosa to amend its invalidity contentions in response to this expanded scope. Accordingly, the Court concludes that Ariosa has shown good cause to amend its invalidity contentions.

In addition, Ariosa was diligent in seeking amendment of its contentions. Two days after the Court granted Verinata's motion to amend its infringement contentions, Ariosa informed Verinata that it intended to amend its invalidity contentions and provided Verinata with the proposed amendments. Docket No. 117-1, Gindler Decl. Ex. 9. Once Verinata stated that it refused to consent to Ariosa's proposed amendments, *id.*, Ariosa filed the present motion about a week later. Verinata argues that Ariosa's proposed amendments could have been presented much earlier in the litigation, and, therefore, Ariosa has not acted diligently in seeking amendment. Docket No. 121 at 12. The Court disagrees. The proposed amendments are in response to Verinata's newly added doctrine of equivalents allegations contained in its amended infringement contentions. Therefore, Ariosa did not have the required information to amend its invalidity contentions until January 28, 2014, when Verinata provided Ariosa

4

with a copy of its proposed amended infringement contentions. *See* Docket No. 117-1, Gindler Decl. Ex. 3. Once the Court granted Verinata's motion to amend, Ariosa promptly provided Verinata with its proposed amended invalidity contentions. Accordingly, Ariosa was diligent in seeking amendment.

Moreover, amendment of Ariosa's invalidity contentions would not prejudice Verinata. Ariosa's proposed amendments are modest. Further, the deadline for the close of fact discovery is August 15, 2014, four months away; the deadline for the close of expert discovery is November 7, 2014, seven months away; and a trial date is set for February 23, 2015, ten months away. Docket Nos. 100, 102. Therefore, Verintata will not be prejudiced by amendment of the invalidity contentions because "there is still ample time left in the discovery period." *Yodlee, Inc. v. CashEdge, Inc.*, 2007 U.S. Dist. LEXIS 39564, at *7 (N.D. Cal. May 17, 2007); *see Fujifilm Corp. v. Motorola Mobility LLC*, 2014 U.S. Dist. LEXIS 15006, at *19 (N.D. Cal. Feb. 5, 2014) (finding no prejudice where six months remained until the close of fact discovery and ten months remained until the close of expert discovery). Accordingly, the Court grants Ariosa leave to amend its invalidity contentions.

## CONCLUSION

For the foregoing reasons the Court GRANTS Ariosa's motion for leave to amend its invalidity contentions. Docket No. 117.

**IT IS SO ORDERED.**

Dated: April 23, 2014

SUSAN ILLSTON
United States District Judge