United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERINATA HEALTH, INC., et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>ARIOSA DIAGNOSTICS, INC.,<br><br>　　　　Defendant.　　　　　　　　／ | No. C 12-05501 SI<br><br>**ORDER RE: DISCOVERY DISPUTE** |

　　　　Now pending before the Court is the parties' joint discovery letter. Docket No. 142. In the joint letter, plaintiffs Illumina, Inc. ("Illumina"), Verinata Health, Inc. ("Verinata"), and The Board of Trustees of the Leland Stanford Junior University ("Stanford") move for an order compelling defendant Ariosa Diagnostics, Inc. ("Ariosa") to make its witnesses available for deposition on previously agreed to dates. *Id.* at 1.

　　　　On October 25, 2012, Verinata and Stanford filed a complaint against Ariosa for patent infringement. Docket No. 1. On March 8, 2013, Verinata and Stanford filed a third amended complaint against Ariosa alleging infringement of U.S. Patent Nos. 8,296,076 ("the '076 patent") and 8,318,430 ("the '430 patent"). Docket No. 40. On October 16, 2013, the Court issued a claim construction order construing disputed claim terms from the '076 patent and the '430 patent. Docket No. 89. On November 15, 2013, the Court issued a pretrial order scheduling a trial date of February 23, 2015. Docket No. 100. On December 9, 2013, the Court entered an order setting August 15, 2014 as the deadline for the close of fact discovery. Docket No. 102.

On April 25, 2014, Illumina, the parent company of Verinata,[1] filed a complaint against Ariosa, asserting infringement of U.S. Patent No. 7,955,794 ("the '794 patent"). *Illumina, Inc. v. Ariosa Diagnostics Inc.*, No. 14-cv-1921, Docket No. 1 (N.D. Cal. Apr. 25, 2014). On June 6, 2014, the Court held a case management conference and consolidated Case No. 14-cv-1921 with Case No. 12-cv-5501, scheduled a claim construction hearing on the '794 patent for December 11, 2014, and scheduled a trial date for the consolidated case for July 27, 2014. Docket No. 141. The parties have subsequently agreed to setting February 20, 2015 as the deadline for the close of fact discovery in the consolidated case. Docket No. 142 at 2-3.

By the present discovery letter, plaintiffs request that the Court compel nine Ariosa witnesses to sit for depositions at or near the time they were previously scheduled to be deposed prior to the Court's consolidation of the two cases.[2] Docket No. 142 at 1-3. Plaintiffs argue that although the close of fact discovery is in February, they would like to proceed with some of the scheduled depositions now so that they can conduct their discovery methodically on a reasonable time frame rather than squeezing all of the depositions into the end of the fact discovery period. *Id.* at 2.

In response, Ariosa provides two justifications for why it cancelled the previously scheduled depositions. First, Ariosa argues that it cancelled the scheduled depositions because it is likely that plaintiffs will seek to depose these individuals again once all the Patent Local Rule disclosures related to the '794 patent have been made and all the documents have been produced in the 14-cv-1921 case. *Id.* at 3-4. In response, plaintiffs state that they have no intention of deposing any of these witnesses twice and would not do so absent the typical type of unusual circumstances that would create good cause. *Id.* at 3. The Court finds plaintiffs' representation that they do not intend to depose any of these witnesses twice is sufficient to remedy this potential prejudice to Ariosa.

Second, Ariosa argues that depositions covering issues raised by Illumina's assertion of the '794 patent are premature at this time and would be prejudicial. Docket No. 142 at 4. To the extent plaintiffs seek to depose these witnesses on topics specifically related to the '794 patent, the Court agrees that

---

[1] Verinata is a wholly-owned subsidiary of Illumina. Docket No. 45.

[2] Although plaintiffs do not state when these depositions were originally scheduled to take place, they would presumably have been scheduled for sometime between now and August 15, 2014.

2

these depositions would be premature at this time. *See Digital Reg of Tex., LLC v. Adobe Sys. Inc.*, No. CV 12-01971-CW (KAW), 2013 U.S. Dist. LEXIS 93814, at *10 (N.D. Cal. Jul. 3, 2013) ("[C]ourts in this district generally do not order defendants to proceed with discovery in patent cases until the plaintiff provides infringement contentions that comply with Patent L.R. 3-1."). However, this concern can be remedied by restricting the depositions so that they may not cover any topics specifically related to the '794 patent.

Accordingly, the Court GRANTS plaintiffs' motion to compel and ORDERS Ariosa to make the nine witnesses available for deposition on or near the originally calendared dates. However, if plaintiffs move forward and take these deposition on or near the originally scheduled dates, plaintiffs may not depose these witnesses on any topics specifically related to the '794 patent. Moreover, the Court notes that plaintiffs are well aware of the current stage of this litigation. At the present time, little to no discovery has been conducted specifically related to the '794 patent, and the parties have not served their infringement/invalidity contentions for the '794 patent or their preliminary claim constructions for the '794 patent. Therefore, plaintiffs are well aware of the fact that information related to the '794 patent will subsequently be revealed during the course of this litigation. Accordingly, if plaintiffs move forward and take these deposition on or near the originally scheduled dates, plaintiffs are cautioned that the Court will not find good cause for a second deposition of any of these witnesses based on information that is subsequently gathered from discovery or disclosures related to the '794 patent.

**IT IS SO ORDERED.**

Dated: July 7, 2014

SUSAN ILLSTON
United States District Judge