Case3:12-cv-05501-SI Document159 Filed09/16/14 Page1 of 4

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERINATA HEALTH, INC., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ARIOSA DIAGNOSTICS, INC., et al.,<br><br>    Defendants. | No. C 12-05501 SI<br>No. C 14-01921 SI<br><br>**ORDER:**<br><br>**(1) RE: DISCOVERY DISPUTES**<br><br>**(2) DENYING PLAINTIFFS' MOTION TO SEAL** |

Now pending before the Court are two discovery letters filed by plaintiffs Verinata Health, Inc., and the Board of Trustees of the Leland Stanford Junior University (collectively "Verinata") and defendants Ariosa Diagnostics, Inc. and Laboratory Corporation of America Holdings (collectively "Ariosa"). Docket Nos. 148, 150. In the first letter, Verinata requests an order compelling Ariosa to produce Dr. Jacob Zahn to sit for a resumed deposition. Docket No. 148. Verinata alleges that Dr. Zahn was evasive, feigned lack of knowledge, and refused to answer questions without any justifiable excuse. *Id.* In the second letter, Verinata requests an order compelling Ariosa to produce Dr. Craig Struble for a resumed deposition, citing similar evasive conduct. Docket No. 150. Dr. Struble's deposition ended after only seventy-two minutes, as defendants insisted that plaintiff's counsel preface each question by stating whether it was directed to Dr. Struble in his individual capacity, or in his capacity as corporate designee. *Id.* Plaintiff's counsel refused to comply; and each side claims that the other ended the deposition early on account of the dispute. *Id.*[1] Ariosa moves for a protective order pursuant to Rule

---

[1] Upon reviewing the full transcript, the Court finds that it was counsel for Ariosa who ended the deposition early. Counsel for Ariosa instructed the witness not to answer on at least six occasions when counsel for Verinata refused to bifurcate questioning of Dr. Struble as corporate designee from questioning in his individual capacity. Docket No. 150, Exhibit A at 54-58. When it became clear that counsel for Verinata was not going to separate his questioning, counsel for Ariosa threatened to stop the deposition twice before instructing the videographer to go off the record and leaving the deposition. *Id.* at 59-60.

30(d)(3) in order to compel a deposition procedure that would clarify whether questions are being directed at Dr. Struble as an individual or corporate designee. *Id.* Verinata has also filed motions to seal exhibits containing the deposition transcripts attached to each discovery letter. Docket Nos. 149, 151.

Since the submission of these discovery letters on August 22, 2014, the parties have submitted extensive correspondence on the matter. On August 26, 2014, Verinata submitted a letter citing supplemental authority. Docket No. 153. On August 27, 2014, Ariosa responded in its own letter contesting the applicability of plaintiff's cited authority. Docket No. 154. On September 1, 2014, Ariosa submitted two letters agreeing to make Drs. Zahn and Struble available for renewed depositions, and withdrawing its motion for a protective order. Docket Nos. 155-56. Verinata responded on September 2, 2014, with a letter asserting that Ariosa's concessions did not moot the disputes outlined in the discovery letters, and seeking additional guidance from the Court. Docket No. 157. On that same day, Ariosa responded to address concerns raised by Verinata in its latest letter, and to urge the Court to deny Verinata's requests as moot. Docket No. 158.

For the reasons stated, the Court **DENIES** both parties' discovery requests as moot, and **DENIES** Verinata's motions to seal.

## DISCUSSION

### I.  Discovery Letters

In the correspondence following the discovery letters filed on August 22, Ariosa has agreed to produce Drs. Zahn and Struble for renewed depositions at a time that is mutually convenient for the parties; it has withdrawn its motion for a protective order and will no longer insist on a deposition procedure which would require plaintiff's counsel to specify whether questions are being directed at Dr. Struble in his capacity as corporate designee or as an individual. Docket Nos. 155-56, 158. These concessions effectively moot the relief sought by both parties, and it is therefore unnecessary for the Court to rule on these matters.

Nonetheless, Verinata asks for guidance from the Court "regarding the conduct of the renewed depositions to ensure that the deposition phase of this case moves forward sensibly." Docket No. 157.

Upon reviewing the full deposition transcripts of Drs. Zahn and Struble, the Court agrees that such guidance is warranted.

The deposition of Dr. Zahn in particular was characterized by evasive and incomplete testimony. Dr. Struble's deposition was characterized by similar, albeit fewer instances of evasive behavior. Dr. Zahn refused to answer whether he had "any understanding whatsoever" of certain topics merely because he did not "have a hundred percent accurate understanding," and because there might be other Ariosa employees with a more comprehensive understanding. Docket No. 148, Exhibit A at 247. Dr. Zahn refused to answer questions on other topics, not because he lacked relevant information or insight, but merely because he claimed they fell within the purview of a different department. *Id.* at 278. He similarly claimed not to understand the word "analyze" because his department was not charged with performing analysis. *Id.* at 160 ("the term 'analyze' refers to a different department than me...I can't analyze. So I have no opinion one way or another."). He asked for clarification of, and expressed an inability to understand, words such as "founded," "started," "history," "document," and "legal" without additional context. *Id.* at 56, 190-91. When asked to describe the significance of the sentence "We designed DANSR assays corresponding to 384 loci on each of the chromosomes 18 and 21," Dr. Zahn responded that "[i]t means what it says," and that it "speaks for itself." *Id.* at 239-40.

The transcripts are replete with similar instances of obduracy and intransigence, whose cumulative effect was to thwart discovery. Counsel for Ariosa added fuel to the fire, interposing objections which at times appeared to be made for no reason other than to signal to the witness to become more obstructive ("**MS. HABERNY**: Objection. Incomplete hypothetical; calls for speculation. **WITNESS:** I wouldn't want to speculate." *Id.* at 185).

While Verinata did not seek to impose sanctions upon defendants in this instance,[2] the Court cautions both parties that the use of tactics which have the intent to cause undue delay and expense will not be tolerated.

---

[2] The Court has the authority to impose sanctions "on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2). Federal courts also posses inherent power to impose sanctions upon parties and attorneys who act in bad faith. *See Chambers v. NASCO, Inc.,* 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991); *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 764-66, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980).

3

## II. Verinata's Motions to Seal

On August 22, 2014, Verinata filed motions to seal exhibits attached to each of its discovery letters; these exhibits contain the deposition transcripts of Drs. Zahn and Struble respectively. Docket No. 149, 151. In its motions, Verinata states that it moved to file the exhibits under seal in their entirety because they had been designated as "Outside Attorneys' Eyes Only" by Ariosa pursuant to the protective order in this matter. *Id.*

Under Civil Local Rule 79-5(e), where "the Submitting Party is seeking to file under seal a document designated as confidential by the opposing party or a non-party pursuant to a protective order . . . [,] [w]ithin 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." To date, Ariosa has not filed the required declaration. Accordingly, the Court DENIES Verinata's motions to seal. Verinata must publicly file an unredacted version of the discovery letters and attached exhibits within the time frame mandated by Civil Local Rule 79-5(e)(2).

## CONCLUSION

For the foregoing reasons, the Court DENIES both parties' discovery requests as moot, and the Court DENIES Verinata's motions to seal. This Order resolves Docket Nos. 148-151.

**IT IS SO ORDERED.**

Dated: September 16, 2014

SUSAN ILLSTON
United States District Judge

4