IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERINATA HEALTH, INC., et al.,<br><br>    Plaintiffs,<br>   v.<br><br>ARIOSA DIAGNOSTICS, INC., et al.,<br><br>    Defendants. | No. C 12-05501 SI<br>No. C 14-01921 SI<br><br>**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO SEAL** |

On August 22, 2014, Verinata submitted two motions to seal the deposition transcripts of Drs. Jacob Zahn and Craig Struble in their entirety. Docket Nos. 149, 151. The transcripts were exhibits attached to two discovery letters filed by the parties on that same day. Docket. Nos. 148, 150. On September 16, 2014, the Court denied both motions because Ariosa, as the designating party, failed to file a declaration establishing that the designated material is sealable as required by Civil Local Rule 79-5(d)(1)(A). Docket No. 159. Now before the Court is Ariosa's motion to seal selected portions of the deposition transcripts of Drs. Zahn and Struble filed on September 16, 2014. Docket No. 160.

**LEGAL STANDARD**

With the exception of a narrow range of documents that are "traditionally kept secret," courts begin their sealing analysis with "a strong presumption in favor of access." *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1135 (9th Cir. 2003). When applying to file documents under seal in connection with a dispositive motion, the submitting party bears the burden of "articulating compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City and County*

*of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotations and citations omitted). However, when a party seeks to seal documents attached to a non-dispositive motion, a showing of "good cause" under Federal Rule of Civil Procedure 26(c) is sufficient. *Id.* at 1179-80; *see also* Fed. R. Civ. P. 26(c). In addition, all requests to file under seal must be "narrowly tailored," such that only sealable information is sought to be redacted from public access. Civil Local Rule 79-5(b). Because the parties' joint discovery statements are non-dispositive, the "good cause" standard applies.

**DISCUSSION**

In its motion, Ariosa states that while it "understands the Court's reasoning" for denying the motions to seal filed on August 22, 2014, its failure to file a declaration "was inadvertent, and should not affect the ultimate treatment of Ariosa's confidential information." Docket No. 160. Civil Local Rule 79-5(e)(1) requires that the designating party file a declaration within four days of the motion to seal being filed. Ariosa allowed twenty-five days to elapse without catching its "inadvertent" error. Moreover, even if Ariosa had filed a timely declaration, the motions would still have been denied as they requested that the entire deposition transcripts of Drs. Zahn and Struble be sealed, which would have failed the "narrowly tailored" requirement on its face. This is especially troubling given that Ariosa has had a previous motion to seal denied for this precise reason ("[I]t does not appear that Ariosa's request to seal the exhibit is narrowly tailored. Even assuming that the exhibit contains some sealable confidential information, that would only be good cause to seal certain portions of the exhibit, not the entire document."). Docket No. 109.

It is worth noting that this is at least the fifth administrative motion to seal filed in this case; by now both parties should be well acquainted with the relatively simple requisites of filing such a motion. Nonetheless the Court agrees that Ariosa should not suffer the harm of having sealable material filed publicly solely because of counsel's mistake. The Court will therefore consider this motion, despite having already ruled on the matter. Docket No. 159.

To make the lower showing of good cause, the moving party must make a "particularized showing" that "'specific prejudice or harm'" will result if the information is disclosed. *Kamakana*, 447 F.3d at 1180, 1186; *accord Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206,

2

1210-11 (9th Cir. 2002). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" are insufficient to establish good cause. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). Ariosa argues that certain portions of Drs. Zahn and Struble's deposition transcripts should be sealed because they contain confidential, commercially sensitive information regarding research and development of prenatal diagnostic tests, as well as non-public technical details of products currently being marketed. Docket No. 160, Haberny Decl. ¶¶ 4-6. Ariosa further alleges that disclosure of this information could result in "substantial competitive harm." *Id.* Ariosa's broad allegations of harm are insufficient to establish good cause. *See Beckman*, 966 F.2d at 476.

Ariosa also states that this information is designated as highly confidential pursuant to the terms of the protective order in this case. Docket No. 160, Haberny Decl. ¶¶ 4-6. But good cause "cannot be established simply by showing that the document is subject to a protective order or by stating in general terms that the material is considered to be confidential." *Bain v. AstraZeneca LP*, 2011 U.S. Dist. LEXIS 15965, at *2 (N.D. Cal. Feb. 7, 2011); *see* Civil L.R. 79-5(d)(1)(A). Accordingly, Ariosa has failed to provide good cause for filing the exhibit under seal.

In addition, Ariosa's request to seal the exhibit is not narrowly tailored. Ariosa seeks to seal questions posed by counsel for Verinata, objections interposed by counsel for Ariosa, and miscellaneous testimony that does not appear to be sealable.

Accordingly, the Court DENIES Ariosa's motion to seal. This denial is without prejudice to Ariosa refiling its declaration, no later than **September 22, 2014**, in a format which is narrowly tailored and demonstrates "good cause" for sealing the exhibit.

**IT IS SO ORDERED.**

Dated: September 18, 2014

SUSAN ILLSTON
United States District Judge