IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERINATA HEALTH, INC., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ARIOSA DIAGNOSTICS, INC., et al.,<br><br>    Defendants. | No. C 12-05501 SI<br>No. C 14-01921 SI<br><br>**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO SEAL** |

On August 22, 2014, Verinata submitted two motions to seal the deposition transcripts of Drs. Jacob Zahn and Craig Struble in their entirety. Docket Nos. 149, 151. The transcripts were exhibits attached to two discovery letters filed by the parties on that same day. Docket. Nos. 148, 150. On September 16, 2014, the Court denied both motions because Ariosa, as the designating party, failed to file a declaration establishing that the designated material is sealable as required by Civil Local Rule 79-5(d)(1)(A). Docket No. 159. On September 16, Ariosa filed a motion to seal the deposition transcripts of Drs. Zahn and Struble, accompanied by the required declaration. Docket. No. 160. On September 18, 2014, the Court denied its motion without prejudice. Docket No. 162. Now before the Court is Ariosa's renewed motion to seal selected portions of the deposition transcripts of Drs. Zahn and Struble filed on September 22, 2014. Docket No. 163.

## LEGAL STANDARD

With the exception of a narrow range of documents that are "traditionally kept secret," courts begin their sealing analysis with "a strong presumption in favor of access." *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1135 (9th Cir. 2003). When applying to file documents under seal in connection with a dispositive motion, the submitting party bears the burden of "articulating compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotations and citations omitted). However, when a party seeks to seal documents attached to a non-dispositive motion, a showing of "good cause" under Federal Rule of Civil Procedure 26(c) is sufficient. *Id.* at 1179-80; *see also* Fed. R. Civ. P. 26(c). In addition, all requests to file under seal must be "narrowly tailored," such that only sealable information is sought to be redacted from public access. Civil Local Rule 79-5(b). Because the parties' joint discovery statements are non-dispositive, the "good cause" standard applies.

## DISCUSSION

To make the lower showing of good cause, the moving party must make a "particularized showing" that "'specific prejudice or harm'" will result if the information is disclosed. *Kamakana*, 447 F.3d at 1180, 1186; *accord Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning," are insufficient to establish good cause. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Ariosa alleges that the portions it seeks to redact contain "commercially sensitive, proprietary technical details regarding research and development of prenatal diagnostic tests." Docket 163-1, Yu Decl. at ¶ 3. More specifically, Ariosa claims that details of its research and development are trade secrets, which if disclosed to competitors could cause "the loss of years of work and millions of dollars that Ariosa has invested in the research and development, and could result in the loss of significant

2

profits that Ariosa otherwise may have gained by the commercialization of the results of its research and development." *Id.* at ¶ 9.

After reviewing the declaration and the portions of the deposition transcripts at issue, the Court concludes that Ariosa has sufficiently articulated compelling reasons for sealing the requested portions. In addition, Ariosa's request to seal the exhibit is narrowly tailored, as it seeks to redact only sealable information from the exhibits. Accordingly, the Court GRANTS Ariosa's motion to seal.

The Court notes that the redacted version of Dr. Struble's deposition transcript that Ariosa publicly filed contains different redactions from those sought in its supporting declaration. Docket No. 163-5. Therefore the Court STRIKES Docket No. 163-5 from the public docket and ORDERS Ariosa to file a new redacted version of Dr. Struble's deposition transcript.

**IT IS SO ORDERED.**

Dated: September 25, 2014

SUSAN ILLSTON
United States District Judge