IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERINATA HEALTH, INC., et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>ARIOSA DIAGNOSTICS, INC., et al.,<br><br>　　　　　Defendants.　　　　　／ | No. C 12-05501 SI<br>Related Case: No. C 14-01921 SI<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO SEAL** |

On August 22, 2014, Verinata submitted two motions to seal the deposition transcripts of Drs. Jacob Zahn and Craig Struble in their entirety. Docket Nos. 149, 151. The transcripts were exhibits attached to two discovery letters filed by the parties on that same day. Docket. Nos. 148, 150. On September 16, 2014, the Court denied both motions to seal because Ariosa, as the designating party, failed to file a declaration establishing that the designated material is sealable as required by Civil Local Rule 79-5(d)(1)(A). Docket No. 159. On September 16, Ariosa filed a motion to seal the deposition transcripts of Drs. Zahn and Struble, accompanied by the required declaration. Docket. No. 160. On September 18, 2014, the Court denied its motion without prejudice. Docket No. 162. On September 22, 2014, Ariosa again filed a motion to seal redacted portions of the deposition transcripts of Drs. Zahn and Struble. Docket No. 163. The Court granted the motion to seal, but noted that the publicly filed version of Dr. Struble's declaration transcript contained different redactions than those sought to be sealed in the accompanying declaration. The Court thus ordered Ariosa to refile a public version of the transcript.

1  Docket No. 166. In its latest motion to seal, filed on September 28, 2014, Ariosa notes that the
2  deposition transcript was correctly redacted, but that due to a typographical error, the declaration failed
3  to include certain portions. Docket No. 167-1. It now seeks to seal those portions of Dr. Struble's
4  transcript which were inadvertently omitted from the declaration.

5        This new information is substantially similar to the information the Court previously found to
6  be sealable in its order from September 25, 2014. Docket No. 166 ("the Court concludes that Ariosa has
7  sufficiently articulated compelling reasons for sealing the requested portions. In addition, Ariosa's
8  request to seal the exhibit is narrowly tailored, as it seeks to redact only sealable information from the
9  exhibits."). The Court therefore GRANTS Ariosa's motion to seal. This resolves Docket No. 167.

**IT IS SO ORDERED.**

Dated: October 14, 2014

SUSAN ILLSTON
United States District Judge

2