UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERINATA HEALTH, INC., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ARIOSA DIAGNOSTICS, INC,<br><br>    Defendant. | Case No. 12-cv-05501-SI<br><br>**ORDER GRANTING DEFENDANT'S THIRD MOTION TO STAY** |

Now before the Court are Ariosa's motions (1) to stay the proceeding, (2) for leave to amend its invalidity contentions, and (3) for leave to file a third amended answer and counterclaims. Docket Nos. 179, 189, 207. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument and **VACATES** the hearing. For the reasons set forth below, the Court **GRANTS** Ariosa's motion to stay. The Court **DEFERS** ruling on Ariosa's motion for leave to amend its invalidity contentions, and for leave to file a third amended answer and counterclaims during the pendency of the stay.

**BACKGROUND**

This is a patent infringement action. Plaintiffs Illumina Inc., Verinata Health, Inc. and the Board of Trustees of the Leland Stanford Junior University (collectively "Verinata") accuse Ariosa's Harmony™ Prenatal Test of infringing U.S. Patent No. 8,296,076 ("the '076 patent"), U.S. Patent No. 8,318,430 ("the '430 patent"), and U.S. Patent No. 7,955,794 (the '794 Patent). In May 2013, Ariosa filed petitions for *inter partes* review, requesting that the Patent Trial and Appeal Board ("PTAB") review claims 1-30 of the '430 patent and claims 1-13 of the '076 patent. Docket No. 103-1, Gindler Decl. Exs. 10-12. On May 10, 2013, Ariosa filed a motion to stay the

action pending *inter partes* review. Docket No. 61.[1] Motions to stay were also filed in the related cases. On June 11, 2013, the Court denied Ariosa's motion to stay and the other motions to stay filed in the related cases. Docket No. 65. On October 16, 2013, the Court issued a claim construction order in this action and the related cases, construing the disputed terms of the '076 patent and the '430 patent. Docket No. 89. On December 13, 2013, Ariosa filed a second motion to stay, which the Court denied on January 13, 2014. Docket Nos. 103, 108. On December 17, 2014, the Court issued a claim construction order, construing disputed claims in the '794 Patent. Docket No. 199.

On October 25, 2013, the PTAB instituted *inter partes* review of claims 1-30 of the '430 Patent on obviousness grounds. Docket No. 103-1, Gindler Decl. Exs. 21-22. On November 20, 2013, PTAB instituted *inter partes* review of claims 1-13 of the '076 Patent on anticipation and obviousness grounds. *Id.* Ex. 23. On October 23, 2014, the PTAB issued two orders holding that Ariosa had failed to show that claims 1-30 of the '430 Patent are unpatentable. *See Ariosa Diagnostics, Petitioner*, IPR2013-00276, 2014 WL 5454541(Oct. 23, 2014); *Ariosa Diagnostics, Petitioner*, IPR2013-00277, 2014 WL 5454542 (Oct. 23, 2014). On November 19, 2014, the PTAB issued an order finding that the challenged claims of the '076 Patent are unpatentable. *See Ariosa Diagnostics, Petitioner*, IPR2013-00308, 2014 WL 6617697 (Nov. 19, 2014). These PTAB rulings have all been appealed to the Federal Circuit. On January 8, 2015, PTAB instituted *inter partes* review of claims 1-22 of the '794 Patent. *See Ariosa Diagnostics, Inc., Petitioner*, IPR2014-01093, 2015 WL 153677 (Jan. 8, 2015).

**LEGAL STANDARD**

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citations omitted); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its

---

[1] All citations to the docket refer to case number 12-cv-5501 unless otherwise noted.

power to control its own docket."). In determining whether to grant a stay pending PTO review, courts consider: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. *Telemac Corp. v. Teledigital, Inc.*, 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006); *accord Pi-Net Int'l, Inc. v. Focus Bus. Bank*, 2013 U.S. Dist. LEXIS 118723, at *11 (N.D. Cal. Aug. 16, 2013).

"There is no per se rule that patent cases should be stayed pending reexaminations, because such a rule 'would invite parties to unilaterally derail' litigation." *ESCO Corp. v. Berkeley Forge & Tool, Inc.*, 2009 U.S. Dist. LEXIS 94017, at *5 (N.D. Cal. Sept. 28, 2009). "A court is under no obligation to delay its own proceedings by yielding to ongoing PTO patent reexaminations, regardless of their relevancy to infringement claims which the court must analyze." *Id.*; *see also Viskase Corp. v. Am. Nat'l Can Co.*, 261 F.3d 1316, 1328 (Fed. Cir. 2001) ("The court is not required to stay judicial resolution in view of the reexaminations."). However, "[t]here is a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings." *Pragmatus AV, LLC v. Facebook, Inc.*, No. 11-CV-02168-EJD, 2011 WL 4802958, at *2 (N.D. Cal. Oct. 11, 2011). This policy stems from a recognition that granting a stay can "avoid inconsistent results, narrow the issues, obtain guidance from the PTO, or simply…avoid the needless waste of judicial resources, especially if the evidence suggests that the patents-in-suit will not survive reexamination." *Id.* (internal citations omitted).

I. **Stage of Litigation**

The first issue to be considered in determining whether to grant a stay pending *inter partes* review is whether discovery is complete and whether a trial date has been set. In the present case, a trial date has been set for July 27, 2015, the Court has construed the disputed terms of the patents-in-suit, and discovery is well underway with the parties having exchanged initial

disclosures, infringement and invalidity contentions, substantial document production, and conducted multiple depositions. Fact discovery is set to close on February 20, 2015, and expert discovery is scheduled to conclude on April 24, 2015, with the deadline to file dispositive motions a week later. Docket No. 34, 14-cv-1921.

While Ariosa is correct to argue that "it simply cannot be said that the stage of this case, in and of itself, requires the denial" of its motion to stay, Docket No. 224, Def. Rep. at 3, it is also undeniably true that, as this court noted over a year ago, "this case is not in an 'early stage' of proceedings." Docket No. 108, *citing Telemac Corp. v. Teledigital, Inc.*, 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006). The cost and expense of finishing fact and expert discovery, briefing dispositive motions, and conducting a trial is far from insignificant. *See Versata Software, Inc. v. Callidus Software, Inc.*, 771 F.3d 1368, 1374 (Fed. Cir. 2014) (internal citations omitted) ("Courts considering this factor do not stop at discovery and trial settings, but rather, routinely inquire as to the occurrence [of] summary judgment arguments, rulings on summary judgment, and the status of the final pretrial order, among other elements."). Nonetheless, at this juncture, this case finds itself at a relatively late stage. Accordingly, this factor weighs against staying the action.

**II.     Simplification of the Proceedings**

The second factor to be considered is whether the stay would simplify matters at issue before the Court. "[W]aiting for the outcome of the reexamination could eliminate the need for trial if the claims are cancelled or, if the claims survive, facilitate trial by providing the court with expert opinion of the PTO and clarifying the scope of the claims." *Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*, 1995 U.S. Dist. LEXIS 22517, at *4-5 (N.D. Cal. Jan. 13, 1995); *accord Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983); *see also Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013) ("[W]hen a claim is cancelled, the patentee loses any cause of action based on that claim, and any pending litigation in which the

4

claims are asserted becomes moot."). This is particularly true when a party has obtained PTO review of each of the asserted claims in the patents-in-suit. *Versata* 771 F.3d at 1372 (the "simplification factor weighs more strongly in favor of a stay when *all* of the litigated claims are undergoing [administrative review]. But there can still be a simplification of the issues when only some, but not all, of the claims asserted in litigation are challenged.").

There are currently four pending proceedings whose resolution may help simplify and streamline the issues in this case: (1) a pending appeal to the Federal Circuit of the PTAB's finding that the asserted claims of the '430 Patent are patentable, (2) a pending appeal to the Federal Circuit of the PTAB's finding that the asserted claims of the '076 Patent are unpatentable, (3) the PTAB's grant of *inter partes* review of the asserted claims of the '794 Patent, and (4) Verinata's appeal to the Federal Circuit of this Court's ruling that an arbitration clause in a contract between Illumina and Ariosa did not bar Ariosa from asserting certain counterclaims in a judicial forum. The resolution of all of these matters is likely to occur only after the date the trial is currently scheduled to proceed in the present case.

The PTAB has conducted its review of all the asserted claims of the '430 and '076 Patents; it found the '430 Patent to be valid, and '076 Patent to be invalid. Its rulings are currently on appeal to the Federal Circuit. The Federal Circuit will review the Board's factual findings for "substantial evidence." *Flo Healthcare Solutions, LLC v. Kappos*, 697 F.3d 1367, 1376 (Fed. Cir. 2012). Verinata argues that under this "deferential standard," the likelihood that the Federal Circuit "will overturn the IPR decision on the '430 Patent is low and far off. It makes no sense to halt litigation involving a patent (the '430 patent) already found valid by the Patent Office and likely to be upheld by the Federal Circuit after this case concludes." Docket No. 217, Pl. Opp'n at 17. Yet, Verinata fails to acknowledge that its reasoning supports *granting* a stay when applied to the facts of the appeal from the '076 Patent IPR proceedings. Should the Federal Circuit uphold the PTAB's finding of invalidity under its "deferential" standard of review, then it would, at a

minimum, render entirely unnecessary the resources of the parties and the Court expended on prosecuting all claims and defenses related to that patent. It also risks the unfortunate outcome of inconsistent judicial rulings on the same issue, and the prospect of revising a final judgment. Furthermore, regardless of the outcome of the appeals from the IPR proceedings, this Court may benefit from the Federal Circuit's analysis of the issues.

On January 8, 2015, PTAB instituted *inter partes* review of claims 1-22 of the '794 Patent. Under 35 U.S.C. § 314(a), *inter partes* review may not be instituted unless "there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition." While this threshold requirement does not necessarily portend any particular result on the merits in this particular case, *inter partes* review generally results in "resolv[ing] at least some of the claims at issue." *Cypress Semiconductor Corp. v. GSI Tech., Inc.*, No. 13-CV-02013-JST, 2014 WL 5021100, at *3 (N.D. Cal. Oct. 7, 2014), *citing Evolutionary Intelligence, LLC v. Sprint Nextel Corp.*, No. C–13–4513–RMW, 2014 WL 819277, at *3 (N.D.Cal. Feb. 28, 2014); *Pragmatus AV, LLC v. Facebook, Inc.*, No. 11-CV-02168-EJD, 2011 WL 4802958, at *3 (N.D. Cal. Oct. 11, 2011) ("Of those granted reexaminations, 44% of all *inter partes* reexamination proceedings between 1999 and June 30, 2011 resulted in all claims being canceled, 43% changed the claims, and only 13% confirmed all claims."). In the absence of a stay, a finding of invalidity of any of the twenty-two claims at issue in the '794 Patent would likely result in squandered judicial resources and needless duplication of effort. *Fresenius* 721 F.3d at 1340 ("[W]hen a claim is cancelled, the patentee loses any cause of action based on that claim, and any pending litigation in which the claims are asserted becomes moot."). Furthermore, as a result of *inter partes* review, Ariosa will be estopped from raising arguments that they raised or reasonably could have raised before the PTAB. *See* 35 U.S.C. § 315(e); *Software Rights Archive, LLC v. Facebook, Inc.*, 2013 U.S. Dist. LEXIS 133707, at *15 (N.D. Cal. Sept. 17, 2013).

On August 7, 2014, the Court held that Ariosa was entitled to pursue its counterclaims for breach of contract and the convenant of good faith and fair dealing in a judicial forum, notwithstanding an arbitration clause in the underlying contract. Docket No. 40, 14-cv-1921. These counterclaims are of central importance to Ariosa's defense because they relate to its assertion that Illumina granted it an express or implied license to practice the '794 Patent. *Id.* at 5. On September 8, 2014, Verinata appealed the Court's ruling to the Federal Circuit. Docket No. 56, 14-cv-1921. Ariosa notes that Verinata "demands that its patent-infringement claim continue towards trial, while at the same time contending on appeal that this Court lacks jurisdiction to hear Ariosa's license defense and counterclaims. It makes no sense to proceed to trial when there is a substantial dispute as to whether this Court has jurisdiction over one of Ariosa's critical defenses to liability." Def. Mot. at 2. Conversely, Verinata suggests that Ariosa should either bring its counterclaims in the "right" forum, or voluntarily stay only its counterclaims pending appeal. Pl. Opp'n at 3 ("Ariosa's concern that it may be found to have brought contract claims in the wrong forum is no reason to stay Plaintiffs' important infringement claims.").

In the Court's prior order denying Ariosa'a second motion to stay, it found that this second factor weighed in favor of a stay. Since that time, the PTAB issued two *inter partes* review decisions, and instituted a third. Additionally, Verinata appealed the Court's prior order holding that Ariosa may bring its counterclaims in a judicial forum. These developments have rendered the outcome of this case increasingly susceptible to the ultimate disposition of matters currently before the PTAB and Federal Circuit. In particular, the PTAB's finding of unpatentability of the '076 Patent has made it substantially more likely that failing to stay this case will result in wasted judicial resources. Therefore, this factor weighs heavily in favor of granting a stay.

### III. Undue Prejudice

The last factor to be considered is whether a stay would unduly prejudice or present a

clear tactical disadvantage to the nonmoving party. Here, the parties are direct competitors in the non-invasive pre-natal testing market. "[I]nfringement among competitors can cause harm in the marketplace that is not compensable by readily calculable money damages. Staying a case while such harm is ongoing usually prejudices the patentee that seeks timely enforcement of its right to exclude." *Avago Techs. Fiber IP (Sing.) Pte Ltd. v. Iptronics Inc.*, 2011 U.S. Dist. LEXIS 82665, at *16 (N.D. Cal. Jul. 28, 2011). However, "[c]ourts have repeatedly found no undue prejudice unless the patentee makes a specific showing of prejudice beyond the delay necessarily inherent in any stay." *PersonalWeb Technologies, LLC v. Apple Inc.*, No. 4:14-CV-1683 YGR, 2014 WL 4757816, at *5 (N.D. Cal. Sept. 24, 2014); *see also Esco Corp. v. Berkeley Forge & Tool, Inc.*, No. C 09-1635 SBA, 2009 WL 3078463, at *3 (N.D. Cal. Sept. 28, 2009) ("delay inherent in the reexamination process does not constitute, by itself, undue prejudice") (internal citations omitted).

In its order denying Ariosa's second motion to stay, the Court found that this factor weighed against a stay; however the circumstances that gave rise to that determination have changed significantly. First, Verinata and Sequenom have recently settled their infringement suit and have entered into a patent licensing and pooling agreement. Docket No. 208-8, Gordon Decl. Exh. Q; *see also* 12-cv-865, Docket Nos. 325-26. Additionally, Verinata has shifted from a strategy of market share maximization, to a strategy which prioritizes licensing its product to certified laboratories and healthcare providers. Pl. Opp'n at 15; *see also* Docket No. 224, Gordon Decl. Exh. 8. While a *past* willingness to license an allegedly infringed patent is "not sufficient per se to establish a lack of" undue prejudice, *Acumed LLC v. Stryker Corp.*, 551 F.3d 1323, 1328 (Fed. Cir. 2008), "[c]ourts have consistently found that a patent licensor cannot be prejudiced by a stay because monetary damages provide adequate redress for infringement." *PersonalWeb Technologies, LLC v. Apple Inc.*, No. 4:14-CV-1683 YGR, 2014 WL 4757816, at *5 (N.D. Cal. Sept. 24, 2014), *citing Pragmatus AV, LLC v. Facebook, Inc.*, No. 11-CV-02168-EJD, 2011 WL 4802958, at *4 (N.D. Cal. Oct. 11, 2011); *see also High Tech Med. Instrumentation, Inc. v. New*

8

*Image Indus., Inc.*, 49 F.3d 1551, 1557 (Fed. Cir. 1995) (plaintiff's willingness to license its patent "suggests that any injury suffered by [plaintiff] would be compensable in damages assessed as part of the final judgment in the case."). Accordingly, the Court finds that Verinata would not be unduly prejudiced by a stay.

## CONCLUSION

Although the first factor counsels against a stay, after balancing that factor against the other two factors, in particular the second factor, the Court concludes that a stay would be appropriate in this action. Accordingly, for the foregoing reasons and for good cause shown, the Court hereby **GRANTS** Ariosa's motion to stay. Docket No. 207. This action is hereby **STAYED** in its entirety pending the final exhaustion of the *inter partes* review proceedings to which the '794 Patent is subject, the Federal Circuit appeals from *inter partes* review to which the '430 and '076 Patents are subject, and the appeal from the Court's order finding that it has subject matter jurisdiction to hear Ariosa's breach counterclaims. The Court hereby **DEFERS** ruling on Ariosa's motion for leave to amend its invalidity contentions, and for leave to file a third amended answer and counterclaims during the pendency of the stay. Docket Nos. 179, 189.

**IT IS SO ORDERED**.

Dated: February 2, 2015

SUSAN ILLSTON
United States District Judge