UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERINATA HEALTH, INC., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>ARIOSA DIAGNOSTICS, INC,<br><br>    Defendant. | Case No. 12-cv-05501-SI<br><br>**ORDER DENYING IN PART AND GRANTING IN PART THE PARTIES' MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 208, 216, 225 |

Currently before the Court are the parties' joint motions to file documents under seal in conjunction with their briefs relating to Defendant's motion to stay. The Court finds that the parties have sufficiently justified sealing with respect to some documents, and failed to justify sealing with respect to others, as discussed below.

**LEGAL STANDARD**

With the exception of a narrow range of documents that are "traditionally kept secret," courts begin their sealing analysis with "a strong presumption in favor of access." *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1135 (9th Cir. 2003). "A stipulation, or a blanket protective order that allows a party to designate documents as sealable, will not suffice to allow the filing of documents under seal." Civ. L.R. 79-5(a). When applying to file documents under seal in connection with a dispositive motion, the party seeking to seal must articulate "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotations and citations omitted). Where a party seeks to seal documents attached to a non-

1  dispositive motion, a showing of "good cause" under Federal Rule of Civil Procedure 26(c) is
2  sufficient. *Id*. at 1179-80; *see also* Fed. R. Civ. P. 26(c). In addition, all requests to file under seal
3  must be "narrowly tailored," such that only sealable information is sought to be redacted from
4  public access. Civ. L.R. 79-5(b). Because a motion to stay is a non-dispositive motion, the "good
5  cause" standard applies here. *See, e.g., Apple, Inc. v. Samsung Electronics Co.,* No. 12-CV-
6  00630-LHK, 2012 WL 2936432, at *1 (N.D. Cal. July 18, 2012).

## DISCUSSION

Here, the parties' briefs and exhibits filed in conjunction with Ariosa's Motion to Stay are non-dispositive. Its adjudication will not affect the substantive claims or defenses of any parties to the litigation. Accordingly, for good cause shown under Federal Rule of Civil Procedure 26(c), or lack thereof, the Court concludes as follows:

| Docket No. | Document Title | Court's Ruling |
|---|---|---|
| 208-3 | Redacted Version of Ariosa's Motion to Stay Litigation | GRANTED.<br>The Walter declaration states that the redacted portions contain confidential business strategy and methods for business analysis and modeling approaches regarding Illumina's development of the prenatal diagnostics market and Verinata's prenatal test. The declaration states the public disclosure of this information presents a substantial risk of economic harm and may negatively impact Illumina's relationships with potential partners or licensees.<br>After reviewing the unredacted version and the attached declaration, the Court concludes that Illumina has sufficiently articulated good cause for redacting the portions of Ariosa's Motion to Stay Litigation as requested in the declarations. However, in some cases the portions requested in the declarations do not match the portions in the redacted versions submitted to the Court. Accordingly, the Court STRIKES Docket No. 208-3 from the public docket and ORDERS Ariosa to file a new redacted version of Ariosa's Motion to Stay Litigation, consistent with the redactions described in the declaration. |

| | | |
|---|---|---|
| 208-5 | Exhibit F | GRANTED.<br>The Walter declaration states that this exhibit contains confidential methods used for business analysis and modeling approaches to revenues, costs, and pricing in the NIPT market, and that the public disclosure of this information may negatively impact Illumina's relationships with potential partners or licensees.<br>After reviewing the Exhibit and the attached declaration, the Court concludes that Illumina has sufficiently articulated good cause for sealing Exhibit F. |
| 208-7 | Exhibit Q | GRANTED.<br>The Walter declaration states that this exhibit is a PowerPoint presentation that contains confidential business strategy regarding development of the NIPT market. The declaration states that the public disclosure of this information may negatively impact Illumina's relationships with potential partners or licensees.<br>After reviewing the Exhibit and the attached declaration, the Court concludes that Illumina has sufficiently articulated good cause for sealing Exhibit Q. |
| 208-9 | Exhibit R | GRANTED.<br>The Walter declaration states that this exhibit is a PowerPoint presentation that contains confidential business strategy regarding development of the NIPT market, and that the public disclosure of this information may negatively impact Illumina's relationships with potential partners or licensees.<br>After reviewing the Exhibit and the attached declaration, the Court concludes that Illumina has sufficiently articulated good cause for sealing Exhibit R. |
| 208-11 | Exhibit S | GRANTED.<br>The Walter declaration states that this exhibit is an email chain that contains confidential business strategy regarding development of the NIPT market, and that the public disclosure of this information may negatively impact Illumina's relationships with potential partners or licensees.<br>After reviewing the Exhibit and the attached declaration, the Court concludes that Illumina has sufficiently articulated good cause for sealing Exhibit S. |
| 208-13 | Exhibit V | GRANTED.<br>The Walter declaration states that this exhibit is a |

| | | |
|---|---|---|
| | | PowerPoint presentation that contains confidential business strategy regarding development of the NIPT market, and that the public disclosure of this information may negatively impact Illumina's relationships with potential partners or licensees.<br>After reviewing the Exhibit and the attached declaration, the Court concludes that Illumina has sufficiently articulated good cause for sealing Exhibit V. |
| 216-3 | Redacted Version of Plaintiffs' Opposition To Ariosa Diagnostics, Inc.'s Third Motion To Stay | GRANTED.<br>The Drake declaration states that the redacted portions of Plaintiffs' opposition brief contain confidential and commercially sensitive information about Ariosa's financials, pricing, sales, forecast, market analysis, and marketing strategy.  The declaration states that the public disclosure of this information may result in substantial competitive harm by providing competitors insight into internal finances and marketing strategy.<br>After reviewing the unredacted version and the attached declaration, the Court concludes that Ariosa has sufficiently articulated good cause for redacting page 7:17-9:22, page 10:3-11:4, page 13:1-7, and page 13:10-27.[1] |
| 216-5 | Exhibit 7 | GRANTED.<br>The Drake declaration states that this exhibit contains confidential and commercially sensitive information about Ariosa's financials, pricing, market analysis, reimbursement policy, and marketing strategy, including information on negotiations with insurance providers, potential partners, and Ariosa's strategic approach to the NIPT market.  The declaration states that the public disclosure of this information may result in substantial competitive harm by providing competitors insight into internal finances and marketing strategy.<br>After reviewing the Exhibit and the attached declaration, the Court concludes that Ariosa has sufficiently articulated good cause for redacting portions of Exhibit 7.  The Court notes that the redacted version contains different redactions from those sought in its supporting declaration. |

---

[1] The Court notes that counsel for plaintiffs' unredacted version failed to indicate, "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version" as required by this Court's local rules.  Civ. L.R. 79-5(d)(1)(D).

| | | |
|---|---|---|
| | | Dkt. No. 216-5. The Court STRIKES Docket No. 216-5 from the public docket and ORDERS Ariosa to file a new redacted version of Exhibit 7. |
| 216-7 | Exhibit 8 | GRANTED.<br>The Drake declaration states that this exhibit is a PowerPoint presentation that contains confidential and commercially sensitive information about Ariosa's financials, pricing, and marketing strategy, including information on Ariosa's capacity to perform the Harmony Prenatal Test, commercial plan, and detailed financial information. The declaration states that the public disclosure of this information may result in substantial competitive harm by providing competitors insight into internal finances, pricing, and marketing strategy.<br>After reviewing the Exhibit and the attached declaration, the Court concludes that Ariosa has sufficiently articulated good cause for sealing Exhibit 8. |
| 216-9 | Exhibit 9 | GRANTED.<br>The Drake declaration states that this exhibit is an email conversation that contains confidential and commercially sensitive information about Ariosa's pricing and marketing strategy, including information on Ariosa's reimbursement strategy. The declaration states that the public disclosure of this information may result in substantial competitive harm by providing competitors insight into internal pricing, reimbursement, and marketing strategy that could be used in future sensitive negotiations.<br>After reviewing the Exhibit and the attached declaration, the Court concludes that Ariosa has sufficiently articulated good cause for sealing Exhibit 9. |
| 216-11 | Exhibit 10 | DENIED.<br>The Drake declaration states that this exhibit is a set of questions and answers prepared in advance of its planned-but-withdrawn IPO that contains confidential and commercially sensitive information about Ariosa's business, financials, pricing, and marketing strategy, including information on Ariosa's reimbursement strategy, business model, thoughts on competitors, and pipeline. The declaration states that the public disclosure of this information may result in substantial competitive harm by providing |

| | | |
|---|---|---|
| | | competitors insight into internal finances, business plan, and marketing strategy.<br>After reviewing the Exhibit and the attached declaration, the Court finds that because part of the exhibit titled "Legal" is redacted, the Court cannot ascertain whether the exhibit as a whole is sealable. *See* Civ. L.R. 79-5(d)(1)(D). |
| 216-13 | Exhibit 11 | GRANTED.<br>The Drake declaration states that this exhibit is a PowerPoint presentation that contains confidential and commercially sensitive information about Ariosa's marketing strategy, including information on Ariosa's messaging to potential providers. The declaration states that the public disclosure of this information may result in substantial competitive harm by providing competitors insight into internal marketing strategy.<br>After reviewing the Exhibit and the attached declaration, the Court concludes that Ariosa has sufficiently articulated good cause for sealing Exhibit 11. |
| 216-15 | Exhibit 12 | GRANTED.<br>The Drake declaration states that this exhibit is a PowerPoint presentation that contains confidential and commercially sensitive information about Ariosa's financials, pricing, and marketing strategy, including Ariosa's financial forecasts. The declaration states that the public disclosure of this information may result in substantial competitive harm by providing competitors insight into internal finances.<br>After reviewing the Exhibit and the attached declaration, the Court concludes that Ariosa has sufficiently articulated good cause for sealing Exhibit 12. |
| 216-17 | Exhibit 13 | GRANTED.<br>The Drake declaration states that this exhibit is excerpts of the deposition transcript of Ariosa CFO Daniel Puckett that contain confidential and commercially sensitive information about Ariosa's financials, including the manner in which Ariosa tracks costs. The declaration states that the public disclosure of this information may result in substantial competitive harm by providing competitors insight into internal finances.<br>After reviewing the Exhibit and the attached declaration, the Court concludes that Ariosa has |

| | | |
|---|---|---|
| | | sufficiently articulated good cause for redacting portions of Exhibit 13. The Court notes that the redacted version contains different redactions from those sought in its supporting declaration. Dkt. No. 216-17. The Court STRIKES Docket No. 216-17 from the public docket and ORDERS Ariosa to file a new redacted version of Exhibit 13. |
| 216-19 | Exhibit 15 | GRANTED. The Drake declaration states that this exhibit is an excerpt of a draft analyst's model that contains confidential and commercially sensitive information about Ariosa's financials, including Ariosa's financial forecasts. The declaration states that the public disclosure of this information may result in substantial competitive harm by providing competitors insight into internal finances and forecasts. After reviewing the Exhibit and the attached declaration, the Court concludes that Ariosa has sufficiently articulated good cause for sealing Exhibit 15. |
| | Ariosa's Reply in Support of Motion to Stay Litigation | DENIED. The Walter declaration states that the redacted portions of Ariosa's reply brief contain confidential business strategy, internal projections, and modeling of the noninvasive prenatal diagnostics market. The declaration states that the public disclosure of this information may negatively impact Illumina's relationship with current and potential partners or licensees. However, Ariosa did not submit required redacted and unredacted versions of Ariosa's reply brief with its motion to seal. Because no redacted or highlighted unredacted versions have been submitted, the Court cannot ascertain if the portions the parties wish to file under seal are sealable. |
| 225-3 | Exhibit 2 | GRANTED. The Walter declaration states that this exhibit is a spreadsheet that contains confidential methods used for business analysis and modeling approaches to revenues, costs, tests performed, pricing, and profits in the noninvasive prenatal diagnostics market. The declaration states that the public disclosure of this information may negatively impact Illumina's relationships with current and potential partners or licensees. |

|  |  | After reviewing the Exhibit and the attached declaration, the Court concludes that Illumina has sufficiently articulated good cause for sealing Exhibit 2. |
|---|---|---|
| 225-5 | Exhibit 3 | GRANTED.<br>The Walter declaration cites Ariosa's Administrative Motion to File Under Seal, which states that this exhibit is excerpts of a deposition of Ariosa witness David Mullarkey that contains confidential and commercially sensitive information about Ariosa's internal finances, pricing, marketing, strategy, and IP strategy. The declaration states that the public disclosure of this information may negatively impact Illumina's relationships with current and potential partners or licensees.<br>After reviewing the Exhibit and the attached declarations, the Court concludes that Ariosa has sufficiently articulated good cause for redacting portions of Exhibit 3. |
| 225-7 | Exhibit 4 | GRANTED.<br>The Walter declaration states that this exhibit is an email between Illumina personnel that contains confidential business strategy and confidential methods for business analysis and modeling approaches about Illumina's development of the prenatal diagnostics market. The declaration states that the public disclosure of this information may negatively impact Illumina's relationships with current and potential partners or licensees.<br>After reviewing the Exhibit and the attached declaration, the Court concludes that Ariosa has sufficiently articulated good cause for redacting portions of Exhibit 4. The Court notes that the redacted version contains different redactions from those sought in its supporting declaration. Dkt. No. 225-7. The Court STRIKES Docket No. 225-7 from the public docket and ORDERS Ariosa to file a new redacted version of Exhibit 4. |
| 225-9 | Exhibit 5 | GRANTED.<br>The Walter declaration states that this exhibit is a chart and notes that contain confidential methods used for business analysis and modeling approaches to revenues, costs, fees, and tests performed in the noninvasive prenatal diagnostics market. The declaration states that the public disclosure of this information may negatively impact Illumina's relationships with current and |

8

| | | |
|---|---|---|
| | | potential partners or licensees.<br>After reviewing the Exhibit and the attached declaration, the Court concludes that Illumina has sufficiently articulated good cause for sealing Exhibit 5. |
| 225-11 | Exhibit 6 | GRANTED.<br>The Walter declaration states that this is a PowerPoint presentation that contains confidential business strategy regarding the development of the prenatal diagnostics market. The declaration states that the public disclosure of this information may negatively impact Illumina's relationships with current and potential partners or licensees.<br>After reviewing the Exhibit and the attached declaration, the Court concludes that Illumina has sufficiently articulated good cause for sealing Exhibit 6. |
| 225-13 | Exhibit 9 | GRANTED.<br>The Walter declaration states that this is a spreadsheet that contains confidential methods used for business analysis and modeling approaches as to test volume, fees, costs, sales, expenses, revenues, and profits in the noninvasive prenatal diagnostics market. The declaration states that the public disclosure of this information may negatively impact Illumina's relationships with current and potential partners or licensees.<br>After reviewing the Exhibit and the attached declaration, the Court concludes that Illumina has sufficiently articulated good cause for sealing Exhibit 9. |
| 225-15 | Exhibit 10 | GRANTED.<br>The Walter declaration states that this is a PowerPoint presentation that contains confidential business strategy regarding the development of the prenatal diagnostics market. The declaration states that the public disclosure of this information may negatively impact Illumina's relationships with current and potential partners or licensees.<br>After reviewing the Exhibit and the attached declaration, the Court concludes that Illumina has sufficiently articulated good cause for sealing Exhibit 10. |
| 225-17 | Exhibit 11 | GRANTED.<br>The Walter declaration states that this is an excerpt of the Sale and Supply Agreement between Illumina and Ariosa that contains details of the structure of the Sale and Supply |

| | | |
|---|---|---|
| | | Agreement, intellectual property and parties' obligation with regard to the intellectual property, and purchases under the agreement. The declaration states that the public disclosure of this information may negatively impact Illumina's relationships with current and potential partners or licensees. Ariosa's motion states that the agreement contains a confidentiality provision, and was previous found sealable by this Court. Case No. 14-cv-01921, Dkt. No. 39.<br>After reviewing the Exhibit and the attached declaration, the Court concludes that Illumina has sufficiently articulated good cause for sealing Exhibit 11. |
| 225-19 | Exhibit 12 | GRANTED.<br>The Walter declaration states that this is the Master Supply Agreement between Illumina and LabCorp, and contains the details of the structure of the Master Supply Agreement, intellectual property and parties' obligations under the agreement. The declaration states that the public disclosure of this information may negatively impact Illumina's relationships with current and potential partners or licensees.<br>After reviewing the Exhibit and the attached declaration, the Court concludes that Illumina has sufficiently articulated good cause for sealing Exhibit 12. |
| 225-22 | Exhibit 13 | GRANTED.<br>The Walter declaration states that this is the Supply Agreement between Illumina and Quest, and contains the details of the structure of the Supply Agreement, intellectual property and parties' obligations under the agreement. The declaration states that the public disclosure of this information may negatively impact Illumina's relationships with current and potential partners or licensees.<br>After reviewing the Exhibit and the attached declaration, the Court concludes that Illumina has sufficiently articulated good cause for sealing Exhibit 13. |
| 225-25 | Exhibit 14 | GRANTED.<br>The Walter declaration states that this is the Settlement Agreement between Illumina, Verinata, and Sequenom, and contains the details of the structure of the Settlement Agreement, intellectual property and parties' obligations under |

| | | | |
|---|---|---|---|
| | | | the agreement.  The declaration states that the public disclosure of this information may negatively impact Illumina's relationships with current and potential partners or licensees.<br>After reviewing the Exhibit and the attached declaration, the Court concludes that Illumina has sufficiently articulated good cause for sealing Exhibit 14. |
| | 225-27 | Exhibit 15 | DENIED.<br>The Walter declaration states that this exhibit is the deposition transcript of witness Nicholas Naclerio in the related case *Verinata Health, Inc. et al. v. Sequenom, Inc. et al.* Case No. 3:12-cv-00865.  The declaration states that it contains confidential business strategy and methods for business analysis and modeling approaches regarding development of the prenatal diagnostics market, its IP strategy, and its relationships with partners, licensees, and customers.  The declaration also states that the public disclosure of this information may negatively impact Illumina's relationships with current and potential partners or licensees.<br>After reviewing the Exhibit and the attached declarations, the Court concludes that although Ariosa has sufficiently articulated good cause for redacting portions of Exhibit 15, it has failed to narrowly tailor its redactions.  Illumina proposes to seal whole pages of the transcript, including questions posed by counsel for Sequenom, objections interjected by counsel for Verinata, and miscellaneous testimony that does not appear to be sealable.[2] |
| | 225-29 | Exhibit 16 | GRANTED.<br>The Walter declaration cites Ariosa's Administrative Motion to File Under Seal that this exhibit was created by Ariosa and contains confidential and commercially sensitive information about Ariosa's internal finances, pricing, marketing, strategy, and IP strategy.<br>After reviewing the Exhibit and the attached declarations, the Court concludes that Ariosa has sufficiently articulated good cause for redacting portions of Exhibit 16. |

---

[2] The Court has previously issued the same ruling on a similar motion to seal similar deposition transcripts.  Dkt. No. 162.

11

Pursuant to Civil Local Rule 79-5(f), the Court shall not file any documents for which the parties' applications to file under seal have been denied. The submitting party may retain the document and not make it part of the record in the case, or **within 7 days** re-submit the document for filing in the public record with any necessary amendments that are consistent with this order. The parties' briefs may also be redacted and resubmitted as consistent with the Court's ruling on the documents above. This order resolves all motions to seal under Docket Nos. 208, 216, and 225.

**IT IS SO ORDERED.**

Dated: April 24, 2015

_____
SUSAN ILLSTON
United States District Judge