UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERINATA HEALTH, INC., et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>ARIOSA DIAGNOSTICS, INC,<br><br>  Defendant. | Case No. 12-cv-05501-SI<br><br>**ORDER GRANTING MOTION FOR LIMITED LIFT OF STAY**<br><br>Re: Dkt. No. 249 |

Now before the Court is Illumina's motion for a limited lift of stay, scheduled for argument on August 28, 2015. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby **VACATES** the hearing. For the reasons stated below, the Court **GRANTS** Illumina's motion.

**BACKGROUND**

This is a patent infringement action. Plaintiffs Illumina Inc., Verinata Health, Inc. and the Board of Trustees of the Leland Stanford Junior University (collectively "Illumina") accuse Ariosa's Harmony™ Prenatal Test of infringing U.S. Patent No. 8,296,076 ("the '076 patent"), U.S. Patent No. 8,318,430 ("the '430 patent"), and U.S. Patent No. 7,955,794 (the '794 Patent). Defendant Ariosa has filed a counterclaim for breach of contract.

In May 2013, Ariosa filed petitions for *inter partes* review, requesting that the Patent Trial and Appeal Board ("PTAB") review claims 1-30 of the '430 patent and claims 1-13 of the '076 patent. On October 25, 2013, the PTAB instituted *inter partes* review of claims 1-30 of the '430 Patent on obviousness grounds. On November 20, 2013, PTAB instituted *inter partes* review of claims 1-13 of the '076 Patent on anticipation and obviousness grounds. On October 23, 2014, the PTAB issued two orders holding that Ariosa had failed to show that claims 1-30 of the '430 Patent are unpatentable. *See Ariosa Diagnostics, Petitioner*, IPR2013-00276, 2014 WL 5454541(Oct. 23, 2014); *Ariosa Diagnostics, Petitioner*, IPR2013-00277, 2014 WL 5454542 (Oct. 23, 2014). On

November 19, 2014, the PTAB issued an order finding that the challenged claims of the '076 Patent are unpatentable. *See Ariosa Diagnostics, Petitioner*, IPR2013-00308, 2014 WL 6617697 (Nov. 19, 2014). These PTAB rulings have all been appealed to the Federal Circuit. On January 8, 2015, PTAB instituted *inter partes* review of claims 1-22 of the '794 Patent. *See Ariosa Diagnostics, Inc., Petitioner*, IPR2014-01093, 2015 WL 153677 (Jan. 8, 2015).

On August 7, 2014, this Court held that Ariosa was entitled to pursue its counterclaims for breach of contract and the convenant of good faith and fair dealing in a judicial forum, notwithstanding an arbitration clause in the underlying contract between the parties. C. 14-cv-1921, Docket No. 40. These counterclaims are of central importance to Ariosa's defense, because they relate to its assertion that Illumina granted it an express or implied license to practice the '794 Patent. *Id.* at 5. On September 8, 2014, Illumina appealed this Court's ruling to the Federal Circuit. C. 14-cv-1921, Docket No. 56.

On February 2, 2015, this Court granted Ariosa's third motion to stay pending the final exhaustion of the *inter partes* review proceedings to which the '794 Patent is subject, the Federal Circuit appeals from *inter partes* review to which the '430 and '076 Patents are subject, and the appeal from the Court's order finding that it has subject matter jurisdiction to hear Ariosa's breach counterclaims. Docket No. 229.

On June 23, 2015, the Federal Circuit issued a two-sentence opinion, finding that it did not have jurisdiction to hear Illumina's appeal of this Court's order refusing to enforce the arbitration clause. Illumina had appealed this Court's order under 9 U.S.C. § 16(a)(1), which permits direct appeal of a court's order denying a motion to compel arbitration. While the substance of Illumina's motion asked the court to compel arbitration, it was styled as a motion to dismiss Ariosa's counterclaims. The Federal Circuit found this formality divested it of jurisdiction to hear the appeal, ruling that "[i]n order to resolve uncertainty affecting our jurisdiction, we remand the case to the district court to afford [Illumina] the opportunity to move to compel arbitration. The district court may take such action as is appropriate." Docket No. 249, Exh. 3.

## DISCUSSION

Illumina filed a motion to compel arbitration concurrently with the present motion for limited lift of stay. Docket No. 250. The motion to compel arbitration evidently advances new arguments, and relies on different evidence than did its original motion to dismiss. Ariosa contends that this constitutes an improper attempt to have a second bite at the apple:

> Although the Federal Circuit gave Illumina a chance to correct that jurisdictional defect, under no circumstances did the Federal Circuit suggest that Illumina could use that second chance to make new arguments and offer new evidence to obtain a substantively different result. Nonetheless, Illumina stretches the bounds of the Federal Circuit's generosity and, under the guise of responding to the Federal Circuit's order, attempts to achieve these improper ends. That attempt should be rejected.

Def. Opp'n at 2-3.

Ariosa insists that the proper course should be to lift the stay solely to permit Illumina to file a motion to compel arbitration which is substantively identical to its motion to dismiss so that it may receive an appealable order. However, Ariosa cites no case holding that the scope of this remand must be circumscribed to this narrow purpose. While it may seem unfair to Ariosa that Illumina should get a second bite at the apple as a windfall for bringing the wrong motion in the first instance, there is nothing in the Federal Circuit's order remanding this action which would suggest that this Court should not or cannot consider new arguments or evidence advanced by either party. Indeed, the Federal Circuit's language, directing the Court to "take such action as is appropriate," suggests that this Court enjoys broad discretion in how to proceed.

The Court therefore declines to require Illumina to merely parrot the language of its original motion to dismiss. Both parties may litigate the motion to compel as they see fit. Accordingly, the Court **GRANTS** Illumina's order for a limited lift of the stay, and it will consider the motion to compel filed on July 20, 2015. This order resolves Docket No. 249.

**IT IS SO ORDERED.**

Dated: July 30, 2015

_____
SUSAN ILLSTON
United States District Judge