1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7
ILLUMINA, INC.,

Case No.   15-cv-02216-SI

Plaintiff,
8

v.
9

**ORDER CONSOLIDATING CASES
AND DISMISSING WITHOUT
PREJUDICE MOTIONS TO DISMISS**

ARIOSA DIAGNOSTICS, INC., et al.,
10

Defendants.

Re: Dkt. Nos. 27, 28, 29, 34, 38

11

12

United States District Court
Northern District of California

13          Now before the Court are motions by defendants Ariosa Diagnostics, Inc. and Roche

14    Molecular Systems, Inc. to dismiss Illumina's first amended complaint ("FAC") for failure to state

15    a claim.  The motions are currently set for argument on August 13, 2015. Docket Nos. 27, 28.

16    Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without

17    oral argument and hereby **VACATES** the hearing. For the reasons stated below, the Court

18    **CONSOLIDATES** this action with Case No. 12-cv-5501, and **STAYS** the action in accordance

19    with its prior order. *See* C. 12-cv-5501, Docket Nos. 229, 230. Ariosa's and Roche's motions are

20    **DISMISSED** without prejudice to refiling upon the lifting of the stay.

21

22                                                    **BACKGROUND**

23          This is a patent infringement action.  Plaintiffs Illumina Inc., Verinata Health, Inc. and the

24    Board of Trustees of the Leland Stanford Junior University (collectively "Illumina") accuse

25    Ariosa's Harmony^TM Prenatal Test of infringing U.S. Patent No. 8,296,076 ("the '076 patent"),

26    U.S. Patent No. 8,318,430 ("the '430 patent"), and U.S. Patent No. 7,955,794 (the '794 Patent).

27    Defendant Ariosa has filed a counterclaim for breach of contract.

28          In May 2013, Ariosa filed petitions for *inter partes* review, requesting that the Patent Trial

1    and Appeal Board ("PTAB") review claims 1-30 of the '430 patent and claims 1-13 of the '076

2    patent.   On October 25, 2013, the PTAB instituted *inter partes* review of claims 1-30 of the '430

3    Patent on obviousness grounds. On November 20, 2013, PTAB instituted *inter partes* review of

4    claims 1-13 of the '076 Patent on anticipation and obviousness grounds. On October 23, 2014, the

5    PTAB issued two orders holding that Ariosa had failed to show that claims 1-30 of the '430 Patent

6    are unpatentable. *See Ariosa Diagnostics, Petitioner*, IPR2013-00276, 2014 WL 5454541(Oct. 23,

7    2014); *Ariosa Diagnostics, Petitioner*, IPR2013-00277, 2014 WL 5454542 (Oct. 23, 2014). On

8    November 19, 2014, the PTAB issued an order finding that the challenged claims of the '076

9    Patent are unpatentable. *See Ariosa Diagnostics, Petitioner*, IPR2013-00308, 2014 WL 6617697

10   (Nov. 19, 2014). These PTAB rulings have all been appealed to the Federal Circuit. On January 8,

11   2015, PTAB instituted *inter partes* review of claims 1-22 of the '794 Patent. *See Ariosa*

12   *Diagnostics, Inc., Petitioner*, IPR2014-01093, 2015 WL 153677 (Jan. 8, 2015).

13       On August 7, 2014, this Court held that Ariosa was entitled to pursue its counterclaims for

14   breach of contract and the covenant of good faith and fair dealing in a judicial forum,

15   notwithstanding an arbitration clause in the underlying contract between the parties. C. 14-cv-

16   1921, Docket No. 40. These counterclaims are of central importance to Ariosa's defense, because

17   they relate to its assertion that Illumina granted it an express or implied license to practice the '794

18   Patent. *Id.* at 5.   On September 8, 2014, Illumina appealed this Court's ruling to the Federal

19   Circuit. C. 14-cv-1921, Docket No. 56.

20       On February 2, 2015, this Court granted Ariosa's third motion to stay pending the final

21   exhaustion of the *inter partes* review proceedings to which the '794 Patent is subject, the Federal

22   Circuit appeals from *inter partes* review to which the '430 and '076 Patents are subject, and the

23   appeal from this Court's order finding that it has subject matter jurisdiction to hear Ariosa's

24   breach counterclaims. Docket No. 229.

25       The present action was filed by Illumina on May 18, 2015. Docket No. 1. Illumina filed an

26   amended complaint on June 10, 2015. Docket No. 17, FAC. The FAC alleges infringement of the

27   '794 patent against both Ariosa and Roche by performing a new "microarray-based version" of the

28

Harmony<sup>TM</sup> Prenatal Test.[1] Now before the Court are Ariosa's and Roche's motions to dismiss, filed on July 7, 2015. Docket Nos. 27, 28.

## DISCUSSION

In their motions, Ariosa and Roche argue that the FAC is legally defective for failure to state a claim, but also procedurally defective because it constitutes an improper collateral attack on the Court's stay order in C. 12-cv-5501. Specifically, defendants contend that if Illumina wishes to add a new infringing product – the microarray-based Harmony Test – and a new party – Roche – to the litigation, it must wait for the stay to be lifted and file a motion to amend its complaint. Defendants argue that the proper remedy is to dismiss this action in its entirety. However, in the event the Court declines to dismiss this case, defendants argue that it should be consolidated and stayed with C. 12-cv-5501.

Illumina argues that this litigation is not a collateral attack on the Court's stay order, because it could not have been reasonably expected to amend its complaint in the stayed case. It notes that this litigation was stayed only a few days after the new microarray-based test was put into use, and only a few weeks after Roche's acquisition of Ariosa became final. Accordingly, it had insufficient time to draft and file a motion to amend its complaint before the stay was put into effect. Additionally, Illumina points to a contractual obligation with a non-party to this action which precluded it from bringing an infringement suit against the microarray-based test before mid-May of 2015. Illumina urges the Court to consolidate and stay this case with the currently stayed litigation.

"If actions before the court involve a common question of law or fact, the court may consolidate the action." Fed. R. Civ. P. 42(a)(2). District courts have "broad discretion under this

---

[1] On December 2, 2014, Roche announced its acquisition of Ariosa. FAC ¶ 31. The acquisition was completed in January of 2015, making Ariosa a wholly-owned subsidiary of Roche. FAC ¶ 6.

United States District Court
Northern District of California

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

rule to consolidate cases pending in the same district." *Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of California*, 877 F.2d 777, 777 (9th Cir. 1989). "To determine whether to consolidate, a court weighs the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation." *Southwest Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989).

The parties dedicate much of their briefs and many, many words to dichotomizing what is, at bottom, a distinction without a difference. In practice, whether the Court adopts plaintiffs' or defendants' preferred course of action makes little difference to the outcome of this case; it will confer no substantive litigation advantage, nor inflict prejudice upon either party. In any event, the Court finds that the interests of judicial economy would be best served by consolidating and staying this case. Accordingly, the Court **CONSOLIDATES** this case with C. 12-cv-5501, and **STAYS** the case in accordance with its prior order. *See* C. 12-cv-5501, Docket Nos. 229, 230. All pending motions are **DISMISSED** without prejudice to refiling upon the lifting of the stay. This order resolves Docket Nos. 27, 28, 29, 34, 38.

**IT IS SO ORDERED**.

Dated: August 10, 2015

SUSAN ILLSTON
United States District Judge