IRELL & MANELLA LLP
David I. Gindler (117824)
dgindler@irell.com
Andrei Iancu (184973)
aiancu@irell.com
Sandra Haberny (260977)
shaberny@irell.com
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone:  (310) 277-1010
Facsimile:   (310) 203-7199

Attorneys for Defendant and Counterclaim
Plaintiff ARIOSA DIAGNOSTICS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VERINATA HEALTH, INC., <br><br> and <br><br> THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY, <br><br> Plaintiffs and Counterclaim-Defendants, <br><br> v. <br><br> ARIOSA DIAGNOSTICS, INC., <br><br> and <br><br> LABORATORY CORPORATION OF AMERICA HOLDINGS, <br><br> Defendants and Counterclaim-Plaintiffs. | Lead Case No. 3:12-cv-05501-SI <br> Case No. 3:14-cv-01921-SI <br> Case No. 3:15-cv-02216-SI <br><br> **ARIOSA DIAGNOSTICS, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE PORTIONS OF DEFENDANTS' INVALIDITY CONTENTIONS** <br><br> Date of Hearing: January 20, 2017 <br> Time of Hearing: 9:00 a.m. <br><br> Judge:   Hon. Susan Illston <br> Location:  Courtroom 1, 17th Floor |
| ILLUMINA, INC., <br><br> Plaintiff and Counterclaim-Defendant, <br><br> v. <br><br> ARIOSA DIAGNOSTICS, INC., <br><br> Defendant and Counterclaim-Plaintiff. | |

ILLUMINA, INC.,

        Plaintiff and Counterclaim-
        Defendant,

   v.

ARIOSA DIAGNOSTICS, INC. and ROCHE
MOLECULAR SYSTEMS, INC.,

        Defendants and Counterclaim-
        Plaintiffs.

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................... 1

II.    BACKGROUND ...................................................................................................... 2

    A.    Initiation Of These Lawsuits And Ariosa's Simplification Of The
Litigation By Invalidating The Asserted '076 Patent In IPR ................................ 2

    B.    The '430 Patent .................................................................................................... 3

        1.    Ariosa's Invalidity Contentions Addressing The '430 Patent ..................... 3

        2.    Ariosa's IPRs Addressing The '430 Patent ................................................. 3

    C.    Plaintiffs' Serial Litigations: The New Suit Asserting The '794
Patent ................................................................................................................... 4

    D.    Plaintiffs' Serial Litigations: Yet Another '794 Patent Suit ................................. 5

    E.    Status Of Ariosa's Invalidity Contentions ........................................................... 7

III.    ARGUMENT ........................................................................................................... 8

    A.    Plaintiffs' Motion Is Procedurally Improper ....................................................... 8

    B.    Judicial Estoppel Does Not Apply ....................................................................... 9

        1.    There Is Nothing "Clearly Inconsistent" About Ariosa's
Positions ................................................................................................... 10

        2.    Whether The Court "Accepted" Ariosa's Alleged Position Is
Irrelevant Because It Is Purely A Legal Argument Affected
By An Intervening Controlling Decision ................................................... 10

        3.    Plaintiffs, Not Ariosa, Would Derive An Unfair Advantage
If Ariosa Is Prevented From Ever Litigating The Merits Of
Its Claims ................................................................................................. 11

    C.    Statutory Estoppel Does Not Apply To Any Of Ariosa's Grounds
Challenging The '794 Patent Or To Ariosa's Petitioned But Not
Instituted Grounds Challenging The '430 Patent ............................................... 13

        1.    Contrary To Plaintiffs' Allegations, The AIA Does Not
Establish A Wholesale Bar On All Prior Art-Based Invalidity
Challenges After IPR ................................................................................ 13

        2.    Controlling Federal Circuit Law Prohibits The Application
Of Estoppel To Ariosa's Grounds That Were Not Instituted
By The PTAB ............................................................................................ 15

1

           3.      Ariosa's Grounds Based On Combinations With Physical Products Are Indisputably Outside The Scope Of The Estoppel Provision .................................................................................... 16

           4.      Estoppel Does Not Bar The Instituted Ground Challenging The '794 Patent Because It Could Not Have Been Raised On The Merits And Did Not Result In Final Written Decision On Patentability ..................................................................................... 18

IV.     CONCLUSION ............................................................................................. 20

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

## <u>TABLE OF AUTHORITIES</u>

3

**Page(s)**

4

**Cases**

5

6

*Ariosa Diagnostics v. Verinata Health, Inc.*,
   805 F.3d 1359 (Fed. Cir. 2015) ................................................................................................4

7

*Biomedical Patent Mgmt. Corp. v. California*,
   505 F.3d 1328 (Fed. Cir. 2007) ..............................................................................................11

8

9

*California v. United States*,
   512 F. Supp. 36 (N.D. Cal. 1981) .............................................................................................8

10

*Canadian St. Regis Band of Mohawk Indians v. New York*,
   278 F. Supp. 2d 313 (N.D.N.Y. 2003) .....................................................................................9

11

12

*Caribbean I Owners' Ass'n v. Great Am. Ins. Co.*,
   619 F. Supp. 2d 1178 (S.D. Ala. 2008) ..................................................................................12

13

*Clearlamp, LLC v. LKQ Corp.*,
   12-cv-2533, Dkt. No. 193 (N.D. Ill. March 18, 2016) ..........................................................17

14

*Cuozzo Speed Techs., LLC v. Lee*,
   136 S. Ct. 2131 (2016) .................................................................................................12, 13, 14

15

16

*Dynamic Drinkware, LLC v. National Graphics, Inc.*,
   800 F.3d 1375 (Fed. Cir. 2015) .....................................................................................2, 5, 19

17

*EEOC & Gutierrez v. Interstate Hotels, L.L.C.*,
   No. C 04-4092, 2005 U.S. Dist. LEXIS 45000 (N.D. Cal. Apr. 14, 2005) .....................8, 9, 13

18

19

*Ex Parte Jo Anne Robbins*,
   No. 2009-001866, 2009 WL 3490271 (BPAI Oct. 27, 2009) .................................................18

20

*Ex Parte Yamaguchi*,
   88 U.S.P.Q.2d 1606 (BPAI Aug. 29, 2008) ...........................................................................18

21

22

*Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*,
   234 F.3d 558 (Fed. Cir. 2000) ................................................................................................20

23

24

*HP Inc. v. MPHJ Tech. Invs., LLC*,
   817 F.3d 1339 (Fed. Cir. 2016) .........................................................................................15, 16

25

26

*Illumina, Inc. v. Qiagen N.V.*,
   No. C 16-2788, 2016 U.S. Dist. LEXIS 122571 (N.D. Cal. Sept. 9, 2016) .....................15, 16

27

28

Ariosa's Opposition to Plaintiffs' Motion to Strike
Portions of Defendants' Invalidity Contentions

iii

Case No. 3:12-cv-05501-SI
Case No. 3:14-cv-01921-SI
Case No. 3:15-cv-02216-SI

*In re 2TheMart.com, Inc. Sec. Litig.*,
  114 F. Supp. 2d 955 (C.D. Cal. 2000) ............................................................8, 9

*Intellectual Ventures I LLC v. Symantec Corp.*,
  838 F.3d 1307 (Fed. Cir. 2016) ....................................................................12

*Jarrard v. CDI Telecomms., Inc.*,
  408 F.3d 905 (7th Cir. 2005) ........................................................................12

*Kaiser v. Bowlen*,
  455 F.3d 1197 (10th Cir. 2006) ....................................................................11

*Leghorn v. Wells Fargo Bank, N.A.*,
  950 F. Supp. 2d 1093 (N.D. Cal. 2013) .........................................................8

*Longaberger Co. v. Kolt*,
  586 F.3d 459 (6th Cir. 2009) ........................................................................11

*Lowery v. Stovall*,
  92 F.3d 219 (4th Cir. 1996) ..........................................................................11

*Medtronic, Inc. v. Lee*,
  151 F. Supp. 3d 665 (E.D. Va. 2016) ...........................................................20

*Milton H. Greene Archives, Inc. v. Marilyn Montor, LLC*,
  692 F.3d 983 (9th Cir. 2012) ........................................................................10

*Montanile v. Bd. of Trs. of the Nat'l Elevator Indus. Health Ben. Plan*,
  136 S. Ct. 651 (2016) ...................................................................................11

*Mull v. Motion Picture Indus. Health Plan*,
  No. CV 12-6693, 2014 U.S. Dist. LEXIS 57424 (C.D. Cal. Feb. 4, 2014) ...............12

*New Hampshire v. Maine*,
  532 U.S. 742 (2001) .......................................................................................9

*New York City Employees' Ret. Sys. v. Berry*,
  667 F. Supp. 2d 1121 (N.D. Cal. 2009) ..........................................................9

*Phan v. Terhune*,
  No. C 02-1348, 2008 U.S. Dist. LEXIS 110742 (N.D. Cal. Mar. 20, 2008) ...............11

*Purex Corp. v. General Foods Corp.*,
  318 F. Supp. 322 (C.D. Cal. 1970) ...............................................................8, 9

*Shaw Indus. Grp., Inc. v. Automated Creel Sys., Inc.*,
  817 F.3d 1293 (Fed. Cir. 2016) ............................................................. *passim*

*Star Envirotech, Inc. v. Redline Detection, LLC*,
  No. SACV 12-1861, 2015 U.S. Dist. LEXIS 107149 (C.D. Cal. Jan. 29, 2015) ...........8, 17

1

2

*Synopsys, Inc. v. Mentor Graphics Corp.*,
    814 F.3d 1309 (Fed. Cir. 2016) ..................................................................................15

3

*William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp.*,
    744 F.2d 935 (2d Cir. 1984), *rev'd on other grounds* 478 U.S. 1015 (1986) ............8

4

**Statutes**

5

19 U.S.C. § 1337 ("Tariff Act of 1930") ..........................................................................14

6

35 U.S.C. § 101 ..................................................................................................................20

7

8

35 U.S.C. § 102 ......................................................................................................... *passim*

9

35 U.S.C. § 103 ......................................................................................................... *passim*

10

35 U.S.C. § 112 ..................................................................................................................19

11

35 U.S.C. § 302 ..................................................................................................................14

12

35 U.S.C. § 315 ......................................................................................................... *passim*

13

35 U.S.C. § 316 ..................................................................................................................14

14

35 U.S.C. § 318 ......................................................................................................... *passim*

15

35 U.S.C. § 325 ....................................................................................................................4

16

**Other Authorities**

17

Federal Rule of Civil Procedure 12(f) ................................................................................8

18

Patent Local Rule 3-1 ......................................................................................................3, 7

19

Patent Local Rule 3-3 ..................................................................................................3, 5, 7

20

Manual of Patent Examining Procedure § 2127(I) ..........................................................18

21

22

23

24

25

26

27

28

Ariosa's Opposition to Plaintiffs' Motion to Strike
Portions of Defendants' Invalidity Contentions          v          Case No. 3:12-cv-05501-SI
                                                                    Case No. 3:14-cv-01921-SI
                                                                    Case No. 3:15-cv-02216-SI

I.      **INTRODUCTION**

Under controlling California law, to prevail on their motion to strike ("Motion"), Plaintiffs carry the burden of demonstrating that there is no dispute of fact or law, and that even viewed in the light most favorable to Ariosa, they still should prevail. Plaintiffs come nowhere near meeting that burden. Every issue raised in Plaintiffs' Motion is in dispute. Moreover, Ariosa is demonstrably correct on the facts and law.

First, Plaintiffs assert that Ariosa is judicially estopped from raising its 35 U.S.C. §§102 and 103-based invalidity claims because Ariosa has previously argued that after the *inter partes* reviews ("IPRs") it would be estopped from pursuing in the district court any invalidity grounds it "raised or reasonably could have raised" during the IPRs. But there is nothing inconsistent about that and Ariosa's current position maintaining its invalidity arguments for certain references that Ariosa contends it did not "raise" nor could it "reasonably … have raised" during the IPRs. There is only a dispute between Plaintiffs' and Ariosa's respective views on *whether* Ariosa "raised or could have raised" the grounds at issue. This is insufficient to trigger judicial estoppel. Moreover, even if Ariosa had taken inconsistent positions in this regard (it did not), they are purely legal arguments that cannot give rise to judicial estoppel, particularly in view of the intervening Federal Circuit opinion in *Shaw Indus. Grp., Inc. v. Automated Creel Sys., Inc.*, 817 F.3d 1293 (Fed. Cir. 2016).

Second, Plaintiffs' assertion that Ariosa is estopped under §§ 315(e)(2) and 318(a) from pursuing all of its §§ 102 and 103-based grounds stems from a far-fetched and unsupported extrapolation of the Federal Circuit's *Shaw* opinion. Plaintiffs' interpretation of *Shaw* ignores the Federal Circuit's clear mandate: that § 315(e) estoppel does not apply to any grounds that were included in a petition for IPR but for which the PTAB declined to institute. Regarding U.S. Patent No. 7,944,794 (the "'794 patent"), all of Ariosa's patent and printed publication references were included in IPR petitions. The Patent Trial and Appeal Board ("PTAB") instituted on only one ground (the Fan reference). And there are several grounds that Ariosa included in its petition for IPR of U.S. Patent No. 8,318,430 (the "'430 patent") for which the PTAB declined to institute. These petitioned-but-not-instituted grounds are exempt from estoppel under any reasonable

1    reading of the controlling law.

2        Plaintiffs do not even address additional facts and law that are fatal to their argument.

3    Among other things, all of the patents and printed publications included in Ariosa's '794 invalidity

4    contentions are combined with physical product prior art in § 103 obviousness grounds. These

5    combinations indisputably could not have been raised in the IPRs pursuant to § 311(b), which

6    limits IPR grounds to patents and printed publications.

7        Moreover, in its final written decision on the '794 patent, the PTAB refused to actually

8    address the merits of Ariosa's only instituted ground (the Fan reference). Ariosa could not have

9    "raised" its Fan ground pursuant to § 315(e)(2), nor did it receive a final written decision on the

10   "patentability" of the challenged claims pursuant to § 318. Rather, in an unpredictable series of

11   events after all arguments had been presented on the merits, the PTAB implemented a new

12   standard for presenting evidence to establish § 102(e) priority dates. This new standard stemmed

13   from the PTAB's interpretation of an intervening Federal Circuit decision in *Dynamic Drinkware,*

14   *LLC v. National Graphics, Inc.*, 800 F.3d 1375 (Fed. Cir. 2015), which issued after all merits

15   briefing and oral argument occurred in the IPR. The PTAB subsequently refused in its final

16   written decision to consider Ariosa's instituted ground on the merits, because it found that

17   Ariosa's pre-*Dynamic Drinkware* briefing and argument failed to comply with the PTAB's newly

18   imposed standard. Sections 315(e)(2) and 318(a) cannot bar Ariosa from pursuing its Fan-based

19   ground in Court when it could not actually do so in the PTO.

20       Plaintiffs cannot meet the burden of establishing that this is a proper motion to strike. Their

21   arguments also fail on the merits. For at least these reasons, the Motion should be denied.

22   **II.    BACKGROUND**

23       **A.    Initiation Of These Lawsuits And Ariosa's Simplification Of The Litigation By
               Invalidating The Asserted '076 Patent In IPR**

24

25       Plaintiffs Verinata Health, Inc. ("Verinata") and the Board of Trustees of the Leland

26   Stanford Junior University ("Stanford") initially brought this litigation on October 25, 2012,

27   alleging that Ariosa infringes U.S. Patent No. 8,296,076 (the "'076 patent") (the "-05501" suit).

28   They thereafter amended their complaint to allege that Ariosa also infringes the '430 patent.

1    On May 24, 2013, Ariosa filed a petition for IPR, IPR2013-00308, challenging the validity

2    of all of the asserted claims of the '076 patent. Haberny Decl.,[1] Ex. A. On November 19, 2014, the

3    PTAB issued its final written decision, finding that Ariosa had "shown by a preponderance of the

4    evidence that claims 1-13 of the '076 patent are unpatentable." Haberny Decl., Ex. B, at 38.

5    Stanford attempted to appeal; however, the Federal Circuit issued a summary affirmance of

6    the PTAB's decision. Haberny Decl., Exs. C, D. Thus, Ariosa's IPR disposed of an entire patent at

7    issue in the case, and significantly streamlined the litigation.

8    **B.    The '430 Patent**

9    **1.    Ariosa's Invalidity Contentions Addressing The '430 Patent**

10    Ariosa first served Patent L.R. 3-3 invalidity contentions addressing the '430 patent on

11    March 22, 2013. Walter Decl., Ex. 1. Ariosa thereafter filed a motion to supplement those

12    invalidity contentions in response to an amended Patent L.R. 3-1 infringement disclosure that

13    Verinata had served on March 10, 2014. *See* Dkt. No. 130. Over Verinata's opposition, Ariosa's

14    motion for leave to amend was granted on April 25, 2014. *Id.* Ariosa then served its amended

15    invalidity contentions, which did not newly address any §§ 102 or 103 grounds, on April 25, 2014.

16    Walter Decl., Ex. 2. Ariosa has never been granted leave to file further amendments to its Patent

17    L.R. 3-3 invalidity contentions regarding the '430 patent. Nor have Plaintiffs sought to meet and

18    confer with Ariosa regarding its '430 patent-directed invalidity contentions at any time after

19    Ariosa served its April 25, 2014 amended contentions. Haberny Decl., ¶10.

20    **2.    Ariosa's IPRs Addressing The '430 Patent**

21    On May 10, 2013, Ariosa filed two IPRs collectively challenging all asserted claims of the

22    '430 Patent. Walter Decl., Exs. 3, 25. Ariosa asserted three § 103-based grounds of invalidity in its

23    petitions: (1) the combined teachings of Dhallan and Binladen; (2) the combined teachings of

24    Quake and Craig; and (3) the combined teachings of Shoemaker, Dhallan, and Binladen. Walter

25    Decl., Exs. 3, 25. The PTAB instituted on only one ground: obviousness over the combined

26

27

28    [1] Citations to "Haberny Decl." refer to the Declaration of Sandra L. Haberny, filed concurrently herewith. Citations to "Walter Decl." refer to the Declaration of Derek C. Walter, Dkt. No. 301.

teachings of Shoemaker, Dhallan, and Binladen. *See* Walter Decl., Exs. 4, 26. The PTAB issued a final written decision on October 23, 2014, finding that Ariosa had not sufficiently established a motivation to combine the asserted references because, according to the PTAB, Ariosa purportedly had not sufficiently cited in its petition to a reference ("Exhibit 1010") that established skill in the art at the time. *See* Walter Decl., Ex. 5, at 17-19; Ex. 27, at 17-19.

Ariosa successfully appealed the final written decision to the Federal Circuit, which remanded the IPRs to the PTAB. *Ariosa Diagnostics v. Verinata Health, Inc.*, 805 F.3d 1359, 1360, 1368 (Fed. Cir. 2015). The Federal Circuit found that the PTAB erred in failing to consider Exhibit 1010 "simply because the [reference] had not been identified at the petition stage as one of the pieces of prior art defining a combination for obviousness." *Id.* at 1365; *see also* Walter Decl. Ex. 11, at 11. On remand, the PTAB nevertheless affirmed its previous decision on other grounds. Walter Decl., Ex. 11.

While the Federal Circuit appeal regarding the first '430 IPR final written decision was pending, Ariosa filed a request for *ex parte* reexamination of the '430 patent, asserting three grounds of invalidity, one of which was a ground for which the PTAB had denied IPR institution (Dhallan combined with Binalden). Walter Decl., Exhibit 12 at 2-5. Ariosa's request was granted, and the USPTO found that on the merits, "all three combinations proposed by [Ariosa] presented a substantial new question of patentability." Walter Decl., Ex. 13, at 5.

Illumina moved to terminate the reexaminations on May 24, 2016. *Id.* The PTAB granted Illumina's motion, recognizing that "even if Petitioner is not estopped at the district court under 35 U.S.C. § 315(e)(2) from pursuing certain of the grounds of unpatentability it is advocating in its ex parte reexamination request, 35 U.S.C. §§ 315(d) and 325(d) gives [the PTAB] the discretion to terminate the ex parte reexamination of the '430 patent based on the present *inter partes* reviews." Walter Decl., Ex. 13, at 7 (citing *Shaw*, 817 F.3d 1293).

## C.   Plaintiffs' Serial Litigations: The New Suit Asserting The '794 Patent

On January 7, 2013, Plaintiff Illumina, Inc. ("Illumina") announced that it was acquiring Verinata (Ariosa's competitor). Haberny Decl., Ex. E. On April 25, 2014, Illumina (now an interested party) filed yet another suit against Ariosa, this time accusing it of infringing the '794

1   Patent (the "-01921" suit).

2        On July 2, 2014, Ariosa filed a petition for IPR, IPR2014-01093, challenging claims 1-22

3   of the '794 patent on three grounds: (1) anticipation by Fan under, among other things, §102(e)(2);

4   (2) obviousness over the combined teachings of Fan and Lizardi under § 103; and (3) obviousness

5   over the combined teachings of Straus, Rothberg, and Walt under § 103. Walter Decl., Ex. 16, at

6   4. Ariosa thereafter served its '794 Patent L.R. 3-3 invalidity contentions on July 18, 2014, which

7   included these grounds. Walter Decl., Ex. 14 at 18-32.

8        On January 8, 2015, the PTAB instituted Ariosa's '794 patent IPR on only one of the

9   petitioned grounds: anticipation by the Fan reference. Walter Decl., Ex. 16 at 6-8. The PTAB

10  declined to institute on the other petitioned grounds. *Id.* at 10, 11. All merits briefing and oral

11  argument in Ariosa's '794 patent IPR concluded on August 24, 2015. Walter Decl., Ex. 18, at 2.

12  After that, no further substantive argument was permitted before the final written decision.

13       On September 4, 2015, after merits arguments concluded but before the deadline for final

14  written decision, the Federal Circuit issued an order in the case of *Dynamic Drinkware,* 800 F.3d

15  1375. This decision gave rise to what the PTAB interpreted as a new standard for establishing

16  evidence that references, such as Fan, are prior art under § 102(e). *See* section III.C.4 below.

17       On January 7, 2016, the PTAB issued a final written decision in Ariosa's '794 IPR. Walter

18  Decl., Ex. 18. The final written decision was not based on a substantive determination of

19  patentability. Rather, it was grounded entirely on the PTAB's determination that Ariosa's petition

20  and briefing (completed long before the *Dynamic Drinkware* decision issued) failed to comply

21  with what the PTAB asserted were the requirements (established only after *Dynamic Drinkware*

22  decision) for establishing that the Fan reference was entitled to its earliest priority date under

23  §102(e) for purposes of anticipation in the IPR. Walter Decl., Ex. 18 at 14-15. Defendants have

24  appealed the final written decision to the Federal Circuit, and that appeal is currently pending.

25  Case No. 17-1020 (consolidated with lead Case No. 16-2388).

26       **D.      Plaintiffs' Serial Litigations: Yet Another '794 Patent Suit**

27       This Court stayed the -05501 and -01921 cases on February 2, 2015. Dkt. No. 229.

28  Illumina nevertheless, on May 18, 2015, filed another complaint against Ariosa alleging

Ariosa's Opposition to Plaintiffs' Motion to Strike
Portions of Defendants' Invalidity Contentions                - 5 -                Case No. 3:12-cv-05501-SI
                                                                                   Case No. 3:14-cv-01921-SI
                                                                                   Case No. 3:15-cv-02216-SI

1   infringement of the '794 patent. Case No. 15-cv-02216 (the "-02216" suit). This time, Illumina

2   also added Roche Molecular Systems, Inc. ("RMS") as a co-defendant. This new case was

3   consolidated with the -05501 and -01921 cases. Dkt. No. 248.

4          On April 24, 2015, RMS filed a petition for IPR, IPR2015-01091, challenging the '794

5   patent, asserting multiple §§ 102 and 103-based grounds that comprised 18 different combinations

6   of the Shuber, Straus, Fodor, Backman, and Walt references. Walter Decl., Ex. 21. On October 30,

7   2015, The PTAB denied institution on all of the petitioned grounds. Walter Decl., Ex. 22. The

8   PTAB concluded that the petition was "belated" because the PTAB believed that RMS should

9   have filed the petition earlier, and that the grounds petitioned by RMS were "duplicative" of those

10  raised by Ariosa in its IPR. *Id.* at 16; *see also id.* at 14 ("Based on the information presented, we

11  are persuaded that the instant Petition raises, at minimum, 'substantially the same … arguments'

12  that 'previously were presented to the Office' in the Petition filed in [Ariosa's '794 patent IPR].").

13         The PTAB later explained in Ariosa's '794 IPR that in terms of denying RMS's petition, it

14  had determined that it was Ariosa, not RMS, that had actually filed the petition: "Petitioner

15  [Ariosa] filed a second Petition for *inter partes* review; [*sic*] IPR2015-01091. The nominal

16  Petitioner in IPR2015-01091, Roche, is also a named real party-in-interest in the instant

17  proceeding."). Accordingly, the PTAB clarified that it declined to institute the grounds petitioned

18  in the second '794 IPR petition because it determined that they were duplicative of Ariosa's prior-

19  filed '794 IPR petition.[2]

20         Between December 2015 to January 2016, Ariosa also filed requests for three *ex parte*

21  reexaminations on the '794 patents primarily on the basis of the Straus, Shuber and Fan

22  references. Walter Decl., Ex. 23. The USPTO agreed that the requests were meritorious, and

23  ordered reexamination on all three grounds. *See* Walter Decl., Ex. 7, at 5. Illumina nevertheless

24  filed a motion with the PTAB to terminate the *ex parte* reexamination proceedings, which was

25  ─────────────────────

26  [2] *See also* Walter Decl., Ex. 22, at 13. In opposing RMS's petition for IPR of the '794
    patent, IPR2015-01091, "[Illumina] contend[ed] that the petition should be denied as it raises the
27  same or substantially the same arguments presented in the IPR2014-01093 Petition [Ariosa's '794
    IPR petition]." *Id.* The PTAB relied on that representation by Illumina and denied institution on
28  that ground. *See id.* at 16. Illumina should be judicially estopped to the extent it now seeks to take
    any contrary position in arguing that Ariosa has never petitioned IPR on these grounds.

1    granted. Walter Decl., Ex. 7. Notably, the PTAB recognized, as it did in the case of the '430 patent

2    reexamination termination decision, that "Petitioner may not be estopped under 35 U.S.C.

3    §315(e)(2) from pursuing certain of the grounds of unpatentability it is advocating in its ex parte

4    reexamination request at the district court," citing *Shaw,* 817 F.3d 1293. Walter Decl., Ex. 7 at 9.

5          **E.     Status Of Ariosa's Invalidity Contentions**

6          The Court held a case management conference on September 1, 2016, lifting its prior stay

7    on these consolidated cases. Dkt. No. 278. During that conference, the Court addressed Patent

8    L.R. deadlines in connection with the newly-filed -02216 case (directed only to the '794 patent).

9    Specifically, the Court ordered Illumina to serve its Patent L.R. 3-1 infringement contentions

10   relating to the '794 patent on September 30, 2016, and Ariosa and new defendant RMS to serve

11   their corresponding Patent L.R. 3-3 invalidity contentions relating to the '794 patent prior to the

12   next scheduled case management conference (October 28, 2016). *Id.*; Haberny Decl., ¶ 11.

13         On October 27, 2016, Ariosa and RMS served updated invalidity contentions regarding the

14   '794 patent, pursuant to their obligations under Patent L.R. 3-3 and the Court's September 1, 2016

15   order. Walter Decl., Ex. 9. In addition to patents and printed publications, these invalidity

16   contentions also contain § 103 obviousness grounds combining each of its patent and printed

17   publication references with two different physical products: the Affymetrix GeneChip$^{TM}$ and the

18   TM Biosciences TM-100$^{TM}$.  Neither the physical products nor the related combinations were

19   raised, nor could they have been raised, in IPR.

20         In contrast to the '794 patent, there was no procedural mechanism for Ariosa to serve

21   updated invalidity contentions regarding the '430 patent after the stay on the instant cases was

22   lifted. Unlike the -02216 case re-asserting the '794 patent, no new case had been filed asserting the

23   '430 patent that would have triggered updated patent local rule disclosures. Nor have Plaintiffs

24   sought to meet and confer regarding Ariosa's '430 patent-based contentions. Haberny Decl., ¶ 10.

25         Ariosa intends to challenge in this case the validity of the '430 patent under §§ 102/103

26   only on grounds for which it petitioned IPR but the PTAB did not institute trial: (1) the combined

27   teachings of Dhallan, U.S. Patent No. 7,332,277 ("Dhallan"), and Binladen *et al.*, PLoS One

28   2(2):e197 (2007) ("Binladen"); and (2) the combined teachings of Quake, *et al.*, U.S. Pat. Pub. No.

Ariosa's Opposition to Plaintiffs' Motion to Strike
Portions of Defendants' Invalidity Contentions                - 7 -                Case No. 3:12-cv-05501-SI
                                                                                   Case No. 3:14-cv-01921-SI
                                                                                   Case No. 3:15-cv-02216-SI

1    2007/0202525 ("Quake") and Craig *et al.*, Nat. Methods 5(10):887-893 (Oct. 2008) ("Craig").

2    Had Plaintiffs sought to meet and confer before filing this Motion, Plaintiffs would have been

3    aware of Ariosa's position in this regard, and the parties could have worked to resolve this portion

4    of the dispute short of motion practice.

5    **III.    ARGUMENT**

6         **A.    Plaintiffs' Motion Is Procedurally Improper**

7         "Motions to strike are generally disfavored." *Leghorn v. Wells Fargo Bank, N.A.*, 950 F.

8    Supp. 2d 1093, 1122 (N.D. Cal. 2013). "Rule 12(f) of the Federal Rules of Civil Procedure

9    provides that '[t]he court may strike from a pleading an insufficient defense or any redundant,

10   immaterial, impertinent, or scandalous matter…'" *Star Envirotech, Inc. v. Redline Detection, LLC*,

11   No. SACV 12-1861, 2015 U.S. Dist. LEXIS 107149, *8 (C.D. Cal. Jan. 29, 2015) (denying

12   motion to strike invalidity contentions for alleged IPR estoppel). But to prove that a claim or

13   defense should be stricken, "the court must be convinced that there are no questions of fact, that

14   any questions of law are clear and not in dispute, and that under no set of circumstances could the

15   defense succeed." *EEOC & Gutierrez v. Interstate Hotels, L.L.C.*, No. C 04-4092, 2005 U.S. Dist.

16   LEXIS 45000, *4 (N.D. Cal. Apr. 14, 2005).

17        "A defendant should be given the opportunity to prove his allegations if there is any

18   possibility that the defense might succeed after full hearing on the merits." *Purex Corp. v. General

19   Foods Corp.*, 318 F. Supp. 322, 323 (C.D. Cal. 1970). Moreover, "[e]ven when the defense

20   presents a purely legal question, the courts are very reluctant to determine disputed or substantial

21   questions of law on a motion to strike; these questions quite properly are viewed as determinable

22   only after discovery and a hearing on the merits." *William Z. Salcer, Panfeld, Edelman v. Envicon

23   Equities Corp.*, 744 F.2d 935, 939 (2d Cir. 1984), *rev'd on other grounds* 478 U.S. 1015 (1986).

24   "To do otherwise would be to run the risk of offering an advisory opinion on an abstract and

25   hypothetical set of facts." *Id*.

26        "Just as with a motion to dismiss for failure to state a claim, the Court must view the

27   pleadings in a light most favorable to the pleading party." *See, e.g. In re 2TheMart.com, Inc. Sec.

28   Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000) (citing *California v. United States*, 512 F. Supp.

Ariosa's Opposition to Plaintiffs' Motion to Strike
Portions of Defendants' Invalidity Contentions                    - 8 -                    Case No. 3:12-cv-05501-SI
Case No. 3:14-cv-01921-SI
Case No. 3:15-cv-02216-SI

36, 39 (N.D. Cal. 1981)). The burden is on the moving party to show a particular matter should be stricken. *See, e.g., New York City Employees' Ret. Sys. v. Berry*, 667 F. Supp. 2d 1121, 1128 (N.D. Cal. 2009). Accordingly, to prevail here on their motion to strike, Plaintiffs "have the burden of showing the absence of factual questions [and] the absence of substantial questions of law." *See Canadian St. Regis Band of Mohawk Indians v. New York*, 278 F. Supp. 2d 313, 325 (N.D.N.Y. 2003). Plaintiffs have not and cannot meet that burden.

As is clear from this Opposition, Ariosa heavily disputes Plaintiffs' asserted factual and legal bases for their Motion. Plaintiffs have not met their burden of showing "that there are no questions of fact, that any questions of law are clear and not in dispute" as required to succeed on a motion to strike. *See, e.g., EEOC*, 2005 U.S. Dist. LEXIS 45000, at *4. In fact, Plaintiffs fail to even acknowledge this burden anywhere in their Motion.

Moreover, in deciding this Motion, the Court must view the pleadings "in a light most favorable to" Ariosa. *See, e.g., In re 2TheMart.com*, 114 F. Supp. 2d at 965. In this Opposition, Ariosa amply demonstrates circumstances under which its claims and defenses may succeed "after a full hearing on the merits." *See Purex*, 318 F. Supp. at 323. Ariosa should be "given the opportunity to prove [its] allegations." *See id.* Plaintiffs' Motion is procedurally improper and should be denied.

## B.      Judicial Estoppel Does Not Apply

Plaintiffs assert that Ariosa should be judicially estopped from making any § 102- or § 103-based invalidity arguments in this case because (1) Ariosa allegedly took a prior position in connection with its motions to stay that is inconsistent with its current position, (2) the Court allegedly accepted this purported position, and (3) a failure to estop Ariosa as requested would prejudice Plaintiffs. Motion at 10-11. Plaintiffs' argument fails on every level.

Judicial estoppel applies only where (1) a party's later position is "clearly inconsistent" with its earlier position; (2) the party has succeeded in persuading a court to accept the earlier position; and (3) the party asserting an inconsistent position would derive an unfair advantage. *See, e.g., New Hampshire v. Maine*, 532 U.S. 742, 750 (2001). In addition, courts must also find that the party to be estopped engaged in "chicanery or knowing misrepresentation" regarding the

Ariosa's Opposition to Plaintiffs' Motion to Strike
Portions of Defendants' Invalidity Contentions                    - 9 -                    Case No. 3:12-cv-05501-SI
Case No. 3:14-cv-01921-SI
Case No. 3:15-cv-02216-SI

1  change in position. *See, e.g., Milton H. Greene Archives, Inc. v. Marilyn Montor, LLC*, 692 F.3d

2  983, 995 (9th Cir. 2012). Plaintiffs cannot establish these requirements.

3        **1.**      **There Is Nothing "Clearly Inconsistent" About Ariosa's Positions**

4        Plaintiffs have not and cannot demonstrate anything "clearly inconsistent" about any

5  "positions" Ariosa has taken. In every example of Ariosa's alleged "prior position" that Plaintiffs

6  quote in their Motion, Ariosa explains that it will be estopped from pursuing invalidity on any

7  "ground that it raised or reasonably could have raised during IPR." *See* Motion at 7, 10. That is

8  *still* Ariosa's position. Ariosa has never claimed that it would be precluded from making § 102- or

9  § 103-based arguments with respect to any grounds other than those it "raised or reasonably could

10  have raised in the IPR." Nor has Ariosa ever asserted that it did in fact "raise" or that it "could

11  have raised" during the IPRs any of the grounds in its current invalidity contentions. Ariosa has

12  never until now taken any position on what specific grounds it "raised or reasonably could have

13  raised" in the IPRs, nor could it have had any basis for doing so before the relevant (and currently

14  disputed) facts were developed only months ago.

15        To the extent Plaintiffs contend that Ariosa actually has "raised or could have raised"

16  during the IPRs all of the prior art-based invalidity grounds included in its invalidity contentions,

17  *see* Motion at 10-11, Plaintiffs are the only ones who have ever made that argument. This is not a

18  case of inconsistency that gives rise to judicial estoppel. Rather, there is a dispute between

19  Plaintiffs' and Ariosa's respective positions on whether Ariosa in fact raised or could have raised

20  in IPR the grounds at issue here. Ariosa has taken no "clearly inconsistent" positions upon which

21  judicial estoppel could be based.

22        **2.**      **Whether The Court "Accepted" Ariosa's Alleged Position Is Irrelevant**

23        **Because It Is Purely A Legal Argument Affected By An Intervening Controlling Decision**

24        Plaintiffs' assertion that the Court "accepted" Ariosa's purported prior position is

25  immaterial for at least two reasons. First, Ariosa's purported prior position that it would be

26  estopped from asserting grounds that it "raised or reasonably could have raised" during the IPRs is

27  purely a legal argument. Judicial estoppel only applies "to bar a party from making a *factual*

28  assertion in a legal proceeding which directly contradicts an earlier assertion made in the same

1   proceeding or a prior one." *Phan v. Terhune*, No. C 02-1348, 2008 U.S. Dist. LEXIS 110742, *37

2   (N.D. Cal. Mar. 20, 2008) (emphasis added); *see also Lowery v. Stovall*, 92 F.3d 219, 224 (4th Cir.

3   1996) ("The position sought to be estopped must be one of fact rather than law or legal theory.");

4   *Kaiser v. Bowlen*, 455 F.3d 1197, 1204 (10th Cir. 2006) (same).

5          Second, even assuming, *arguendo*, that Ariosa's prior legal argument were inconsistent (it

6   is not) *and* that the purely legal argument could give rise to estoppel (it cannot), the intervening

7   clarification in law as a result of the March 23, 2016 Federal Circuit *Shaw* opinion—and

8   subsequent case law—would preclude the application of estoppel in any event. *See Shaw*, 817

9   F.3d 1293. It is settled law that when deciding an issue of judicial estoppel, "inconsistency [in

10  positions] is excused by an intervening change in the law." *Biomedical Patent Mgmt. Corp. v.

11  California*, 505 F.3d 1328, 1342 (Fed. Cir. 2007); *see also Longaberger Co. v. Kolt*, 586 F.3d 459,

12  470-71 (6th Cir. 2009), *overruled in part on other grounds by Montanile v. Bd. of Trs. of the Nat'l

13  Elevator Indus. Health Ben. Plan*, 136 S. Ct. 651 (2016) (collecting cases instructing that "judicial

14  estoppel is inappropriate when a party is merely changing its position in response to a change in

15  the law").

16         Plaintiffs' further assertion that the Court relied on Ariosa's purported "arguments that a

17  broad estoppel would simplify the issues" is misleading. *See* Motion at 11. First, Ariosa never

18  argued for a "broad estoppel," and Plaintiffs point to no support for their contention that it did.

19  Second, and in any event, Ariosa's IPRs have dramatically "simplif[ied] the issues." Ariosa's

20  successful challenge to the '076 patent has removed that patent (one of three that was originally

21  asserted) from the litigation entirely—thereby disposing of a third of the issues in the infringement

22  case. *See* Motion at 2, fn. 2.  Moreover, to the extent Ariosa's arguments had been properly

23  considered *on the merits* with respect to the remaining '430 and '794 patents (which Ariosa fully

24  expected at the time of its motions to stay), the case would have been resolved entirely in Ariosa's

25  favor. Ariosa is currently appealing the '794 patent IPR decision in this regard.

26              **3.    Plaintiffs, Not Ariosa, Would Derive An Unfair Advantage If Ariosa Is
                        Prevented From Ever Litigating The Merits Of Its Claims**

27

28         As discussed in section III.C below, Ariosa has not yet received a substantive decision on

Ariosa's Opposition to Plaintiffs' Motion to Strike
Portions of Defendants' Invalidity Contentions                    - 11 -                    Case No. 3:12-cv-05501-SI
                                                                                            Case No. 3:14-cv-01921-SI
                                                                                            Case No. 3:15-cv-02216-SI

the merits of its prior art-based invalidity grounds. As a matter of public policy, Ariosa must have an opportunity to be heard on the merits. *See, e.g., Intellectual Ventures I LLC v. Symantec Corp.*, 838 F.3d 1307, 1324 (Fed. Cir. 2016) ("The public has a 'paramount interest in seeing that patent monopolies . . . are kept within their legitimate scope.'") (quoting and citing *Cuozzo Speed Techs., LLC v. Lee*, 136 S. Ct. 2131, 2144, (2016)).

Plaintiffs' Motion nevertheless seeks a dispositive ruling that would eliminate Ariosa's invalidity claims and defenses without any substantive consideration. If there is any unfair advantage to be had, it would be to the benefit of Plaintiffs, who are attempting to block Ariosa— and the public—from receiving a substantive determination on the validity of Plaintiffs' patents. It cannot be that Ariosa is denied the opportunity to challenge the validity of the '794 patent *on the merits* in any forum whatsoever.

At the same time, nothing in the record suggests that Ariosa "engaged in any chicanery with respect to [its] view of the law," and there is no indication that Ariosa's positions were "calculated to make a mockery of the judicial system"—because they were not. *See, e.g., Mull v. Motion Picture Indus. Health Plan*, No. CV 12-6693, 2014 U.S. Dist. LEXIS 57424, *61 (C.D. Cal. Feb. 4, 2014) (internal quotation marks and citations omitted) (further noting that "our [9th] Circuit has held that a court considering judicial estoppel should [consider] whether the party to be estopped engaged in any 'chicanery or knowing misrepresentation' with regard to the change in position"). "Judicial estoppel should not be used to work an injustice …, particularly when the [alleged] change in position resulted from circumstances outside [defendants'] control." *Jarrard v. CDI Telecomms., Inc.,* 408 F.3d 905, 915 (7th Cir. 2005); *see also Caribbean I Owners' Ass'n v. Great Am. Ins. Co.*, 619 F. Supp. 2d 1178, 1185 (S.D. Ala. 2008) ("Far from making a mockery of the judicial process or constituting 'shenanigans,' as plaintiff puts it, [defendant's] change of position in this case is directly tied to the emergence of controlling law … whereas in the previous suit no such authority existed.").

There has been no meaningful or "clear" inconsistency in Ariosa's positions here. But to the extent that the Court were to determine that there was (it should not), Ariosa certainly has not proffered the sort of intentional misrepresentation intended to make a mockery of the judicial

1   system that is barred by the doctrine of judicial estoppel. Here, Ariosa seeks only an opportunity

2   to have its invalidity case heard on the merits, according to this evolving body of law on IPR

3   estoppel. It is in the public interest to permit Ariosa to do so. Plaintiffs have not made (and cannot

4   make) any showing that judicial estoppel should apply here.

5      **C.**     **Statutory Estoppel Does Not Apply To Any Of Ariosa's Grounds Challenging The '794 Patent Or To Ariosa's Petitioned But Not Instituted Grounds**

6             **Challenging The '430 Patent**

7   Plaintiffs contend that estoppel under §§ 315(e)(2) and 318(a) bars every single one of

8   Ariosa's § 102- and § 103-based claims and defenses in this case. *See* Motion at 10-18. But

9   Plaintiffs' stated rationale for this contention flies in the face of the plain language of the statute,

10  the statutory intent as explained by the Supreme Court, the Federal Circuit's own interpretation of

11  its controlling decisions, and the factual IPR record. Setting aside the fact that Plaintiffs'

12  arguments fail on the merits, for at least the reasons set forth below, Plaintiffs' Motion presents

13  precisely the *opposite* of clear and undisputed factual and legal issues as required to succeed on a

14  motion to strike. *See, e.g., EEOC*, 2005 U.S. Dist. LEXIS 45000 at *4.

15      **1.**     **Contrary To Plaintiffs' Allegations, The AIA Does Not Establish A Wholesale Bar On All Prior Art-Based Invalidity Challenges After IPR**

16

17  Plaintiffs claim that "Defendants' [*sic*] made a strategic choice to litigate their invalidity

18  case before the [PTAB] instead of this Court." Motion at 1. Plaintiffs further claim that Ariosa is

19  therefore barred from litigating *any* of the § 102- or § 103-based grounds included in its invalidity

20  contentions, because Ariosa chose to file its IPRs. *See* Motion at, e.g., 12 (alleging that "there are

21  no anticipation or obviousness theories disclosed in Defendants' invalidity contentions that are not

22  statutorily barred"). In essence, Plaintiffs seek to dispose of Ariosa's entire prior art-based

23  invalidity case with this Motion.

24  Contrary to Plaintiffs' contentions, IPR proceedings are not intended to fully replace, or

25  serve as a complete and dispositive alternative to, the prior art-based invalidity portion of a patent

26  case. Rather, as the Supreme Court in *Cuozzo* explained:

27           [T]he purpose of the [IPR] proceeding is not quite the same as the purpose of district court litigation. The proceeding involves what used to be called a reexamination (and, as noted above, a cousin of inter partes review, ex

28

Ariosa's Opposition to Plaintiffs' Motion to Strike
Portions of Defendants' Invalidity Contentions     - 13 -     Case No. 3:12-cv-05501-SI
Case No. 3:14-cv-01921-SI
Case No. 3:15-cv-02216-SI

1                 parte reexamination, 35 U.S.C. §302 et seq., still bears that name). The
2                 name and accompanying procedures suggest that the proceeding offers a
3                 second look at an earlier administrative grant of a patent. Although
                  Congress changed the name from "reexamination" to "review," nothing
4                 convinces us that, in doing so, Congress wanted to change its basic
5                 purposes, namely, to reexamine an earlier agency decision. Thus, in
                  addition to helping resolve concrete patent-related disputes among parties,
6                 inter partes review helps protect the public's "paramount interest in seeing
                  that patent monopolies . . . are kept within their legitimate scope."

7  *Cuozzo*, 136 S. Ct. at 2144. Accordingly, while the filing of an IPR was intended to provide an

8  avenue for administrative re-review on specific grounds of invalidity, nothing indicates that it is

9  intended to be an all-or-nothing, mutually exclusive replacement for litigating prior art-based

10 invalidity in the district court.

11       Plaintiffs' assertion that the AIA mandates a complete and absolute estoppel as to any

12 further § 102- or § 103-based invalidity challenge also conflicts with the statutory language on its

13 face. Section 315(e)(2) sets forth the relevant—and limited—estoppel provision, which provides

14 (emphasis added):

15                The petitioner in an *inter partes* review of a claim in a patent under this
                  chapter that *results in a final written decision <u>under section 318(a)</u>* … may
16                not assert in either a civil action arising in whole or in part under section
                  1338 of title 28 or in a proceeding before the International Trade
17                Commission under section 337 of the Tariff Act of 1930 that the claim is
                  invalid *on any ground that the petitioner <u>raised or reasonably could have</u>*
18                *<u>raised</u> during that inter partes review*.

19

20 Section 318(a), to which section 315(e)(2) refers, further provides that (emphasis added):

21                If an inter partes review is instituted and not dismissed under this chapter,
                  the Patent Trial and Appeal Board shall issue a final written decision *with*
22                *respect to the <u>patentability</u> of any patent claim* challenged by the
                  petitioner and any new claim added under section 316(d).
23

24       The language "raised or reasonably could have raised" during the IPR in § 315(e)(2) and

25 "with respect to the patentability of any patent claim" in § 318(a) is not mere surplusage—those

26 terms have meaning and import, both of which are plainly in dispute here. Plaintiffs' attempt to

27 effectively write this language out of the statute should be rejected. At a minimum, the Court

28 should find Plaintiffs' attempt to do so pursuant to this motion to strike improper.

**2.      Controlling Federal Circuit Law Prohibits The Application Of Estoppel To Ariosa's Grounds That Were Not Instituted By The PTAB**

Plaintiffs also erroneously claim that § 315(e)(2) bars litigation in this Court of *any* grounds raised in Ariosa's petitions for IPR, including even those grounds for which the PTAB declined to institute IPR. Motion at 9, 13. Plaintiffs' only proffered support for this argument is an extrapolation of the Federal Circuit's opinion in *Shaw* that is flatly contradicted by the Federal Circuit's own language in that and subsequent opinions. *Id.*; *see also Shaw*, 817 F.3d 1293.

Specifically, Plaintiffs erroneously contend that all grounds brought in an IPR petition give rise to statutory estoppel in the district court, with only a single purportedly "narrow exception" allegedly set forth in *Shaw*, that allegedly applies only "where the PTAB has denied institution of a specific ground as redundant where the ground was not actually redundant." *See* Motion at 13. The *Shaw* Court says no such thing. To the contrary, the *Shaw* court instructs that:

> Shaw raised its [specific] ground in its petition for IPR. But *the PTO denied the petition* as to that ground, thus *no IPR was instituted* on that ground. The IPR does not begin until it is instituted. Thus, Shaw *did not raise—nor could it have reasonably raised*—the [specific] ground during the IPR. The plain language of the statute *prohibits the application of estoppel* under these circumstances.

*Shaw*, 817 F.3d at 1300 (emphasis added).

Plaintiffs are attempting to narrow the holding of *Shaw* to the facts of that particular case, but the Federal Circuit made no such limiting mandate. The Federal Circuit confirmed as much in its subsequent opinion in *HP Inc. v. MPHJ Tech. Invs., LLC*: " [T]he noninstituted grounds *do not become a part of the IPR*. Accordingly, the noninstituted grounds were *not raised and, as review was denied, could not be raised in the IPR*. Therefore the estoppel provisions of § 315(e)(1) do not apply." 817 F.3d 1339, 1347 (Fed. Cir. 2016) (emphasis added); *see also Synopsys, Inc. v. Mentor Graphics Corp.*, 814 F.3d 1309, 1316 (Fed. Cir. 2016) ("The validity of claims for which the Board did not institute *inter partes* review can still be litigated in district court.").

Another court in this district has already rejected Illumina's attempt to make the same argument. *See Illumina, Inc. v. Qiagen N.V.*, No. C 16-2788, 2016 U.S. Dist. LEXIS 122571, *16 (N.D. Cal. Sept. 9, 2016). There, the Court held that the defendant should not be estopped from

Ariosa's Opposition to Plaintiffs' Motion to Strike
Portions of Defendants' Invalidity Contentions          - 15 -          Case No. 3:12-cv-05501-SI
Case No. 3:14-cv-01921-SI
Case No. 3:15-cv-02216-SI

1  raising petitioned but non-instituted invalidity grounds in the district court because "[t]he Federal

2  Circuit recently held that statutory estoppel does not apply to grounds raised in a petition but not

3  instituted." *Id.* The Court should reach the same conclusion here.

4        Plaintiffs concede that all of the patent and prior art publication-based grounds in Ariosa's

5  '794 patent invalidity contentions were raised in petitions for IPR that were either filed by Ariosa

6  or attributed by the PTAB to Ariosa. *See* Motion at 17; *see also* section II.D above. They further

7  concede that at least three grounds in Ariosa's '430 patent invalidity contentions—the

8  combinations of (1) Dhallan and Binladen; (2) Quake and Craig; and (3) Shoemaker, Dhallan, and

9  Binladen—were raised in petitions for IPR. *Id* at 2. Plaintiffs also do not dispute that the PTAB

10  instituted IPR on only a single ground addressing each patent: anticipation over the Fan reference

11  with respect to the '794 patent and obviousness over the combination of Shoemaker, Dhallan, and

12  Binladen with respect to the '430 patent. *Id.* at 3,5.

13        Setting aside whether Ariosa is estopped from prosecuting the Fan ground instituted in the

14  '794 patent IPR here (it is not, for the reasons set forth in section III.C.4 below), the Federal

15  Circuit's mandate in *Shaw* and *HP* makes very clear that estoppel does not apply to the non-

16  instituted grounds—which are the remainder of Ariosa's '794 patent contentions at issue, and two

17  of Ariosa's '430 patent contentions at issue. *See Shaw*, 817 F.3d at 1300; *HP*, 817 F.3d at 1347.

18  Plaintiffs' far-fetched reading of *Shaw* in an attempt to bar these petitioned, but not instituted

19  grounds should be rejected.

20            **3.**     **Ariosa's Grounds Based On Combinations With Physical Products Are**
                  **Indisputably Outside The Scope Of The Estoppel Provision**

21

22        Plaintiffs' Motion is further flawed in that it broadly seeks, with respect to the '794 patent,

23  to estop Ariosa from litigating even its § 103 grounds that include combinations with physical

24  product prior art. *See, e.g.,* Motion at 17 (erroneously alleging that "all of Defendants' invalidity

25  arguments under section 102 or 103 based on patents or printed publications should be stricken").

26  Ariosa includes in its '794-directed contentions combinations of each one of its prior art patents

27  and printed publications—including the Fan reference on which IPR was instituted—with physical

28  products. *See* Walter Decl., Ex. 9, at 22, 28-29, 38-42 (disclosing combinations including the

1   Affymetrix GeneChip$^{TM}$ and TM Biosciences TM-100$^{TM}$ products). Plaintiffs do not even

2   acknowledge these product prior art references, which are fatal to their Motion.

3         Plaintiffs themselves recognize that § 311(b) limits the grounds that an IPR petitioner can

4   raise to "invalidity 'under section 102 or 103 … on the basis of prior art *consisting of patents or*

5   *printed publications*.'" Motion at 9 (emphasis added); *see also* § 311(b). It is indisputable that

6   physical products are not "patents or printed publications," and therefore cannot be raised.

7         The decision in *Star Envirotech,* 2015 U.S. Dist. LEXIS 107149 is instructive. In *Star*

8   *Envirotech*, the defendants presented a physical machine as part of invalidity contentions that

9   included grounds combining the machine with six other prior art publications, each raised during

10  an IPR proceeding. *Id.* at *9-10. The plaintiffs moved to strike the patent and printed publication

11  references that were part of those combinations on the ground that the defendants should be

12  estopped under § 315(e)(2) because the non-product references had been raised in the IPR. *Id.* The

13  court denied the motion, in part adopting the defendants' argument that "they could not have put

14  forward [the product] in the IPR because the [product was] an actual physical machine, not a

15  patent or printed publication," and that the product was "properly combined with the other six

16  disputed references to create new grounds of invalidity, which could not have been presented in

17  the IPR." *Id.* at *10.

18        The court in *Clearlamp, LLC v. LKQ Corp.*, 12-cv-2533, Dkt. No. 193, (N.D. Ill.

19  March 18, 2016), rejected the same estoppel argument by the plaintiffs in a motion for summary

20  judgment. *See* Haberny Decl., Ex. F. In *Clearlamp*, the plaintiff contended that the defendant was

21  estopped from pursuing invalidity based on several grounds that involved combinations of a

22  physical product with three different prior art publications, each of which was raised during an

23  IPR. *Id.* at 3, 6, 13. The court rejected the plaintiff's argument, noting that the defendant cannot be

24  estopped from litigating grounds that include the product because "unlike in district court

25  litigation, products cannot be offered as prior art during *inter partes* review." *Id.* at 17.

26        The fact that all of references in Ariosa's '794-based contentions are combined in grounds

27  that include product prior art is yet another reason that Plaintiffs' motion should be denied.

28

1
2

**4.   Estoppel Does Not Bar The Instituted Ground Challenging The '794 Patent Because It Could Not Have Been Raised On The Merits And Did Not Result In Final Written Decision On Patentability**

3    Plaintiffs further err in asserting that statutory estoppel applies to the ground that was

4    instituted in the IPR challenging the '794 patent (the Fan reference). Among other things, the IPR

5    did not result in a substantive final written decision on the patentability of the challenged claims,

6    as required by §§ 315(e)(2) and 318(a). Instead, the final written decision dismissed Ariosa's

7    challenge on procedural and technical grounds that are irrelevant to the merits of patentability,

8    therefore preventing Ariosa from raising the ground on its merits.

9    In addition to providing for estoppel only on grounds that were "raised or reasonably could

10   have been raised" during IPR, under section 315(e)(2), estoppel applies only where IPR "results in

11   a final written decision under section 318(a)," which further requires that the final written decision

12   be issued "*with respect to the patentability* of any patent claim challenged by the petitioner…."

13   (emphasis added). The outcome of the '794 patent IPR does not satisfy these requirements.

14   Ariosa's instituted Fan reference, a U.S. patent application publication, was filed on

15   February 7, 2001. *See* Haberny Decl., Ex. G at cover page.  It claims priority to—and expressly

16   incorporates by reference—U.S. Provisional Application No. 60/180,810 (the "'810 application"),

17   filed February 7, 2000. *Id* at ¶ [0001]. In its petition, Ariosa asserted Fan as prior art as of the date

18   of its priority '810 application according to common and accepted USPTO practice. *See, e.g., Ex*

19   *Parte Jo Anne Robbins*, No. 2009-001866, 2009 WL 3490271, *4 (BPAI Oct. 27, 2009) ("When a

20   patent application is published ... the PTO has yet to have made a final determination as to

21   whether the claimed subject matter conforms to the patentability requirements of Chapter 35 …

22   Yet, the published application makes its disclosure, and that of any parent applications, available

23   to the public. Such disclosure … is explicit evidence of the activity of another as of the earliest

24   claimed filing date … [Thus] a published patent application … constitutes prior art for all that it

25   discloses on its earliest filing date."); *Ex Parte Yamaguchi*, 88 U.S.P.Q.2d 1606, 1612 (BPAI Aug.

26   29, 2008) ("[A] provisional application is considered prior art for all that it teaches."); MPEP

27   § 2127(I) (subject matter of abandoned application may be relied on under Section 102(e) if it is

28   "actually included or incorporated by reference").

1    After all merits briefing and oral argument in the IPR trial concluded on August 24, 2015,

2    the Federal Circuit issued its *Dynamic Drinkware* opinion on September 4, 2015. 800 F.3d 1375.

3    In *Dynamic Drinkware*, the Federal Circuit held that the IPR petitioner did not demonstrate that an

4    issued patent offered as a § 102(e)(2) reference was entitled to the priority date of the provisional

5    application to which it claimed priority because the petitioner failed to compare the disclosure of

6    the provisional application to the *claims* of the *reference* issued patent (rather than the challenged

7    patent). 800 F.3d at 1381-82. The *Dynamic Drinkware* court thus held that the petitioner had not

8    proven that the provisional application sufficiently supported the claims of the reference issued

9    patent, and therefore, the petitioner could not rely on the earlier provisional filing date.

10   Even though the *Dynamic Drinkware* decision issued after all arguments on the merits had

11   concluded in Ariosa's IPR, the PTAB applied the *Dynamic Drinkware* decision in its final written

12   decision to reject Ariosa's challenge. *See* Walter Ex. 18, at 14. Specifically, the PTAB stated that

13   it would not consider Ariosa's Fan ground of anticipation on the merits because Ariosa failed to

14   include in its IPR petition a comparison of the disclosure of the provisional '810 application to the

15   claims of the Fan reference. *Id.* The PTAB held that "incorporation by reference of the '810

16   provisional into the Fan published patent application may arguably meet the requirement that the

17   subject matter being relied upon as teaching the subject matter of the claims against which it is

18   being applied as prior art must be carried through from that earlier filed application through the

19   patent document being used against the claim." Walter Ex. 18, at 11. But the PTAB concluded that

20   the incorporation did not meet what the PTAB interpreted to be a requirement under *Dynamic*

21   *Drinkware* that "the claims of the Fan application are supported by the '810 provisional in

22   compliance with 35 U.S.C. § 112, first paragraph." *Id.*

23   Whether or not the PTAB correctly applied *Dynamic Drinkware* (Ariosa contends it did

24   not), Ariosa could and would have simply made the required showing during the merits phase of

25   the trial if it had known the new rule ahead of time.[3] But Ariosa could not have predicted this new

26

27   ---
     [3] The PTAB permitted Ariosa to file an eight page brief and four page reply to present its
     legal interpretation of *Dynamic Drinkware*, but Ariosa was not permitted any supplementation to

28   map the supporting disclosure of the '810 application to the claims of the Fan reference in
     response to the PTAB's interpretation of the new decision. Haberny Decl., Ex. H.

Ariosa's Opposition to Plaintiffs' Motion to Strike
Portions of Defendants' Invalidity Contentions                    - 19 -                    Case No. 3:12-cv-05501-SI
                                                                                            Case No. 3:14-cv-01921-SI
                                                                                            Case No. 3:15-cv-02216-SI

1   intervening requirement at the time it put its evidence into the record. The PTAB's belated new

2   requirement prevented Ariosa from "raising" this ground in the IPR for purposes of § 315(e)(2).

3        The PTAB also failed to render a final written decision on the "patentability" of the

4   challenged claims. *See* § 318(a). The Federal Circuit has instructed that the "patentability" of a

5   claim refers to the "statutory requirements that must be satisfied before a valid patent can issue."

6   *See, e.g., Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 234 F.3d 558, 566 (Fed. Cir.

7   2000). This considers whether the claims satisfy "the novelty and non-obviousness requirements

8   of 35 U.S.C. §§ 102 and 103, … [the] patentable subject matter and [utility requirements], as set

9   forth in 35 U.S.C. § 101 …. and [the] 35 U.S.C. § 112 [requirements]" *Id.*

10       Here, the final written decision in the '794 patent IPR was not based on the merits of

11   whether the challenged claims satisfy §§ 101 *et seq*. It was based on a technicality that considered

12   only whether Ariosa satisfied a newly-imposed evidentiary standard (with which Ariosa was not

13   given an opportunity to comply). The PTAB's decision was not a final written decision on the

14   "patentability" of the challenged claims as required under § 318(a). *Cf., Medtronic, Inc. v. Lee*,

15   151 F. Supp. 3d 665, 680 (E.D. Va. 2016) (finding that in the PTAB's decision to terminate an

16   instituted IPR because "Plaintiff had not complied with the threshold requirement of naming all

17   RPIs in its petition … the PTAB never reached the merits of patentability," and therefore the

18   PTAB did not "issue [a] final written decision[] under § 35 U.S.C. 318(a) with respect to the

19   patentability of the challenged claims."). This does not suffice to trigger estoppel pursuant to

20   §§ 315(e)(2) and 318(a).

21       As a matter of law and policy, estoppel cannot apply in a situation in which the PTAB

22   institutes IPR on a ground, then based on its own intervening rules never makes a final written

23   decision as to the "patentability" of the challenged claims. Such a result in this case or any other

24   would prevent an accused infringer (here Ariosa) from arguing that ground in any forum.

25   **IV.   CONCLUSION**

26       For the foregoing reasons, Plaintiffs' Motion should be denied in its entirety

27

28

Ariosa's Opposition to Plaintiffs' Motion to Strike
Portions of Defendants' Invalidity Contentions                    - 20 -                    Case No. 3:12-cv-05501-SI
                                                                                             Case No. 3:14-cv-01921-SI
                                                                                             Case No. 3:15-cv-02216-SI

1

Respectfully submitted,

2

Dated: December 23, 2016

IRELL & MANELLA LLP

3

4

By:  /s/ Sandra L. Haberny

5

Sandra L. Haberny

6

Attorneys for Defendant and Counterclaim Plaintiff
ARIOSA DIAGNOSTICS, INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28