UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERINATA HEALTH, INC., et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>ARIOSA DIAGNOSTICS, INC, et al.,<br><br>   Defendants. | Case No. 12-cv-05501-SI<br><br>**ORDER ON PLAINTIFFS' MOTION TO STRIKE PORTIONS OF DEFENDANTS' INVALIDITY CONTENTIONS**<br><br>Re: Dkt. No. 300 |

Before the Court is plaintiffs' motion to strike portions of defendants' invalidity contentions. Dkt. No. 300. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument and VACATES the hearing. After careful consideration of papers submitted, the Court GRANTS IN PART and DENIES IN PART plaintiffs' motion.

**BACKGROUND**

This consolidated patent infringement action currently involves two patents, U.S. Patent No. 8,318,430 (the "'430 Patent") and U.S. Patent No. 7,955,794 (the "'794 Patent" and, together with the '430 Patent, the "patents-in-suit"). Plaintiffs Illumina Inc., Verinata Health, Inc. and the Board of Trustees of the Leland Stanford Junior University (collectively, "plaintiffs") accuse defendant Ariosa Diagnostics, Inc.'s ("Ariosa's")[1] Harmony Prenatal Test of infringing the patents-in-suit. After issuing claim construction orders construing the disputed terms of both the

---

[1] Ariosa is a wholly owned subsidiary of defendant Roche Molecular Systems, Inc. ("Roche" and, together with Ariosa, "defendants"). Because Roche entered this litigation after acquiring Ariosa in January 2015, Roche asserts a different position in its opposition to plaintiffs' motion. *See* Roche Opp'n (Dkt. No. 308).

'430 Patent and the '794 Patent, *see* Dkt. Nos. 89, 199, the Court granted Ariosa's third motion to stay this case pending completion of the Patent Trial and Appeal Board's ("PTAB's") *inter partes* review ("IPR") of the patents-in-suit and certain appeals before the Federal Circuit. Dkt. No. 229. The Court lifted the stay on September 1, 2016. Dkt. No. 278.

Following extensive U.S. Patent Office and Federal Circuit review of the patents-in-suit, plaintiffs move to strike defendants' invalidity contentions. Plaintiffs contend that defendants' invalidity contentions are barred by: (1) statutory estoppel under 35 U.S.C. § 315(e); and (2) judicial estoppel.

## LEGAL STANDARD

### I.   *Inter Partes* Review

IPR is a limited patent reexamination procedure that became available in September 2012 as part of the America Invents Act (the "AIA"), codified under 35 U.S.C. §§ 311-319. *Evolutionary Intelligence LLC v. Yelp Inc.*, No. 13-3587, 2013 U.S. Dist. LEXIS 178547, at *5-6 (N.D. Cal. Dec. 18, 2013); *PersonalWeb Techs., LLC v. Facebook, Inc.*, No. 13-1356, 2014 U.S. Dist. LEXIS 4095, at *7-8 (N.D. Cal. Jan. 13, 2014). IPR is intended to "offer[] 'a timely, cost-effective alternative to litigation,' designed to produce 'a more efficient and streamlined patent system that will improve patent quality and limit unnecessary and counterproductive litigation costs.'" *Intellectual Ventures II LLC v. Commerce Bancshares, Inc.*, No. 13-04160, 2014 U.S. Dist. LEXIS 75907, at *4 (W.D. Mo. June 4, 2014) (quoting *Changes to Implement Inter Partes Review Proceedings*, 77 Fed. Reg. 48680-01 (Aug. 14, 2012)); *PersonalWeb Techs.*, 2014 U.S. Dist. LEXIS 4095, at *9.

An IPR petitioner can raise grounds for invalidity only under 35 U.S.C. §§ 102 (novelty) and 103 (non-obviousness) and only "on the basis of prior art consisting of patents or printed publications." *Id.* § 311(b). The PTAB has significant discretion in choosing the grounds, if any, on which it will institute IPR. *See id.* § 314(a), (d). If the PTAB "determines that the information presented in the petition . . . and any response . . . shows that there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged," it may institute

IPR proceedings. *Id.* § 314(a). Once the PTAB issues its final written decision in an IPR, statutory estoppel bars the petitioner, "or the real party in interest or privy of the petitioner," from "assert[ing] . . . in a civil action . . . that [a] claim is invalid on any ground that the petitioner raised or reasonably could have raised during" IPR. 35 U.S.C. § 315(e)(2).

## II.     Motion to Strike

Rule 12(f) of the Federal Rules of Civil Procedure provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. . . ." "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (citation omitted). To show that a defense is "insufficient," "the moving party must demonstrate that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." *Securities & Exchange Comm'n v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995).

## DISCUSSION

In its opposition, Ariosa argues that plaintiffs' motion is "procedurally improper." Ariosa Opp'n (Dkt. No. 307) at 15-16.[2] In so arguing, Ariosa merely recites the legal standard for a motion to strike, and states that plaintiffs fail to meet the standard. *See id.* Even if Ariosa is correct, the Court does not view this as an indication that plaintiffs' motion is procedurally improper; instead, plaintiffs' motion would simply fail as a matter of law. This is precisely the matter before the Court, and, as such, the Court will proceed with an analysis of plaintiffs' motion to strike.

In their motion, plaintiffs seek to strike all of defendants' 35 U.S.C. §§ 102 and 103 invalidity contentions based on patents and printed publications. Plaintiffs urge the Court to

---

[2] Unless otherwise indicated, pinpoint citations are to the page numbers generated by ECF.

strike such contentions under statutory IPR estoppel, 35 U.S.C. § 315(e)(2), and under the doctrine of judicial estoppel. *See* Mot. (Dkt. No. 300). The Court will address plaintiffs' statutory estoppel argument first.

### I. Statutory Estoppel

Plaintiffs seek to strike from defendants' invalidity contentions all grounds that defendants "raised or reasonably could have raised" during the IPR proceedings concerning the patents-in-suit. *See* Mot. (Dkt. No. 300); 35 U.S.C. § 315(e)(2). The parties dispute the scope of IPR estoppel following a recent Federal Circuit decision in *Shaw Indus. Grp., Inc. v. Automated Creel Sys., Inc.*, 817 F.3d 1293 (Fed. Cir. 2016).

#### A. Scope of IPR Estoppel

Plaintiffs argue that estoppel bars any invalidity grounds raised, or that reasonably could have been raised, in an IPR petition (*i.e.*, before institution), and that *Shaw* only affects this rule under very narrow circumstances. Mot. (Dkt. No. 300) at 19-20. Defendants counter that *Shaw* held estoppel applies only to grounds raised, or that reasonably could have been raised, *after* institution of the IPR. Ariosa Opp'n (Dkt. No. 307) at 22-23; Roche Opp'n (Dkt. No. 308) at 16-19. Roche separately argues that statutory estoppel cannot apply to it with respect to Ariosa's IPRs because plaintiffs have not shown that Roche "had control of Ariosa such that it had *any*, much less a full and fair opportunity to litigate in Ariosa's IPR." Roche Opp'n (Dkt. No. 308) at 12. As a threshold matter, the Court will address the scope of statutory estoppel after *Shaw*, and then determine which invalidity grounds, if any, defendants are barred from raising in this litigation by virtue of 35 U.S.C § 315(e)(2).

In *Shaw*, the petitioner appealed from the PTAB's final written decision after IPR proceedings. 817 F.3d 1293, 1295 (Fed. Cir. 2016). In its IPR petition, Shaw had proposed fifteen grounds for rejection, three of which concerned interposing claims. *Id.* at 1296. The PTAB instituted IPR on two of the three grounds related to interposing claims, finding the third to be "redundant in light of its determination that there is a reasonable likelihood that the challenged

4

claims are unpatentable" based on the grounds already instituted. *Id.* (citation and internal quotation marks omitted). In essence, it appeared that the PTAB had found the third ground redundant solely because it already instituted on other grounds.[3] On appeal, Shaw argued that the PTAB's decision not to institute IPR on the third ground without any substantive determination as to its merit was an abuse of discretion, largely because Shaw claimed it could "be estopped from arguing the ground in any future proceedings." *Id.* at 1299. Shaw argued that the PTAB should "consider a reasonable number of grounds and references [in IPR] given the 'estoppel rules.'" *Id.*

The Federal Circuit analyzed the IPR estoppel provision, 35 U.S.C. § 315(e), in light of Shaw's concerns. *Id.* at 1299-1300. The court read section 315(e) literally, which "create[s] estoppel for arguments 'on any ground that the petitioner raised or reasonably could have raised *during* that inter partes review,'" and held that IPR estoppel only applies to grounds on which the PTAB actually institutes. *Id.* at 1300. Because "IPR does not begin until it is instituted," only arguments made after institution are made "during" IPR. *Id.* Accordingly, the court held that IPR estoppel would not preclude Shaw from raising grounds the PTAB declined to institute on, and denied Shaw's request for a writ of mandamus. *Id.*

Plaintiffs contend that *Shaw* is much narrower than it appears. Plaintiffs argue that *Shaw* only applies in a specific set of circumstances that were present in that case: where the PTAB chooses not to institute on some grounds because they are "redundant," but offers no explanation or analysis as to the redundancy. Plaintiffs further argue that interpreting *Shaw* in the manner Ariosa suggests would give IPR estoppel significantly less force, and would not necessarily aid in streamlining invalidity litigation.

However, the Federal Circuit did not limit its decision in *Shaw* as plaintiffs suggest. The court chose instead to interpret the IPR estoppel language literally, plainly stating that only arguments raised or that reasonably could have been raised *during* IPR are subject to estoppel. 817 F.3d at 1300. Since *Shaw*, courts have read the decision accordingly. *See, e.g.*, *HP Inc. v.*

---

[3] Such reasoning has been called the "Redundancy Doctrine" and may present concerns about the broader impact "on the integrity of the patent system." *See Shaw*, 817 F.3d at 1302 (Reyna, J., concurring). Discussion of this issue is outside the scope of this motion.

*MPHJ Tech. Invs., LLC*, 817 F.3d 1339, 1347 (Fed. Cir. 2016) ("[T]he noninstituted grounds do not become a part of the IPR. . . . [T]he noninstituted grounds were not raised and, as review was denied, could not be raised in the IPR."); *Illumina, Inc. v. Qiagen, N.V.*, No. 16-2788-WHA, 2016 WL 4719269, at *6 (N.D. Cal. Sept. 9, 2016) ("The Federal Circuit recently held that statutory estoppel does not apply to grounds raised in a petition but not instituted. [Citation.] Thus, the arguments that Qiagen raises herein, which were not instituted by the IPR, are not barred by Section 315(e)(2)."); *Intellectual Ventures I LLC v. Toshiba Corp.*, No. 13-453-SLR, 2016 WL 7341713, at *13 (D. Del. Dec. 19, 2016) ("[I]n *Shaw*[,] . . . because the PTAB rejected a certain invalidity ground proposed by the IPR petitioner, no IPR was instituted on that ground and, therefore, petitioner 'did not raise—nor could it have reasonably raised—the [rejected] ground during the IPR.'"), *reconsideration denied*, 2017 WL 107980, at *1 (D. Del. Jan. 11, 2017) (emphasis in original) ("[T]here . . . can be no dispute that estoppel does **not** apply to invalidity grounds that were raised by a petitioner in an IPR, but rejected by the [PTAB] as instituted grounds (i.e., 'noninstituted grounds')."). Indeed, limiting IPR estoppel to grounds actually instituted ensures that estoppel applies only to those arguments, or potential arguments, that received (or reasonably could have received) proper judicial attention.

Accordingly, the Court finds that under *Shaw*, statutory estoppel only bars the petitioner, or the real party-in-interest or privy of the petitioner, from asserting invalidity grounds raised, or that reasonably could have been raised, during IPRs of the patents-in-suit.

### B. Application of IPR Estoppel

Having defined the contours of IPR estoppel after *Shaw*, the Court now turns to defendants' invalidity contentions to determine which, if any, should be stricken under 35 U.S.C. § 315(e)(2).

#### 1. '430 Patent

In May 2013, Ariosa filed two IPR petitions, which together challenged all asserted claims of the '430 Patent. Decl. Walter (Dkt. No. 301), Exs. 3, 25. In its petitions, Ariosa asserted three

6

1  grounds of invalidity: (1) obviousness over the combined teachings of Dhallan and Binladen;
2  (2) obviousness over the combined teachings of Quake and Craig; and (3) obviousness over the
3  combined teachings of Shoemaker, Dhallan, and Binladen. *See id.* The PTAB instituted IPR on
4  only the third ground. Decl. Walter, Exs. 4, 26. On August 15, 2016, on remand from the Federal
5  Circuit, the PTAB issued a second final written decision, rejecting Ariosa's invalidity grounds
6  because Ariosa had not sufficiently described "why the ordinary artisan would have combined the
7  [Shoemaker, Dhallan, and Binladen] references [in Ariosa's petition] to arrive at the method of the
8  challenged claims . . . ." Decl. Walter, Ex. 11, at 17.

9  Ariosa states that, in this action, it intends to challenge the validity of the '430 Patent "only
10  on grounds for which it petitioned IPR but the PTAB did not institute trial": (1) obviousness over
11  the combined teachings of Dhallan and Binladen; and (2) obviousness over the combined
12  teachings of Quake and Craig. *Id.* Presumably, Ariosa does not mean that it abandons all other
13  invalidity arguments, but simply that it concedes estoppel as to the ground instituted and decided
14  upon during IPR – obviousness over the combined teachings of Shoemaker, Dhallan, and
15  Binladen. *See* Ariosa Opp'n (Dkt. No. 307) at 14:25-15:1. Ariosa may not raise an invalidity
16  defense based on obviousness over the combination of these three pieces of prior art.

17  As to plaintiffs' assertion that defendants are estopped from raising obviousness over the
18  combination of Quake and Craig, the Court disagrees. As *Shaw* dictates, the PTAB did not
19  institute on this ground and, therefore, defendants are not estopped from raising the same
20  invalidity argument in this litigation.

21  Ariosa is estopped, however, from raising the obviousness combination of Dhallan and
22  Binladen. Because the PTAB did not institute on this exact ground, instead finding it redundant in
23  light of the instituted grounds of Shoemaker, Dhallan, and Binladen, the question is whether
24  defendants "raised or reasonably could have raised" obviousness over Dhallan and Binladen
25  during the IPR proceedings. The Court finds that defendants raised, or could have raised, these
26  grounds in the IPR proceedings, as the combination of Dhallan and Binladen is simply a subset of
27  the instituted grounds. Accordingly, Ariosa is estopped from raising invalidity grounds based on
28

obviousness combinations of the Shoemaker, Dhallan, and Binladen art presented to the PTAB.[4]

Roche separately argues that it "is not accused of infringing the '430 Patent, has not sought to invalidate the '430 Patent, and has not served invalidity contentions regarding the '430 Patent." Roche Opp'n (Dkt. No. 308) at 6 n.1. Roche argues that plaintiffs' requested relief "is meaningless [with respect to Roche] because there is nothing to strike." *Id.* Plaintiffs do not respond to this assertion in their Reply. *See* Reply to Roche Opp'n (Dkt. No. 311). The Court assumes this was merely an oversight on plaintiffs' part in trying to craft a one-size-fits-all motion. Plaintiffs' arguments regarding the '430 Patent, to the extent they apply to Roche, are DENIED as moot.[5]

### 2.    '794 Patent

#### a.    Ariosa's Position

On July 2, 2014, Ariosa filed an IPR petition challenging claims 1-22 of the '794 Patent on three grounds: (1) anticipation by Fan; (2) obviousness over the combined teachings of Fan and Lizardi; and (3) obviousness over the combined teachings of Straus, Rothberg, and Walt. Decl. Walter (Dkt. No. 301), Ex. 16, at 5, 7-12. The PTAB instituted IPR only on the first ground, anticipation by Fan. Decl. Walter, Ex. 16, at 13-14. On January 7, 2016, the PTAB issued its final written decision, rejecting Ariosa's grounds for invalidation based in part on the PTAB's interpretation of a recent Federal Circuit decision. Decl. Walter, Ex. 18. Ariosa appealed the PTAB's decision to the Federal Circuit; the appeal remains pending.

In this action, Ariosa and Roche intend to contest the validity of the '794 Patent on all three grounds asserted in Ariosa's IPR petition, including the one ground on which the PTAB instituted IPR. Two of these grounds, obviousness over Fan and Lizardi and obviousness over Straus, Rothberg, and Walt, were not instituted by the PTAB. Under *Shaw*, defendants are not

---

[4] For the avoidance of doubt, Ariosa may still assert grounds based on these pieces of prior art as combined with art not presented during IPR.

[5] Should Roche's position change with respect to the '430 Patent, however, it may not assert invalidity grounds that Ariosa is barred from raising by virtue of this order.

estopped from raising the two noninstituted grounds in this litigation.

The remaining ground, anticipation by Fan, bears more scrutiny. The PTAB instituted on this ground and issued a final written decision upholding the challenged claims as valid. Without further inspection, estoppel appears to bar the same invalidity argument in this litigation. However, Ariosa argues that the decision was not "a final written decision *under section 318(a)*," and thus estoppel did not attach to the instituted ground. Ariosa Opp'n (Dkt. No. 307) at 25 (emphasis added) (citing 35 U.S.C. § 315(e)(2)). Indeed, the statutory estoppel provision applies only to a petitioner "or the real party in interest or privy of the petitioner" "in an inter parties review . . . that results in a final written decision under section 318(a) . . . ." 35 U.S.C. § 315(e)(2). Section 318(a), in turn, states that after instituting IPR, the PTAB "shall issue a final written decision *with respect to the patentability* of any patent claim challenged . . . ." (emphasis added). Ariosa argues that the PTAB's decision was not based on patentability, but instead on a "technicality that considered only whether Ariosa satisfied a newly-imposed evidentiary standard (with which Ariosa was not given an opportunity to comply)." Ariosa Opp'n (Dkt. No. 307) at 27.

Ariosa is correct that the PTAB never specifically compared Fan with the challenged claims of the '794 Patent in its final written decision. *See* Decl. Wathen (Dkt. No. 301), Ex. 18. Rather, the PTAB found that, under the Federal Circuit's decision in *Dynamic Drinkware, LLC v. National Graphics, Inc.*, 800 F.3d 1375 (Fed. Cir. 2015), Ariosa failed to carry its burden to demonstrate that Fan was prior art under § 102. Establishing priority is one of the elements of a claim that the patent is invalid on anticipation grounds, not an evidentiary "technicality."

Moreover, while section 315(e)(2) specifies that estoppel attaches when the PTAB issues a final written decision under section 318(a), section 318(a) is the provision under which the PTAB issued its decision on the '794 Patent. *See* Decl. Wathen, Ex. 18 at 3 ("[T]his final written decision is issued pursuant to 35 U.S.C. § 318(a) and 37 C.F.R. § 42.73. Based on the record before us, we conclude that Petitioner has not demonstrated by a preponderance of the evidence that claims 1-22 of the '794 patent are unpatentable."). Ariosa petitioned the PTAB for rehearing, *see* Decl. Wathen, Ex. 19, and the PTAB denied rehearing, rejecting Ariosa's argument that it did not have a fair opportunity to present evidence under the *Dynamic Drinkware* standard. Decl.

Wathen, Ex. 20, at 3-4. In its denial of rehearing, the PTAB also rejected Ariosa's position that its application of *Dynamic Drinkware* "was a new, unforseeable, application of law." *Id.* at 7. The PTAB nevertheless examined Ariosa's evidence of priority presented with its petition for rehearing and determined that it did not convince them otherwise. *Id.* at 7-15 ("Therefore, even when considering the Declaration of Dr. Cantor . . . we determine that Petitioner has failed . . . to demonstrate that Fan is prior art to the '794 patent."). Ariosa and Roche have appealed the PTAB's decision to the Federal Circuit. Ariosa Opp'n (Dkt. No. 307) at 12:23-25.

The Court finds that estoppel attached to the Fan grounds raised in the '794 IPR. To the extent the PTAB erred in applying *Dynamic Drinkware* or failed to give defendants a fair opportunity to argue the Fan ground in light of new authority, the Federal Circuit may decide so on appeal. Accordingly, Ariosa is hereby estopped from raising the Fan grounds raised during IPR in this action.

### b. Roche's Position

On April 24, 2015, Roche filed a separate IPR petition challenging the '794 Patent, Decl. Walter, Ex. 21, but the PTAB denied institution on all grounds, *id.*, Ex. 22. Roche also filed a motion for joinder in Ariosa's '794 IPR, in which Roche had been named a real party-in-interest. *Id.*, Ex. 22, at 4. The PTAB denied Roche's motion for joinder as untimely, and denied institution of Roche's IPR petition as a "belated, and essentially, second attempt to raise a plurality of duplicative grounds against the same patent claims" challenged in Ariosa's '794 IPR. Decl. Walter, Ex. 22, at 11-13, 15-17. Under *Shaw*, because Roche's IPR was not instituted, the grounds Roche raised are not barred by statutory estoppel by virtue of Roche having raised them in that IPR petition.

Roche argues that it also avoids application of estoppel based on arguments Ariosa raised, or reasonably could have raised, in Ariosa's '794 IPR. Roche argues that because its acquisition of Ariosa closed after institution of Ariosa's '794 IPR, Roche did not have the proper opportunity to participate or guide the proceedings such as might justify an estoppel. Roche Opp'n (Dkt. No. 308) at 14. Roche further argues that estoppel does not apply to it as a real party-in-interest or

privy of Ariosa. *Id.* at 13-14. Roche's arguments on this point are not persuasive.

First, the PTAB considered and rejected similar arguments from Roche in its IPR petition. There, Roche argued that the PTAB should permit its tardy IPR petition because "it did not complete its acquisition of Ariosa until January 12, 2015." Decl. Wathen, Ex. 22 at 16. The PTAB had considered evidence that discussions between Roche and Ariosa began in June 2014, and Roche was well aware of the patent litigation throughout negotiations. *Id.* at 12. The PTAB noted that because there is no standing requirement to file an IPR petition, Roche "could have . . . filed its own petition at any time." *Id.* Second, Roche argues that it was not truly a "real party-in-interest" in Ariosa's '794 IPR. Roche argues that courts require a higher degree of control to qualify as a "real party-in-interest," that it did not have adequate control over the proceedings, and that to find otherwise would be inequitable. Roche Opp'n at 13-14. Roche dismisses Ariosa's updated mandatory notices filed in its '794 IPR that specifically named Roche as a real party-in-interest, because Roche became a real party-in-interest "only after a point where it had no realistic opportunity to influence the IPR petition." Decl. Wathen, Ex. 17, at 3; Roche Opp'n at 14. The Court disagrees, and rejects Roche's apparent assertion that anything beyond its literal status as a "real party-in-interest" in Ariosa's IPR must be shown here for estoppel purposes.[6] The Court finds that statutory estoppel under Ariosa's '794 IPR applies with equal force to both Ariosa and real party-in-interest Roche.

## II. Judicial Estoppel

Plaintiffs argue that, regardless of the impact of statutory estoppel, Ariosa and Roche are barred from raising arguments asserted in all of their IPR petitions, as well as those they reasonably could have asserted, by virtue of the doctrine of judicial estoppel. Plaintiffs contend

---

[6] It is entirely possible, given the exhaustive due diligence that Roche undertook leading up to the $625 million Ariosa acquisition, that Roche was more involved in the IPR and other proceedings than it currently acknowledges. However, the Court need not discuss plaintiffs' evidence to this effect, or consider Roche's proposed Sur-Reply on the issue, or make a finding on this issue. *See* Pls. Reply to Roche Opp'n (Dkt. No. 311) at 6-7, 12-14; Roche Mot. for Leave to File Sur-Reply (Dkt. No. 316). Roche's Motion for Leave, Dkt. No. 316, is accordingly DENIED.

that because Ariosa argued numerous times before this Court that pending IPR petitions would simplify this litigation through statutory estoppel or invalidation, that Ariosa derived an unfair advantage and should be estopped from raising nearly all of its invalidity arguments.[7]

Judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) (quoting *Pegram v. Herdrich*, 530 U.S. 211, 227 n.8 (2000)). Judicial estoppel applies where: (1) a party's current position is "clearly inconsistent" with an earlier position; (2) the party "succeeded in persuading a court to accept that party's earlier position," such that "judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled"; and (3) the "party seeking to assert an inconsistent position would derive an unfair advantage . . . if not estopped." *New Hampshire v. Maine*, 532 U.S. at 750-51 (citations and internal quotation marks omitted).

In short, plaintiffs contend that Ariosa maintained a position "clearly inconsistent" with its invalidity arguments when Ariosa sought multiple times to have the Court stay these proceedings. Because Ariosa argued to the Court that the IPR proceedings stood to simplify this litigation through the application of statutory estoppel, plaintiffs seek to prevent Ariosa from now arguing that a narrower estoppel applies post-IPR. The Court finds plaintiffs' judicial estoppel argument unpersuasive. The Court sees nothing "clearly inconsistent" about Ariosa's arguments in support of staying this case and its desire to maintain its invalidity defenses moving forward. In a motion to stay filed on December 13, 2013, Ariosa did state that IPR estoppel would preclude it "from making complicated, technical invalidity arguments based on anticipation or obviousness under 35 U.S.C. §§ 102 and 103." Pls. Mot. to Strike (Dkt. No. 300) at 16 (citing Dkt. No. 103 at 23). Similarly, in its third motion to stay these proceedings, Ariosa stated that it was "estopped from asserting that the claims of the '430 Patent are invalid under 35 U.S.C § 102 or 103." Dkt.

---

[7] Roche once again asserts a different position because it was not a party to the litigation at the time Ariosa made the arguments plaintiffs rely on. The Court need not reach the issue of privity between Roche and Ariosa for purposes of judicial estoppel because, regardless, plaintiffs' judicial estoppel argument fails.

No. 207 at 23:18-19.  Even if Ariosa did state that such broad estoppel would apply, the Federal Circuit has only recently begun to clarify the scope of IPR estoppel, such that any inconsistency between Ariosa's previous and current positions is excusable.  *See Shaw*, 817 F.3d 1309.  Accordingly, the Court rejects plaintiffs' judicial estoppel argument.

## CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART plaintiffs' motion to strike.  Roche's motion for leave to file a sur-reply is DENIED.

This order resolves Dkt. Nos. 300, 316.

**IT IS SO ORDERED**.

Dated:   January 19, 2017

_____
SUSAN ILLSTON
United States District Judge

13