UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERINATA HEALTH, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> ARIOSA DIAGNOSTICS, INC, et al., <br><br> Defendants. | Case No. 12-cv-05501-SI <br><br> **ORDER DENYING ILLUMINA'S MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS** <br><br> Re: Dkt. No. 309 |

Before the Court is plaintiff Illumina Inc.'s motion for leave to amend its infringement contentions. Dkt. 309. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument and VACATES the hearing scheduled for February 17, 2017. For the reasons set forth below, the Court DENIES plaintiff's motion.

**BACKGROUND**

This consolidated patent infringement action currently involves two patents, U.S. Patent No. 8,318,430 (the "'430 Patent") and U.S. Patent No. 7,955,794 (the "'794 Patent" and, together with the '430 Patent, the "patents-in-suit"). Plaintiffs Illumina Inc. ("Illumina") and Verinata Health, Inc. ("Verinata" and, together with Illumina, "plaintiffs") accuse defendant Ariosa Diagnostics, Inc.'s ("Ariosa's")[1] Harmony Prenatal Test of infringing the patents-in-suit. After issuing claim construction orders construing the disputed terms of both the '430 Patent and the '794 Patent, *see* Dkts. 89, 199, the Court granted Ariosa's third motion to stay this case pending resolution of *inter partes* review ("IPR") of the patents-in-suit and certain appeals before the

---

[1] Ariosa is a wholly owned subsidiary of defendant Roche Molecular Systems, Inc. ("Roche" and, together with Ariosa, "defendants").

Federal Circuit.  Dkt. 229.  The Court lifted the stay on September 1, 2016.  Dkt. 278.  Shortly after lifting the stay, the Court set deadlines of March 3, 2017 for close of fact discovery, June 30, 2017 for close of expert discovery, and a trial date of October 2, 2017.  Dkt. 294.

Ariosa's Harmony Prenatal Test has two versions: an older sequencing-based version and a newer microarray-based version.  On September 30, 2016, following the lift of the stay, Illumina served Ariosa with infringement contentions for the newer microarray-based version of the Harmony test, setting forth Illumina's infringement theories under the '794 Patent.  Mot. (Dkt. 309) at 2.  On November 22, 2016, Ariosa supplemented its interrogatory responses and included extensive updates to its noninfringement contentions.  *Id*. at 3; Walter Decl., Ex. A (Dkt. 310-4), at 7-33.  On January 6, 2017, Illumina filed this motion, seeking leave from the Court to amend its September 30, 2016 infringement contentions based on Ariosa's supplemental noninfringement contentions.  Mot. at 3.

## LEGAL STANDARD

Patent Local Rule 3-6 provides:

> Amendment of the Infringement Contentions or the Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause. Non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause include:
>
> (a)  A claim construction by the Court different from that proposed by the party seeking amendment;
>
> (b)  Recent discovery of material, prior art despite earlier diligent search; and
>
> (c)  Recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions.

N.D. Cal. Patent L.R. 3-6.

"The local patent rules in the Northern District of California . . . requir[e] both the plaintiff and the defendant in patent cases to provide early notice of their infringement and invalidity contentions, and to proceed with diligence in amending those contentions when new information

comes to light in the course of discovery. The rules thus seek to balance the right to develop new information in discovery with the need for certainty as to the legal theories." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365–66 (Fed. Cir. 2006). In contrast to the more liberal policy for amending pleadings, "the philosophy behind amending claim charts is decidedly conservative, and designed to prevent the 'shifting sands' approach to claim construction." *LG Elecs. Inc. v. Q–Lity Computer Inc.*, 211 F.R.D. 360, 367 (N.D. Cal. 2002).

Accordingly, "[t]he moving party has the burden of demonstrating good cause." *Karl Storz Endoscopy-Am. v. Stryker Corp.*, No. 14-0876-RS (JSC), 2016 U.S. Dist. LEXIS 176876, at *7 (N.D. Cal. Dec. 21, 2016). Good cause exists where the moving party has acted diligently and the opposing party will not be prejudiced. *Id.* The moving party bears the burden of first establishing diligence. *O2 Micro*, 467 F.3d at 1355; *Radware Ltd. v. F5 Networks, Inc.*, No. 13–02021–RMW, 2014 WL 3728482, at *1 (N.D. Cal. July 28, 2014) ("The burden is on the movant to establish diligence rather than on the opposing party to establish lack of diligence."). Diligence consists of two steps: "(1) diligence in discovering the basis for amendment; and (2) diligence in seeking amendment once the basis for amendment has been discovered." *Monolithic Power Sys., Inc. v. Silergy Corp.*, No. 14-1745-VC (KAW), 2015 WL 5440674, at *2 (N.D. Cal. Sept. 15, 2015). "In considering the party's diligence, the critical question is whether the party could have discovered the new information earlier had it acted with the requisite diligence." *Radware*, 2014 WL 3728482, at *1.

"If the court finds that the moving party has acted with diligence, it must then determine whether the nonmoving party would suffer prejudice if the motion to amend were granted." *Apple Inc. v. Samsung Elecs. Co. Ltd*, No. 12-0630-LHK (PSG), 2013 WL 3246094, at *1 (N.D. Cal. June 26, 2013) (internal quotation marks omitted). "Prejudice is typically found when amending contentions stand to disrupt the case schedule or other court orders." *Karl Storz Endoscopy-Am.*, 2016 U.S. Dist. LEXIS 176876, at *8. However, when the moving party is unable to show diligence, there is "no need to consider the question of prejudice." *O2 Micro*, 467 F.3d at 1368.

/ / / / /

/ / / / /

**DISCUSSION**

Illumina seeks to amend its asserted claims to include four new doctrine of equivalents ("DOE") theories. Decl. Walter, Ex. C (Dkt. 310-8) at 2-15. Illumina's proposed amendments concern the claim 1 preamble, claim element 1(a), claim element 1(b), claim element 1(c), and claim element 1(f) of the '794 Patent. *Id*. Illumina's September 30, 2016 infringement contentions included DOE theories for the claim 1 preamble and for each claim element, but Illumina argues that it has good cause to supplement its infringement contentions with additional DOE theories because of positions asserted by Ariosa in its noninfringement contentions. *Id.*; Mot. at 1. Illumina contends that the "extensive" nature of Ariosa's noninfringement contentions, and the fact that Ariosa asserts some unexpected positions therein, support a finding of good cause to amend. Reply (Dkt. 323) at 1. Ariosa responds that Illumina knew or should have known of its proposed DOE theories no later than January 2015 based on previous fact discovery regarding the sequencing-based Harmony test. Opp'n (Dkt. 320) at 4. Ariosa argues that Illumina was not diligent because it failed to raise these DOE theories in its September 30, 2016 infringement contentions. *Id*.

The Patent Local Rules "are designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *Nova Measuring Instruments Ltd. v. Nanometrics, Inc.*, 417 F. Supp. 2d 1121, 1123 (N.D. Cal. 2006). Patent Local Rule 3-1(e) requires a party claiming patent infringement to include doctrine of equivalents claims in its infringement contentions. N.D. Cal. Patent L.R. 3-1(e). The purpose of this rule is to prevent "a running dialogue between the parties, with additions of theories as one side asserts that a particular argument is unsustainable." *Apple Inc.*, 2013 WL 3246094, at *3.

Illumina argues that the "triggering event" justifying leave to amend was "the service of Ariosa's 26-page set of non-infringement contentions." Mot. at 4. Service of noninfringement contentions, on its own, generally does not warrant granting leave to amend. *See Apple Inc.*, 2013 WL 3246094, at *4; *Fujifilm Corp. v. Motorola Mobility LLC*, No. 12-3587-WHO, 2015 U.S. Dist. LEXIS 21413, at *25 (N.D. Cal. Feb. 20, 2015). To warrant leave to amend, noninfringement contentions must typically disclose new or nonpublic information. *See Fujifilm*

4

*Corp.*, 2015 U.S. Dist. LEXIS 21413, at *25 ("Fujifilm offers no explanation of why these theories could not have been reasonably asserted at the beginning of this case, except to blame Motorola's failure to raise its noninfringement theories earlier.").

For example, in *Apple v. Samsung*, Samsung moved to amend its infringement contentions in order to add several DOE theories. *Id.* at *2. Samsung argued the proposed amendments were appropriate responses to arguments raised in Apple's noninfringement contentions. *Id.* The court rejected this argument, finding that Patent Local Rule 3-1 requires a party to state all viable theories in its infringement contentions. *Id.* at *4 ("Samsung should have provided its DOE theories in its contentions at the beginning of this case if it had a good-faith basis to assert them."). Apple's noninfringement contentions did not "justify Samsung's delay in asserting all of the infringement theories it reasonably believed it could assert." *Id.* Since Samsung had no other justification for amendment, the court denied its motion for leave to amend. *Id.*

Here, Illumina alludes to previously nonpublic information contained in Ariosa's noninfringement contentions, Mot. at 1, but neither identifies specific nonpublic information nor explains how the disclosure led to its new DOE theories.[2] Mot. at 3-5; Reply at 2-7. Rather than demonstrating that Ariosa's noninfringement contentions revealed certain nonpublic information about the accused product, *see* N.D. Cal. Patent L.R. 3-6(c), Illumina appears to argue that it was surprised by Ariosa's noninfringement theories. *See, e.g.*, Reply at 2 ("While Illumina knew that Ariosa's new product used a microarray and not sequencing, Illumina could not reasonably have been expected to know that Ariosa would make the extreme contention that sequencing is somehow required for detection."). Indeed, Illumina's proposed amendments are merely responsive to Ariosa's noninfringement contentions rather than raising theories based on previously unknown information. *See Apple, Inc.*, 2013 WL 3246094, at *2. Because Illumina fails to identify, for example, new nonpublic information in Ariosa's noninfringement contentions

---

[2] Illumina does point to specific differences between the sequencing version of the Harmony Test and the microarray version. *See, e.g.*, Reply at 6:6-8. However, Illumina fails to explain whether the differences were previously unknown to it, or why it lacked a good faith basis to assert the additional DOE theories in its September 30, 2016 contentions. *See id.* at 6-7; *Apple, Inc.*, 2013 WL 3246094, at *4.

5

1  that led to its proposed amendments, Illumina has not shown good cause to amend its claims.

2  Illumina's arguments to the contrary are not persuasive.  Illumina argues that it could not have reasonably expected certain noninfringement contentions because Ariosa's supplemental noninfringement contentions concerned the microarray version of the Harmony test.  Reply at 3-7.  Illumina argues it would have been unreasonable to rely on earlier discovery materials or scientific literature because these materials concerned the sequencing version of the Harmony test.  *Id*.  But Illumina has represented to the Court that the two versions of the Harmony test operate in largely the same way.  *See* Oct. 28, 2016 CMC Statement (Dkt. 290) at 5-6 ("Plaintiffs expect that this discovery will be minimal because the relevant portions of the microarray version of the test operates in largely the same way as prior versions of the Harmony test vis-à-vis infringement of the '794 patent."); *see also id.* ("Ariosa has already provided interrogatories and documents demonstrating that the microarray version of the Harmony test infringes in the same way as the prior version of the Harmony test.").  Additionally, Illumina claims that Ariosa asserted a position during *inter partes* review proceedings different from Ariosa's position in its November 22, 2016 noninfringement contentions.  Reply at 3.  However, Illumina again fails to show how Ariosa's purported change of position reveals new, nonpublic information about the microarray test.

17  Illumina cites the Court's previous decision in this consolidated action for the proposition that it must be "generally permissible for a patent owner to amend its infringement contentions upon receipt of new noninfringement contentions from the accused infringer."  Mot. at 4.  Illumina argues that leave should be granted because this Court previously stated it is "generally permissible for a party to amend its invalidity contentions in response to the patentee amending its infringement contentions."  *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.* No. 12-5501-SI, 2014 WL 1648175, at *1 (N.D. Cal. Apr. 23, 2014).  Because a party accused of infringement can amend noninfringement positions in response to the patentee's amendment of its infringement contentions, Illumina argues it would be "inequitable" to disallow a patentee from amending its infringement contentions in response to new noninfringement contentions.  Mot. at 4.  The Court disagrees.

28  The Court previously granted leave to amend *invalidity* contentions in response to a party's

6

amended infringement contentions. *Verinata*, 2014 WL 1648175, at *2. However, the Court did not suggest that a patentee should receive leave to amend upon service of supplemental noninfringement contentions. Indeed, Judge Grewal directly rejected that idea in *Apple v. Samsung*. *See* 2013 WL 3246094, at *2-3.

A party moving for leave to amend under Patent Local Rule 3-6 must demonstrate good cause. Illumina contends that Ariosa's noninfringement contentions constitute good cause to amend, but fails to identify previously nonpublic information contained in Ariosa's contentions. The Court need not allow "a running dialogue between the parties, with additions of theories as one side asserts that a particular argument is unsustainable." *Apple Inc.*, 2013 WL 3246094, at *3; *see id.* ("[P]arties should proffer all of the theories of infringement that they in good faith believe they can assert."). The Court finds that Ariosa's updated noninfringement contentions do not support a finding of good cause as Illumina has not demonstrated diligence in asserting its additional DOE theories. "Where the moving party was not diligent, the inquiry should end." *Fujifilm Corp.*, 2015 U.S. Dist. LEXIS 21413, at *22 (citations omitted). Absent good cause, the Court DENIES Illumina's motion for leave to amend.

## CONCLUSION

For the foregoing reasons, Illumina's motion for leave to amend is DENIED.

This order resolves Dkt. No. 309.

**IT IS SO ORDERED**.

Dated: February 14, 2017

_____
SUSAN ILLSTON
United States District Judge

7