UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VERINATA HEALTH, INC., et al.,

Plaintiffs,

v.

ARIOSA DIAGNOSTICS, INC, et al.,

Defendants.

Case No.  12-cv-05501-SI

**ORDER RE: DISCOVERY**

Re: Dkt. No. 336, 341

The Court is in receipt of two joint discovery statements from the parties. Dkt. Nos. 336, 341. In their first joint letter, the parties dispute whether plaintiffs should be entitled to take additional depositions of two Ariosa scientists, Drs. Zahn and Wang. Dkt. No. 336. In their second joint letter, the parties disagree as to where Ariosa should depose Dr. Fan, one of Illumina's 30(b)(6) designees – California or Hong Kong. Dkt. No. 341.

**I.      Zahn and Wang Depositions**

The parties first dispute whether plaintiffs should be able to re-depose Drs. Zahn and Wang, two of Ariosa's scientists. Joint Statement (Dkt. No. 336). Plaintiffs argue that when they previously deposed Drs. Zahn and Wang, they had no discovery regarding Ariosa's newer microarray Harmony test, which Ariosa released shortly before the Court stayed this case. Plaintiffs would now like an opportunity to depose Drs. Zahn and Wang as scientists directly involved in developing the microarray test. Ariosa opposes repeat depositions of Drs. Zahn and Wang because the company will be producing a corporate representative to testify, as Ariosa's 30(b)(6) designee, regarding technical details of the microarray-based Harmony test. Ariosa's position is, essentially, that plaintiffs had their chance. According to Ariosa, plaintiffs knew about the microarray test and asked questions about it in the previous depositions of Drs. Zahn and

United States District Court
Northern District of California

1    Wang.

2        "A party must obtain leave of court, and the court must grant leave to the extent consistent

3    with [Federal] Rule [of Civil Procedure] 26(b)(1) and (2)" if "the deponent has already been

4    deposed in the case[.]" Fed. R. Civ. P. 30(a)(2)(A)(ii).  "[T]he court must limit the frequency or

5    extent of discovery otherwise allowed . . . if it determines that:" (i) "the discovery sought is

6    unreasonably cumulative or duplicative, or can be obtained from some other source that is more

7    convenient, less burdensome, or less expensive"; (ii) "the party seeking discovery has had ample

8    opportunity to obtain the information by discovery in the action"; or (iii) the proposed discovery is

9    beyond the scope of Rule 26(b)(1).  *Id.* 26(b)(2)(C).

10       Although plaintiffs inquired about the microarray test in their previous depositions of Drs.

11   Zahn, Wang, and Oliphant, the questioning was fairly superficial and geared towards

12   understanding Ariosa's shift from the sequencing-based version to the microarray.  In light the

13   time that has passed since Drs. Zahn and Wang were last deposed[1] and Illumina's new discovery

14   regarding the microarray test, the Court finds that plaintiffs' request to depose Drs. Zahn and

15   Wang regarding the microarray test is reasonable.  Ariosa is hereby ordered to make Drs. Zahn

16   and Wang available for deposition for a maximum of four hours each.  Plaintiffs shall be limited

17   to asking about the microarray test and may not use this opportunity to reopen old topics.

18

19   **II.      Fan Deposition**

20       The parties next dispute where Ariosa should conduct the deposition of Dr. Fan, one of

21   Illumina's 30(b)(6) designees.  Joint Statement (Dkt. No. 341).  Ariosa would like to depose Dr.

22   Fan in person in California "or as a compromise, another convenient U.S. location."  *Id.* at 3.

23   Illumina insists that Ariosa should either travel to Hong Kong, where Dr. Fan is located, or

24   conduct the deposition from the United States via videoconference.  Dr. Fan no longer works for

25   Illumina and he "is not being compensated for his time working on this case."  *Id.*

26

27       [1] Dr. Zahn was last deposed in Fall 2014 and Dr. Wang in January 2015.  Following those

28   depositions, the case was stayed for approximately nineteen months, a stay obtained on Ariosa's
     motion, over plaintiffs' objection.

The Court has read the parties' joint statement in detail.  Because plaintiffs filed this action in the Northern District of California and plaintiffs designated Dr. Fan, who resides in Hong Kong, as a 30(b)(6) witness, Ariosa should be able to depose Dr. Fan, in person, in Northern California.  Although undoubtedly an inconvenience for Dr. Fan, asking one witness to travel rather than numerous lawyers is sensible.

The Court hereby orders Dr. Fan to appear for deposition in a "convenient U.S. location" of the parties' choosing.  If the parties cannot agree on an alternative U.S. location, it shall be San Francisco.  Because Ariosa will benefit from the convenience of deposing Dr. Fan in the United States, Ariosa is hereby ordered to pay Dr. Fan's roundtrip, business-class airfare for the journey.

This order resolves Dkt. Nos. 336, 341.

**IT IS SO ORDERED**.

Dated:  February 27, 2017

SUSAN ILLSTON
United States District Judge

3