UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERINATA HEALTH, INC., et al.,<br>Plaintiffs,<br>v.<br>ARIOSA DIAGNOSTICS, INC, et al.,<br>Defendants. | Case No. 12-cv-05501-SI<br><br>**ORDER RE: DISCOVERY**<br>Re: Dkt. No. 357, 360 |

The Court is in receipt of two joint discovery statements from the parties. Dkt. Nos. 357, 360. In the first joint letter, defendant Ariosa seeks an order compelling supplemental responses to its Requests for Admission ("RFA") Nos. 124-29. Dkt. No. 357. In the second joint letter, Ariosa seeks an order compelling Illumina's production of certain purportedly privileged documents. Dkt. No. 360.

## I. Requests for Admission Nos. 124-29

The parties first dispute whether Illumina's responses, supplemental responses, and corrected supplemental responses to Ariosa RFAs 124-29 comply with Federal Rule of Civil Procedure 36. Rule 36(a)(4) provides,

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4). Ariosa RFAs 124-29 aim to elicit responses tracking certain

representations and warranties Illumina gave in connection with its 2011 preferred equity investment in Ariosa. Illumina responded to the RFAs subject to various objections. In its responses, Illumina either denied the RFAs or admitted them with added context – namely, "as set forth in the parties' November 30, 2011 Stock Purchase Agreement with all of the qualifications contained therein." *See* Ex. B, Corrected Supplemental Responses to RFAs.

Illumina's responses are adequate under Rule 36. Ariosa is not entitled to different answers, nor does it need them. Ariosa has the Stock Purchase Agreement and the Sale and Supply Agreement on which it intends to base its license defense and contract counterclaims. Ariosa also has deposition testimony from Illumina's former CEO that allegedly "admit[s] without qualification that each of Illumina's representations in the Series B and Series C SPAs were truthful at the time they were made." Joint Statement at 3. Given the volume of RFAs served in this case – "roughly 350" – the Court will not compel different responses to these six. Having reviewed the parties' joint statement and Illumina's responses to RFAs 124-29, the Court **DENIES** Ariosa's request for an order compelling amended responses.

## II. Privileged Documents

The parties next dispute whether Illumina should be compelled to immediately produce certain purportedly privileged documents related to inventorship of U.S. Patent No. 7,955,794 (the "'794 patent"). In essence, Illumina will argue that assignor estoppel bars Ariosa from asserting invalidity because Drs. Stuelpnagel and Oliphant, two of the seven named inventors on the '794 patent, were at one point Ariosa senior executives. Ariosa seeks production of all documents – privileged or otherwise – concerning inventorship of the '794 patent in order to try to show that Drs. Oliphant and Stuelpnagel were erroneously named as inventors. If Oliphant and Stuelpnagel were not inventors, Illumina's assignor estoppel defense will fail. Ariosa argues that to the extent it seeks production of any privileged documents, Illumina has waived the privilege by asserting assignor estoppel.

As an initial matter, and for the avoidance of doubt, Illumina may not itself rely on any privileged documents in this case that it does not produce to Ariosa. If Illumina intends to use any

such documents, it must provide them to Ariosa. That being said, the Court is not convinced that Illumina's assignor estoppel defense amounts to a waiver of the attorney-client privilege as to documents regarding inventorship. *See Bittaker v. Woodford*, 331 F.3d 715, 719-20 (9th Cir. 2003). This is not the typical instance in which a party has placed the only relevant documents squarely at issue by asserting a claim or defense. Indeed, Ariosa has "direct access" to Drs. Stuelpnagel and Oliphant, former Ariosa employees, to gather information regarding their involvement in inventing the '794 patent. Ariosa has already deposed two co-inventors, Drs. Kuhn and Shen, and was scheduled to depose another co-inventor, Dr. Fan, on April 11, 2017.[1] In addition, Illumina has produced "laboratory notebooks and other non-privileged documents relating to the invention of the '794 patent, and Ariosa has never suggested any deficiencies in this area of Illumina's document production." Joint Statement at 4. On this record, the Court finds no waiver.

Ariosa further argues that certain documents listed on Illumina's privilege log do not involve attorneys and therefore are not privileged at all. The party asserting privilege must establish the existence of privilege. *United States v. Martin*, 278 F.3d 988, 999-1000 (9th Cir. 2002); Fed. R. Civ. P. 26(b)(5)(A). The asserting party must "describe the nature of the documents[ or] communications . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A); *see Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1148 (9th Cir. 2005). "[C]laims of privilege may pass muster despite an inadequate privilege log." *Apple Inc. v. Samsung Elecs. Co, Ltd.*, 306 F.R.D. 234, 237 (N.D. Cal. 2015) (citation omitted). "Briefs, declarations or other proof may establish the purpose of the communication or the specific role of the sender and each individual recipient." *Id.*

Here, the privilege log alone does not aid the Court in resolving the issue of privilege. Ariosa references specifically Entries 7-9, 17, 611, 613, 616, 622, 625, 633-35, 2820-22, and 2912 on the privilege logs attached as Exhibits 1 and 2 to the parties' joint statement, and states that

---

[1] If the parties continued Dr. Fan's deposition as they allude to in their joint statement, Ariosa will nevertheless depose Dr. Fan in short order.

3

these entries as "do not involve attorneys." Joint Statement at 2. Entries 622 and 625, however, clearly state that the privileged documents reflect the request for, or substance of, legal advice from a specific attorney: John Murphy. Most entries Ariosa identifies describe the privileged communication as something along the lines of "[e]mail and attachment(s) reflecting legal advice from Illumina legal department re: invention disclosure form." *See* Entries 7-9, 17, 611, 613, 616, 633-35, 2820-22, and 2912. The Court cannot discern from the privilege log which of these communications involve legal advice or otherwise contain privileged information.

In the interest of fairness, the Court hereby **ORDERS** Illumina to substantiate its claims of privilege only as to Entries 7-9, 17, 611, 613, 616, 633-35, 2820-22, and 2912. **Within ten days of the date of this order**, Illumina shall file "briefs, declarations or other proof . . . establish[ing] the purpose of the communication[s]" and "the specific role of the sender and each individual recipient." The Court will then determine, to the extent it is capable, whether the documents Ariosa identifies are privileged.

This order does not invite - or allow - additional privilege log challenges. Except for previously scheduled depositions, fact discovery closed on April 3, 2017.

This order resolves Dkt. Nos. 357, 360.

**IT IS SO ORDERED**.

Dated: April 11, 2017

_____
SUSAN ILLSTON
United States District Judge

4