UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERINATA HEALTH, INC., et al., <br> Plaintiffs, <br> v. <br> ARIOSA DIAGNOSTICS, INC, et al., <br> Defendants. | Case No. 12-cv-05501-SI <br><br> **ORDER RE: MOTIONS TO SEAL** <br> Re: Dkt. Nos. 361, 363 |

The Court is in receipt of two administrative motions to seal: (i) Ariosa's motion to file under seal two excerpts of Illumina privilege logs, Dkt. No. 361; and (ii) Illumina's administrative motion to file under seal some 1,100 pages of Ariosa privilege logs, Dkt. No. 363.

With the exception of a narrow range of documents that are "traditionally kept secret," courts begin their sealing analysis with "a strong presumption in favor of access." *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1135 (9th Cir. 2003). When applying to file documents under seal in connection with a dispositive motion, or a motion "more than tangentially related to the merits of a case," *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1101 (9th Cir. 2016), the submitting party bears the burden of "articulating compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal citations and quotation marks omitted). Generally, however, when a party seeks to seal documents attached to a non-dispositive motion only tangentially related to the merits of a case, a showing of "good cause" under Federal Rule of Civil Procedure 26(c) is sufficient. *Id.* at 1179-80; *Ctr. for Auto Safety*, 809 F.3d at 1099 (9th Cir. 2016); Fed. R. Civ. P. 26(c).

These motions to seal are governed by the lower "good cause" standard. To make the

1 lower showing of good cause, the moving party must make a "particularized showing" that
2 "'specific prejudice or harm'" will result if the information is disclosed. *Kamakana*, 447 F.3d at
3 1180, 1186; *accord Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11
4 (9th Cir. 2002). "Broad allegations of harm, unsubstantiated by specific examples of articulated
5 reasoning," are insufficient to establish good cause. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966
6 F.2d 470, 476 (9th Cir. 1992).

With respect to both motions to seal, the moving party seeks to seal information solely because the opposing party has designated that information highly confidential under the parties' protective order. Pursuant to Civil Local Rule 79-5(e), if a submitting party seeks "to file under seal a document designated as confidential by the opposing party . . . or a document containing information so designated by an opposing party," "[w]ithin 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." N.D. Cal. Civil L.R. 79-5(e). Illumina has not done so with respect to docket number 361; Ariosa has not done so with respect to docket number 363.[1] **If either designating party wishes to have the privilege log excerpts sealed, it must submit a declaration under Civil L.R. 79-5(d)(1)(A) within 7 days of the date of this order**.

**IT IS SO ORDERED**.

Dated: May 25, 2017

SUSAN ILLSTON
United States District Judge

---

[1] On the Court's review, the privilege logs do not appear to reveal any confidential or sensitive information. Indeed, the purpose of a privilege log is to identify the documents withheld, and the reason(s) for withholding them, without divulging any privileged information.