UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERINATA HEALTH, INC., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ARIOSA DIAGNOSTICS, INC, et al.,<br><br>    Defendants. | Case No. 12-cv-05501-SI<br><br>**ORDER RE: MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 379, 363, 361 |

The Court is in receipt of two administrative motions to seal: (i) Ariosa's motion to file under seal two excerpts of Illumina privilege logs, Dkt. No. 361; and (ii) Illumina's administrative motion to file under seal some 1,100 pages of Ariosa privilege logs, Dkt. No. 363. In both instances, the party who designated these items as privileged submitted a declaration pursuant to Civil Local Rule 79-5(e).[1] Dkt. Nos. 367, 368.

With the exception of a narrow range of documents that are "traditionally kept secret," courts begin their sealing analysis with "a strong presumption in favor of access." *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1135 (9th Cir. 2003). When applying to file documents under seal in connection with a dispositive motion, or a motion "more than tangentially related to the merits of a case," *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016), the submitting party bears the burden of "articulating compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal citations and quotation marks omitted). Generally, however, when a party seeks to seal documents attached to a

---

[1] The Court's previous order, Dkt. No. 379, inadvertently disregarded these declarations.

1  non-dispositive motion only tangentially related to the merits of a case, a showing of "good cause"
2  under Federal Rule of Civil Procedure 26(c) is sufficient. *Id.* at 1179-80; *Ctr. for Auto Safety*, 809
3  F.3d at 1099 (9th Cir. 2016); Fed. R. Civ. P. 26(c).

These motions to seal are governed by the lower "good cause" standard. To make the lower showing of good cause, the moving party must make a "particularized showing" that "'specific prejudice or harm'" will result if the information is disclosed. *Kamakana*, 447 F.3d at 1180, 1186; *accord Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning," are insufficient to establish good cause. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

The Court has reviewed declarations from the designating parties, filed at docket numbers 367 and 368. In both instances, the parties seek to seal privilege logs because they include "identities of specific attorneys and law firms with whom" the parties have consulted, "and the timing and description of such communications with counsel[] is not otherwise public information and is irrelevant." *See* Moses Decl. (Dkt. No. 367) ¶ 2. The designating parties state that "[t]here is no basis for the public dissemination of this information." *See id.*

Counsel's declarations seemingly assume a presumption in favor of sealing "irrelevant" materials filed in a public proceeding, rather than "a strong presumption in favor of access." *Foltz*, 331 F.3d at 1135. The Court finds that the parties have not demonstrated good cause to seal these materials. The parties have not made a particularized showing of prejudice or harm that will result from public dissemination of the privilege logs. *See Kamakana*, 447 F.3d at 1180, 1186. **The parties are hereby directed to file unredacted versions of these exhibits within 7 days of this order**.

This order resolves Dkt. Nos. 361, 363.

**IT IS SO ORDERED**.

Dated: June 12, 2017

_____
SUSAN ILLSTON
United States District Judge