UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERINATA HEALTH, INC., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ARIOSA DIAGNOSTICS, INC, et al.,<br><br>    Defendants. | Case No. 12-cv-05501-SI<br><br>**ORDER RE ADMINISTRATIVE MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 394, 397, 398, 399, 403, 405, 421, 423, 425, 427, 429, 432, 435, 436, 447, 449, 452, 453, 454, 457, 471 |

In support of their motions for summary judgment, motions to strike, and motions to preclude testimony, the parties submitted numerous administrative motions to file certain materials under seal. With the exception of a narrow range of documents that are "traditionally kept secret," courts begin their sealing analysis with "a strong presumption in favor of access." *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1135 (9th Cir. 2003). When applying to file documents under seal in connection with a dispositive motion, or a motion "more than tangentially related to the merits of a case," *Ctr. for Auto Safety v. Chrysler Grp.,* LLC, 809 F.3d 1092, 1101 (9th Cir. 2016), the submitting party bears the burden of "articulating compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal citations and quotation marks omitted). Generally, however, when a party seeks to seal documents attached to a non-dispositive motion only tangentially related to the merits of a case, a showing of "good cause" under Federal Rule of Civil Procedure 26(c) is sufficient. *Id.* at 1179-80; *Ctr. for Auto Safety*, 809 F.3d at 1099 (9th Cir. 2016); Fed. R. Civ. P. 26(c).

The Court has reviewed each of the administrative motions and finds that the parties have articulated compelling reasons to seal the majority of the requested materials. However, in some instances, one party has sought to seal certain materials solely because they were designated as confidential by the other party, but the other party's supporting declaration provides that the material need not be sealed. *See, e.g.*, Dkt. No. 474 ¶¶ 5, 6. To this extent, the motions to seal are DENIED. The remainder of the motions are GRANTED. The Court further notes that defendant has sought to seal additional portions of materials submitted by plaintiffs. *See* Dkt. Nos. 460, 471. These requests are GRANTED.

**IT IS SO ORDERED**.

Dated: January 5, 2018

_____
SUSAN ILLSTON
United States District Judge