1   IRELL & MANELLA LLP
    David I. Gindler (117824)
2   dgindler@irell.com
    Alan J. Heinrich (212782)
3   aheinrich@irell.com
    Lisa S. Glasser (223406)
4   lglasser@irell.com
    Sandra L. Haberny (260977)
5   shaberny@irell.com
    1800 Avenue of the Stars, Suite 900
6
    Los Angeles, California 90067-4276
7   Telephone:      (310) 277-1010
    Facsimile:      (310) 203-7199
8

9   Attorneys for Defendant and
    Counterclaim-Plaintiff
10  ARIOSA DIAGNOSTICS, INC.

11                          UNITED STATES DISTRICT COURT

12                       NORTHERN DISTRICT OF CALIFORNIA

13                            SAN FRANCISCO DIVISION

14  VERINATA HEALTH, INC.,                  )   Lead Case No. 3:12-cv-05501-SI
                                            )   Case No. 3:14-cv-01921-SI
15              Plaintiff and               )   Case No. 3:15-cv-02216-SI
                Counterclaim-Defendant,     )
16                                          )   **ARIOSA DIAGNOSTICS, INC.'S BRIEF**
                                            )   **IN SUPPORT OF ITS OBJECTION TO**
17          vs.                             )   **PLAINTIFFS' PROPOSED**
                                            )   **INTRODUCTION OF DEPOSITION**
18  ARIOSA DIAGNOSTICS, INC.,               )   **TESTIMONY OF XIANG-DONG FU**
                                            )   **FROM POST-GRANT PROCEEDINGS**
19              Defendant and               )   **AT TRIAL**
                Counterclaim-Plaintiff.     )
20                                          )   Judge:  Hon. Susan Illston
    ILLUMINA, INC.,                         )
21                                          )
                Plaintiff and Counterclaim- )
22              Defendant                   )
                                            )
23          vs.                             )
                                            )
24  ARIOSA DIAGNOSTICS, INC.,               )
                                            )
25              Defendant and Counterclaim- )
                Plaintiff.                   )
26                                          )

27

28

1    ILLUMINA, INC.,                                    )
                                                        )
2                Plaintiff and Counterclaim-            )
                 Defendant                              )
3                                                       )
             vs.                                        )
4                                                       )
     ARIOSA DIAGNOSTICS, INC.,                          )
5                                                       )
                 Defendant and Counterclaim-            )
6                Plaintiff.                             )
                                                        )
7                                                       )

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Ariosa Diagnostics, Inc. hereby submits this brief in support of its objection to the

2  introduction of irrelevant, hearsay statements from Xiang-Dong Fu, Ph.D. Plaintiffs intend to

3  present Dr. Fu's statements about a *different* assay through its expert, Gregory Cooper, Ph.D., as

4  purported support for Dr. Cooper's infringement opinions. Dr. Fu's statements are hearsay for

5  which no exception applies, irrelevant, and would be highly prejudicial, confusing, and

6  misleading. Fed. R. Evid. 402, 403, 802, 805. Additionally, it is improper as Dr. Fu lacks

7  percipient knowledge and has not been designated as either a fact or expert witness in this case.

8  Fed. R. Evid. 602, 702, 703.

9    During an IPR proceedings regarding the '794 patent, Ariosa presented expert opinions

10  from Dr. Fu. As part of his role, he did not receive or become familiar with the functionality or

11  details of the Harmony Prenatal Test. Yet, Plaintiffs intend to use Dr. Fu's testimony *speculating*

12  on the way in which a *different* assay of a solution of DNA into which streptavidin beads and

13  probes are introduced to argue that this same order occurs in Harmony's assay. This is improper.

14    First, Dr. Fu's testimony is irrelevant. Dr. Fu was not speaking about the Harmony test and

15  did not know the conditions under which the Harmony test is or was performed. Dr. Fu even

16  qualified his statement as limited to the particular assay about which he was speaking—stating,

17  "[i]n this *particular* case, Streptavidin, Biotin direction will take place first." Ex. 1 (Pls.

18  Demonstrative) at slide 83; Ex. 2 (Fu Depo. Tr.) at 198:12-13. Rather than being in reference to

19  the Harmony Test, Dr. Fu's statement was in regard to an assay described in a patent application

20  filed jointly by UCSD and Illumina—the '946 application. Ex. 2 (Fu Depo. Tr.) at 194:3-4

21  (discussing experiments in "[Dr. Fu's] 2002 article"); *id*. at 194:14 ("[Dr. Fu's] '946 application");

22  *id*. at 196:14-15 ("In *this* assay, *we* – based on *our* design, *we* envisioned this process…").

23  Plaintiffs do *not* even allege that the assay being discussed by Dr. Fu and the Harmony Test assay

24  are run under the same conditions, which the same ratios of DNA, resulting in the same kinetics

25  and biological activity. Dr. Fu did not have any percipient knowledge of the Harmony Test, and

26  his testimony—even if qualified as a witness in this case, which he is not—is inadmissible as

27  unreliable. *See Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 590 (1993); *M.H. v. County of*

28  *Alameda*,  No. 11-cv-02868-JST, 2015 U.S. Dist. LEXIS 12081, at *6 (N.D. Cal. Feb. 1, 2015)

ARIOSA'S BRIEF IN SUPPORT OF OBJECTION TO
INTRODUCTION OF DEPOSITION TESTIMONY OF
XIANG-DONG FU
10420801

- 1 -

Case No. 3:12-cv-05501-SI
Case No. 3:14-cv-01921-SI
Case No. 3:15-cv-02216-SI

1   ("Expert testimony based on mere 'subjective belief or unsupported speculation' is

2   inadmissible.").

3        Second, Dr. Fu's testimony is highly prejudicial. Plaintiffs wish to present his speculative

4   testimony based on a hypothetical to the jury as an expert opinion, even captioning the testimony

5   as being by an "Ariosa Expert Witness." Ex. 1 (Pls. Demonstrative) at slide 83. Dr. Fu lacked any

6   familiarity with the Harmony Test at the time of his deposition and was *not* discussing the

7   Harmony Test, yet Plaintiffs attempt to present his testimony as being specifically *directed*

8   towards the Harmony Test. Statements concerning the biochemical function of one assay, ("… In

9   this particular case, Streptavidin, Biotic direction will take place first."), is not probative of the

10  biological activity of a different assay (*i.e.*, the Harmony Prenatal Test).

11       Dr. Fu is neither a percipient or expert witness in this case. His statements are hearsay for

12  which there is no exception. Further, Plaintiffs did not include Dr. Fu in *any* Rule 26 disclosure

13  and Ariosa only first became aware that Plaintiffs were going to seek to present Dr. Fu's testimony

14  at trial on November 13, 2017, well after the close of fact and expert discovery. Plaintiffs since

15  dropped Dr. Fu from their witness list, but now intend to present Dr. Fu's testimony to the jury as

16  an "Ariosa Expert Witness." But Ariosa did not designate Dr. Fu as a witness in this case, he has

17  not testified at trial, *See* FRE 801, 402, 701, 702; *Kirk v. Raymark Industries, Inc.*, 61 F.3d 147,

18  164 (3d Cir. 1995) (non-testifying expert testimony is inadmissible hearsay); *Macuba v. Deboer*,

19  193 F.3d 1316, 1323 (11th Cir. 1999) (holding same), and the statements do not even pertain to

20  the functionality of the assay at issue in this case. Fed. R. Evid. 402, 403, 602, 703. Finally, Dr.

21  Cooper's alleged reliance on Dr. Fu's statements does not make them admissible. Dr. Cooper is

22  merely repeating Dr. Fu's out-of-context statement and improperly connecting them to Harmony

23  Test. This is misleading and prejudicial.

24       Ariosa therefore objects to the admission of Dr. Fu's testimony under Rules 402, 403, 602,

25  702, 703, 802, and 805 of the Federal Rules of Evidence.

26

27

28

ARIOSA'S BRIEF IN SUPPORT OF OBJECTION TO
INTRODUCTION OF DEPOSITION TESTIMONY OF
XIANG-DONG FU
10420801                              - 2 -

Case No. 3:12-cv-05501-SI
Case No. 3:14-cv-01921-SI
Case No. 3:15-cv-02216-SI

1   Dated:  January 14, 2018

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

IRELL & MANELLA LLP


By:  /s/ Sandra L. Haberny
     Attorneys for Defendant and Counterclaim-
     Plaintiff ARIOSA DIAGNOSTICS, INC.

ARIOSA'S BRIEF IN SUPPORT OF OBJECTION TO
INTRODUCTION OF DEPOSITION TESTIMONY OF
XIANG-DONG FU
10420801                              - 3 -

Case No. 3:12-cv-05501-SI
Case No. 3:14-cv-01921-SI
Case No. 3:15-cv-02216-SI