EDWARD R. REINES (Bar No. 135960)
edward.reines@weil.com
DEREK C. WALTER (Bar No. 246322)
derek.walter@weil.com
WEIL, GOTSHAL & MANGES LLP
Silicon Valley Office
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

ROBERT T. VLASIS III (admitted *pro hac vice*)
robert.vlasis@weil.com
WEIL, GOTSHAL & MANGES LLP
Washington DC Office
2001 M Street, NW, Suite 600
Washington, DC 20036
Telephone: (202) 682-7000
Facsimile: (202) 857-0940

Attorneys for Plaintiffs and Counterclaim Defendants
ILLUMINA, INC. and VERINATA HEALTH, INC.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| VERINATA HEALTH, INC., and THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY<br><br>Plaintiffs and Counterclaim-Defendants,<br><br>v.<br><br>ARIOSA DIAGNOSTICS, INC., and LABORATORY CORPORATION OF AMERICA HOLDINGS,<br><br>Defendants and Counterclaim-Plaintiffs.<br><br>ILLUMINA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ARIOSA DIAGNOSTICS, INC.,<br><br>Defendant. | Case No. 3:12-cv-05501-SI (consolidated with Case No. 3:14-cv-01921-SI and Case No. 3:15-cv-02216-SI)<br><br>**PLAINTIFFS ILLUMINA, INC. AND VERINATA HEALTH, INC.'S OPPOSITION TO DEFENDANT ARIOSA DIAGNOSTICS, INC,'S MOTION TO PRECLUDE THE TESTIMONY OF MR. JAMES E. MALACKOWSKI RE: LOST TEST FEES**<br><br>Judge: Hon. Susan Illston |

1  ILLUMINA, INC.,
2              Plaintiff,
3        v.
4  ARIOSA DIAGNOSTICS, INC., AND ROCHE MOLECULAR SYSTEMS, INC.,
5              Defendants.

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I. INTRODUCTION

Defendant Ariosa Diagnostics, Inc.'s ("Ariosa") motion to preclude the testimony of Mr. Malackowski concerning Illumina Inc.'s ("Illumina") lost test fees fails on both the facts and the law. The Federal Circuit's opinion in *Warsaw Orthopedic, Inc. v. NuVasive, Inc.* ("*Warsaw*") does not prohibit recovery of lost royalties. 778 F.3d 1365 (Fed. Cir. 2015). Even if it did, the holding would not apply: Illumina's lost test fees are lost revenues from the sale of products and services—not "royalties." Dr. Bird's and Dr. Naclerio's testimony do not establish otherwise, and another witness on this subject matter—Jeff Eidel—has not yet been heard. Ariosa's motion should therefore be denied.

## II. ARGUMENT

### A. *Warsaw* Does Not Prohibit The Recovery Of Lost "Royalties"

Ariosa argues that the Federal Circuit's opinion in *Warsaw* prohibits Illumina from recovering "lost royalty payments" because "lost profits must come from the lost sales of a product or service the patentee itself was selling." D.I. 583 at 1. Setting aside for the moment Ariosa's misdescription of Illumina's lost test fees as "royalties," Ariosa misperceives the *Warsaw* case. Nowhere in *Warsaw* did the Federal Circuit hold that lost royalties are never recoverable as lost profits. The issue in *Warsaw* was much more focused—namely, the recoverability of royalties from the plaintiff's *related entities*. *Warsaw*, 778 F.3d at 1376. This is especially evident given *Warsaw*'s reliance on *Poly-America v. GSE Lining Tech., Inc.*, which likewise limited its holding to the recoverability of profits lost by sister entities. 383 F.3d 1303 (Fed. Cir. 2004).

Here, Illumina's lost test fees are not from related entities—they are entirely from third parties pursuant to a well-developed licensing program. Ariosa does not dispute this. *Warsaw* and *Poly-America* are therefore inapposite.

Ariosa neglects the most direct authority  The Federal Circuit has expressly held that, in the context of a well-developed licensing program, a plaintiff as part of its lost profits recovery "is entitled to receive lost royalties (on amounts [plaintiff's] licensees would have paid 'but for' the

infringement)." *BIC Leisure Prods., Inc. v. Windsurfing Int'l, Inc.*, 1 F.3d 1214, 1219-20 (Fed. Cir. 1993); *see also Nat'l Res. Labs. v. Eppert Oil Co.*, 104 F. Supp.2d 851, 860-61 (S.D. Oh. 2000) (finding that plaintiff could recover lost royalties as lost profits based on license agreement with party losing sales).

The *Warsaw* panel would be incapable of overturning *BIC Leisure Prods.*, even if that were what it purported to do. *See Newell Cos. v. Kenney Mfg. Co.*, 864 F.2d 757, 777 n.4 (Fed. Cir. 1988) ("The rule of the Federal Circuit is that we are bound by our prior decisions until they are overruled by a majority of the active judges sitting *in banc*.").[1] *BIC Leisure Prods.* forecloses Ariosa's requested relief.

### B. Plaintiffs' Lost Test Fees Are Not "Royalties"

Even if *Warsaw* were to apply, Illumina's lost profits are not precluded because they are lost test fees under equipment supply agreements that are part and parcel of the sale of products. The agreements themselves state exactly that:

> ***In consideration for the negotiated discounts on Supplied Products and Services provided in Exhibit A*** and the right to use Supplied Products for NIPT Use under Core IP, Customer agrees to pay Illumine a fee for each NIPT test performed by Customer, its Affiliates, Joint Ventures, or Business Units and reported to a patient, doctor, other authorized person or referring laboratory, wherein the data for the NIPT test result was generated, in whole or in part, ***through Customer's use of any Supplied Product or Existing Hardware*** ("NIPT Test Fee").

*See* Trial Ex. 670 [Quest Supply Agreement] at § 4.5(a) (emphasis added).

Dr. Bird's testimony does not establish otherwise. The excerpted testimony Ariosa identifies conveys a prospective licensing opportunity that Dr. Bird proposed to Illumina before it even acquired Verinata—it in no way demonstrates how Illumina actually structured any of its

---

[1] *Rite-Hite Corp. v. Kelley Co.* did not overrule *BIC Leisure Prods.* either. 56 F.3d 1538 (Fed. Cir. 1995). That case addressed whether patentees that are not practicing a patent can still recover lost profits. *Id.* at 1549-50. It held that they could. *Id.* It did not address whether lost royalties can be recovered as lost profits, which is the facts of *BIC Leisure Prods.* That is why the court in *Nat'l Res. Labs* also allowed the recovery of lost royalties as lost profits after *BIC Leisure Prods.* and *Rite-Hite*.

supply agreements with third parties. *See* Trial Tr. (1/9/18) at 225:9-17 (testifying that the royalty opportunity conveyed in Trial Ex. 248 reflects Verinata's pre-acquisition proposal to Illumina).

Ariosa similarly presents Dr. Naclerio's trial testimony wholly out of context. Illumina was attempting to elicit from Dr. Naclerio the type of royalty structure that Illumina would have requested in a hypothetical negotiation for the '794 Patent, a critical element for the jury to compute reasonable royalties for Ariosa's infringement. *See* Trial Tr. (1/10/18) at 458:12-15 ("Q. Now, when Ariosa first launched the Harmony™ test in 2012, *if you had been licensing the '794 patent*—just accept that assumption—*what is the type of royalty structure that you would have expected?*"). Upon Ariosa's objection to this question, Illumina re-framed it to discuss the structure of Illumina's current supply agreements. But the context of the hypothetical negotiation was clear. Moreover, in response to counsel's question, at no point did Dr. Naclerio characterize Illumina's test fees as royalties. To the contrary, as the testimony Ariosa excerpts makes clear, Dr. Naclerio testified that a "royalty based on sales" was the "*alternative*" structure that Illumina *did not* pursue. Trial Tr. (1/10/18) at 459:2-4. Thus, none of the "evidence" Ariosa identifies justifies exclusion of Mr. Malackowski's opinions, even if *Warsaw* limited the type of damages Illumina can recover.[2]

### C.   Ariosa's Motion Is Premature Because Not All The Evidence Has Been Heard

Even if it did have merit, Ariosa's motion should be denied as premature because testimony from Jeff Eidel is expected to confirm that Illumina's test fees represent fees for access to equipment and consumables and a right to use the products it sells in particular ways. Mr. Eidel is Vice President for Corporate Development at Illumina and has been highly involved in negotiating supply agreements with Illumina's customers in the NIPT space for the sale of sequencing equipment and reagents. Mr. Eidel knows well what Illumina's test fees represent and therefore should be heard on this issue.

---

[2] Ariosa's citation to Mr. Reines' attorney argument is not evidence and places too much emphasis on semantics.

### III. CONCLUSION

Ariosa's motion should be denied. *Warsaw* does not restrict lost profits to the exclusion of lost royalties, and *BIC Leisure Prods.* confirms the availability of such lost royalties. Even if *Warsaw* did apply, Ariosa's evidence falls flat.

Dated: January 15, 2018                    Respectfully submitted,


                                           WEIL, GOTSHAL & MANGES LLP

                                           By:   */s/ Edward R. Reines*
                                                      Edward R. Reines

                                           *Attorneys for Plaintiffs and Counterclaim Defendants*
                                           ILLUMINA, INC. and VERINATA HEALTH, INC.