United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERINATA HEALTH, INC., ET AL., <br> Plaintiffs, <br> v. <br> ARIOSA DIAGNOSTICS, INC, et al., <br> Defendants. | Case No. 12-cv-05501-SI <br><br> **ORDER RE CLARIFICATION** <br> Re: Dkt. No. 720 |

Currently before the Court is plaintiffs' letter seeking clarification of the Court's July 19, 2018 Order on the parties' post-trial motions. Dkt. No. 705. Specifically, plaintiffs request the Court clarify its decision regarding plaintiffs' request for pre-and post-judgment interest so that the record is complete for appeal. Dkt. No. 720.

On January 26, 2018 the Court signed a judgment that was entered on January 29, 2018 in favor of plaintiffs, Verinata Health Inc., et al. and against defendants, Ariosa Diagnostics Inc., et al. Dkt. No. 642. The Court recognized the "unique posture" of this case, caused by the parties' stipulation that all equitable questions would be resolved post-trial, and found plaintiffs' arguments regarding assignor estoppel timely. Dkt. No. 705 at 51:23-24. Given the outstanding equitable questions, the Court recognizes that the judgment issued after trial was not final since equitable issues were not resolved. Therefore, the Court will now consider plaintiffs' outstanding motion for pre-and post-judgment interest on the merits.

\*

## DISCUSSION

**I.  Pre-Judgment Interest**

35 U.S.C. § 284 provides that "[u]pon finding for the claimant the court shall award the

claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer." 35 U.S.C. § 284. "As a rule, 'prejudgment interest should be awarded under [35 U.S.C. § 284] absent some justification for withholding such an award.'" *Whitserve, LLC v. Computer Packages, Inc.*, 694 F.3d 10, 36 (Fed. Cir. 2012) (citing *Gen. Motors Corp. v. Devex Corp.*, 461 U.S. 648, 657 (1983)). "An award of prejudgment interest carries out Congress's 'overriding purpose of affording patent owners complete compensation' since a patentee's damages also include the 'forgone use of the money between the time of infringement and the date of judgment.'" *Id.* (citing *Gen. Motors Corp.*, 461 U.S. at 655–56). Defendants do not contest that pre-judgment interest is appropriate, only that it is untimely. *See* Dkt. No. 685. The Court finds that plaintiffs' motion for pre-judgment interest was timely and GRANTS plaintiffs' motion for pre-judgment interest.

The Court "has wide latitude in selection of interest[.]" *See Uniroyal, Inc. v. Rudkin–Wiley Corp.*, 939 F.2d 1540, 1545 (Fed. Cir. 1991); *Gyromat Corp. v. Champion Spark Plug Co.*, 735 F.2d 549, 556–57 (Fed. Cir. 1984) (holding that "[a] trial court is afforded wide latitude in the selection of interest rates"). Plaintiffs ask the Court to calculate pre-judgment interest on the jury verdict using the prime interest rate, compounded quarterly, from the dates of first infringement.[1] Plaintiffs submit a table of applicable prime rates ranging from 3.25% to 4.50%, "for a total amount to be later determined subject to an accounting." Dkt. No. 662 at 10; 13:3. Defendants ask the Court to apply the Treasury bill rate, compounded annually, and to defer the issue of accounting until after appeal. Dkt. No. 685 at 8:1-5.

The Court finds that the 52-week Treasury Bill rate is appropriate. The Treasury Bill rate has been accepted and employed by many courts in patent cases as a reasonable method of placing a patent owner in a position equivalent to where it would have been had there been no infringement. *Apple, Inc. v. Samsung Elecs. Co.*, 67 F. Supp. 3d 1100, 1122 (N.D. Cal. 2014), *aff'd*, 816 F.3d 788 (Fed. Cir. 2016), *vacated in part on reh'g en banc*, 839 F.3d 1034 (Fed. Cir.

---

[1] Plaintiffs ask the Court to calculate interest for the '430 Patent from the date the patent issued, November 27, 2012, and to calculate the interest for the '794 Patent from the date of first sale of the Harmony Test, March 31, 2012.

2

2016), and *aff'd*, 839 F.3d 1034 (Fed. Cir. 2016); *Mars, Inc. v. Coin Acceptors, Inc.*, 513 F. Supp. 2d 128, 134 (D.N.J. 2007) (citing *Hoechst Celanese Corp. v. BP Chemicals Ltd.*, 846 F.Supp. 542, 550–51 (S.D.Tex.1994) ("[T]he Court is mindful that the purpose of pre-judgment interest is solely to compensate the patentee for the lost use of the royalty income he should have been paid. Accordingly, the Court finds the T-bill rate to the be appropriate standard.") (sic), aff'd, 78 F.3d 1575 (Fed.Cir.1996)). In *Apple*, the court declined to apply a higher rate because there was no evidence that the plaintiff borrowed money at a higher rate. *Apple*, 67 F. Supp. 3d 1121–22 (N.D. Cal. 2014)(citing *Laitram Corp. v. NEC Corp.*, 115 F.3d 947, 955 (Fed.Cir.1997) (upholding the Treasury Bill rate where the was no evidence of "a causal connection between any borrowing and the loss of the use of the money awarded as a result of the infringement."). Here, plaintiffs have not presented evidence suggesting it needed to borrow money because it was deprived of the damages award. Accordingly, the Court awards plaintiffs pre-judgment interest at the 52-week Treasury Bill rate.

As to compounding, the Federal Circuit has explained that "the determination whether to award simple or compound interest [ ] is a matter largely within the discretion of the district court." *Gyromat Corp. v. Champion Spark Plug Co.,* 735 F.2d 549, 557 (Fed. Cir. 1984). Courts "have recognized that compounding is necessary to fully compensate the patentee." *Sealant Sys. Int'l, Inc. v. TEK Global S.R.L.,* No. 5:11–CV–00774–PSG, 2014 WL 1008183, at *6 (N.D. Cal. Mar. 7, 2014) (citation omitted). *Apple, Inc*., 67 F. Supp. 3d at 1122. The Court is unconvinced that quarterly compounding is necessary and awards plaintiffs annual compounding pre-judgment interest. When the appeal of this case is resolved and the final damages amount settled, this Court will award plaintiffs pre-judgment interest at the 52-week Treasury Bill rate, compounded annually. In the interests of judicial economy, the Court will calculate the pre-judgment interest after appeal, when the final amount of the judgment is known.

## II. Post-Judgment Interest

28 U.S.C.A. §1961 sets the standard for post-judgment interest in all federal civil cases and provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a

3

district court." 28 U.S.C.A. §1961(a). Defendants do not contest that plaintiff is entitled to post-judgment interest. Dkt. No. 685 at 6:1-15. The Court therefore GRANTS plaintiffs' motion for post-judgment interest. 28 U.S.C.A §1961 sets post-judgment interest "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding" which is "computed daily to the date of payment except as provided in section 2516(b) of this title and section 1304(b) of title 31, and shall be compounded annually." 28 U.S.C.A §1961(a)-(b). The Court will award plaintiffs the statutory rate and will calculate the post-judgment interest after appeal, when the final amount of the judgment is known.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS plaintiffs' motion for pre-judgment interest and GRANTS plaintiffs' motion for post-judgment interest. Accounting is reserved for a later date after the appeal is final.

**IT IS SO ORDERED**.

Dated: October 4, 2018

SUSAN ILLSTON
United States District Judge